E-filing

1  Venkat Balasubramani
   venkat@balasubramani.com
2  (State Bar No. 189192)
   **BALASUBRAMANI LAW**
3  8426 40th Ave. SW
   Seattle, Washington 98136
4  (206) 529-4827 phone
   (206) 260-3966 fax
5  Attorneys for Defendant Carolyn Pestano

ORIGINAL FILED
OCT 25 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

AT&T MOBILITY II, LLC,

    Plaintiff,

vs.

CAROLYN PESTANO,

    Defendant.

No. C07-05463

**NOTICE OF REMOVAL**

TO:    **The Clerk of the Court;**

AND TO:    **Plaintiff, AT&T Mobility II, LLC (and its counsel);**

AND TO:    **The Clerk of the Alameda County Superior Court.**

PLEASE TAKE NOTICE that Defendant CAROLYN PESTANO ("Pestano"), hereby exercises her rights under Title 28 U.S.C. § 1441, *et seq.*, to remove this action from the Superior Court in the State of California in and for the County of Alameda, to this Court.

**GROUNDS FOR REMOVAL**

<u>Subject Matter Jurisdiction</u>: This Court has original jurisdiction of this action because the requirements for diversity jurisdiction are satisfied. The parties are diverse, and the amount in controversy exceeds $75,000.00. Thus, the requirements of 28 U.S.C. § 1332 are satisfied. Removal is therefore proper. *See* 28 U.S.C. § 1441.

-1-

NOTICE OF REMOVAL

1      <u>Diversity</u>:  As set forth in the Complaint, Plaintiff AT&T Mobility II, LLC is a Delaware
2  LLC.  Pestano is a Washington resident.
3      <u>Amount in Controversy</u>:  The Complaint seeks in excess of $130,000.
4      <u>Timeliness</u>:  The Complaint was filed on September 28, 2007.  This Notice of Removal
5  has been filed within thirty (30) days of filing of the lawsuit and within thirty (30) days of
6  service.
7      <u>Venue</u>:  Pestano is entitled to remove this case to the United States District Court for the
8  Northern District of California.  Venue is proper because the Complaint was filed in Alameda
9  County Superior Court.  *See* 28 U.S.C. § 1441(a).  A copy of the Summons and Complaint is
10 attached as **Exhibit A.**
11     <u>Notice to State Court</u>: A stamped conformed copy of this document will be filed in
12 Alameda County Superior Court, providing notice of removal.
13
14     DATED this 24th day of October, 2007.

Respectfully Submitted,

BALASUBRAMANI LAW

By: _____
Venkat Balasubramani, Cal. Bar No. 189192

**Attorney for Carolyn Pestano**

# EXHIBIT A

SUMMONS AND COMPLAINT IN THE SUPERIOR COURT ACTION

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ronald J. Kohut, Esq. (Bar # 66463)<br>Kohut & Kohut LLP<br>3554 Round Barn Boulevard, Suite 204, Santa Rosa, CA 95403<br>TELEPHONE NO.: (707) 573-3100  FAX NO. (Optional): (707) 573-3101<br>E-MAIL ADDRESS (Optional): ron@kohutlaw.com<br>ATTORNEY FOR (Name): Plaintiff AT&T Mobility II, LLC | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>STREET ADDRESS: 24405 Amador Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Hayward 94544<br>BRANCH NAME: Hayward Hall of Justice | |
| PLAINTIFF/PETITIONER: AT&T Mobility II, LLC<br>DEFENDANT/RESPONDENT: Carolyn Pestano | CASE NUMBER:<br>HG07348774 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [X] Alternative Dispute Resolution (ADR) package
   d. [X] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
      Carolyn Pestano

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:

4. Address where the party was served: 216 30th Avenue S
   Seattle, WA 98144

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:      (2) at *(time)*:
   b. [ ] **by substituted service.** On *(date)*:     at *(time)*:     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:      from *(city)*:      or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10<br>*LexisNexis® Automated California Judicial Council Forms* |

| PLAINTIFF/PETITIONER: AT&T Mobility II, LLC | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Carolyn Pestano | |

5. c. [X] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                            (2) from *(city):*

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [X] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

[ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [X] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [ ] On behalf of *(specify):*
    under the following Code of Civil Procedure section:
    [ ] 416.10 (corporation)     [ ] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)     [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)     [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)     [ ] 416.90 (authorized person)
    [ ] 416.50 (public entity)     [ ] 415.46 (occupant)
                                              [ ] other:

7. **Person who served papers**
  a. Name: Kit Russo
  b. Address: 3554 Round Barn Boulevard, Suite 204, Santa Rosa, CA 95403
  c. Telephone number: (707) 573-3100
  d. **The fee** for service was: $
  e. I am:
    (1) [X] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ ] a registered California process server:
      (i) [ ] owner [ ] employee [ ] independent contractor.
      (ii) Registration No.:
      (iii) County:

8. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] **I am a California sheriff or marshal** and I certify that the foregoing is true and correct.

Date: September 28, 2007

Kit Russo                                             ▶ /s/ Kit Russo
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                             (SIGNATURE)

09/28/2007 FRI 17:11 FAX 5108350510 ADS OAKLAND                          ☐003/004
SEP-28-2007 10:57 AM   KOHUT&KOHUT LLP            707 573 3101           P. 02/15

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):
Ronald J. Kohut, Esq. (State Bar # 66463)
Kohut & Kohut LLP
3554 Round Barn Boulevard, Suite 204, Santa Rosa, CA 95403
TELEPHONE NO.: (707) 573-3100    FAX NO.: (707) 573-3101
ATTORNEY FOR (Name): Plaintiff AT&T Mobility II, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ALAMEDA
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

**CASE NAME:** AT&T Mobility II, LLC v. Pestano

**FOR COURT USE ONLY**
ENDORSED
FILED
ALAMEDA COUNTY
SEP 28 2007
CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

**CASE NUMBER:** HG07348774

| CIVIL CASE COVER SHEET | | Complex Case Designation | |
|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[X] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): TWO (2)
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: September 28, 2007

Ronald J. Kohut, Esq.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

File by Fax

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

F. ADDENDUM TO CIVIL CASE COVER SHEET

*Unified Rules of the Superior Court of California, County of Alameda*

| Short Title: AT&T Mobility v. Pestano | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ ] Oakland, Rene C. Davidson Alameda County Courthouse (446)    [xx] Hayward Hall of Justice (447)    [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI/PD/WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI/PD/WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [xx] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   Is the deft. in possession |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   of the property? |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   [ ] Yes  [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes  [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)        A-13

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CAROLYN PESTANO, an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AT&T MOBILITY II, LLC, a Delaware limited liability company

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

SEP 28 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

File by Fax

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
  Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>Hayward Hall of Justice Branch<br>24405 Amador Street, Hayward, CA 94544 | CASE NUMBER:<br>*(Número del Caso):*<br>HG 07348774 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ronald J. Kohut, Esq. (Bar # 66463)        Phone No.: (707) 573-3100
Kohut & Kohut LLP                          Fax No.: (707) 573-3101
3554 Round Barn Boulevard, Suite 204, Santa Rosa, CA 95403

DATE:                       Clerk, by _____, Deputy
*(Fecha)* SEP 28 2007  Pat S. Sweeten  *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*LexisNexis® Automated California Judicial Council Forms*

Ronald J. Kohut, Esq. (SBN 66463)
Sarah K. Kohut, Esq. (SBN 197655)
KOHUT & KOHUT LLP
3554 Round Barn Blvd., Suite 204
Santa Rosa, California 95403
Telephone: (707) 573-3100
Facsimile: (707) 573-3101

Attorneys for Plaintiff
AT&T MOBILITY II, LLC

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 8 2007

CLERK OF THE SUPERIOR COURT
By Tasha Perry, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

HAYWARD HALL OF JUSTICE

AT&T MOBILITY II, LLC, a Delaware limited liability company,

Plaintiff,

v.

CAROLYN PESTANO, an individual,

Defendant.

Case No. HG 07348774

COMPLAINT FOR ENFORCEMENT OF GUARANTY AND BREACH OF GUARANTY

Plaintiff AT&T MOBILITY II, LLC ("AT&T") alleges:

## GENERAL ALLEGATIONS

**A.  The Parties; Jurisdiction; Venue**

1. AT&T is a Delaware limited liability company, authorized to do business in California, headquartered in Atlanta, Georgia, and formerly known as Cingular Wireless II, LLC.

2. Defendant Carolyn Pestano ("PESTANO") is a resident of Seattle, Washington.

3. Upon information and belief, AT&T alleges, that PESTANO is, and at all times mentioned in this Complaint was, the CEO and sole shareholder of Viva Wireless, Inc. ("VIVA"), a California corporation, with its principal place of business at 3521 Investment Blvd., Suite 2, Hayward, California.

1

COMPLAINT FOR ENFORCEMENT OF GUARANTY AND BREACH OF GUARANTY

4.  Venue is proper in this Court by virtue of the facts that: (1) the contract at issue in this Action was entered into and to be performed in this Judicial District; (2) PESTANO was doing business in this Judicial District at the time she entered into the contract; (3) the acts giving rise to this Complaint occurred in this Judicial District; (4) with the exception of PESTANO, the principal witnesses to the acts giving rise to this Complaint reside or work in this Judicial District; and (5) the agreed choice of law for the resolution of this dispute is California.

B.  **The Advance Payment Agreement**

5.  On or about January 1, 2006, Viva and AT&T entered into an Exclusive Dealer Agreement ("Dealer Agreement"), which authorized Viva to offer and sell wireless service from approved retail locations.

6.  In connection with the Dealer Agreement, AT&T and Viva also entered into an "Advance Payment Agreement" ("APA"), whereby AT&T advanced a certain sum to Viva ("Advance") and Viva promised to repay such sum on a monthly basis.

C.  **The Dealer Principal Personal Guaranty**

7.  In order to induce AT&T to make the Advance to Viva under the APA, PESTANO, executed a "Dealer Principal Personal Guaranty" ("Guaranty"). A true and correct copy of the Guaranty is attached as Exhibit "A."

8.  Under the terms of the Guaranty, PESTANO "unconditionally and absolutely guarantee[d] to [AT&T] the prompt and full payment and/or performance of any and all of [Viva's] obligations under the APA, including payment in full of the Advance."

9.  Pursuant to Section 1 of the Guaranty "[i]n the event [PESTANO] fails to make any payment due [AT&T] when due, or to perform any other obligation guaranteed by [PESTANO] hereunder in a timely manner, [PESTANO] shall be deemed in default under this Guaranty, and [AT&T] may, in addition to any other remedies available to [AT&T] at law or in equity, immediately declare all amounts due and owing [AT&T] by [PESTANO] to be immediately due and payable."

10.     Pursuant to Section 2 of the Guaranty, "[t]he Guaranty is absolute, continuing, and unlimited for the benefit of [AT&T] and its successors and assigns, and [AT&T] [is] not [ ] required to proceed first, or at all against DEALER [Viva] or against any other person, firm, or corporation, or against any collateral or other security for payment or performance of the Obligations before resorting to the Guarantor."

11.     Pursuant to Section 4 of the Guaranty, "GUARANTOR [PESTANO] agree[s] that GUARANTOR's [PESTANO's] responsibilities under the terms of this Guaranty shall not be released, diminished, impaired or affected by the occurrence of one or more of the following events. . .

  d. The death, insolvency, bankruptcy, disability or termination of GUARANTOR [PESTANO] or of any one or more of the persons comprising DEALER [Viva], or the dissolution, receivership, or reorganization of DEALER [Viva]. . .
  f. (f) Any neglect, delay, omission, failure or refusal by [AT&T] to take or prosecute any action for the collection of DEALER'S [Viva's] or GUARANTOR'S [PESTANO's] obligations hereunder, or [AT&T's] failure to commence any action to foreclose upon any security or collateral given by DEALER [Viva] or GUARANTOR [PESTANO] therefore;
  h. The unenforceability or uncollectability of all or any part of the obligations against DEALER [Viva] for any reason, it being agreed that GUARANTOR [PESTANO] shall remain liable hereon regardless of whether DEALER [Viva] or any other person shall be found not liable with respect to the obligations or any part thereof...

12.     Pursuant to Section 5 of the Guaranty, the Guaranty remains "in full force and effect until the amount owed to [AT&T] under the APA . . . is paid in full."

13.     Pursuant to Section 2 of the Guaranty, "GUARANTOR [PESTANO] shall pay any and all reasonable attorney's fees and other reasonable costs and expenses which may be incurred by [AT&T] in the enforcement of this Guaranty.

14.     AT&T has been required to engage and employ Kohut & Kohut LLP, to commence and prosecute this action, to enforce AT&T's rights under the Guaranty, and to recover damages and other relief resulting from PESTANO's breach of the Guaranty.

3

COMPLAINT FOR ENFORCEMENT OF GUARANTY AND BREACH OF GUARANTY

1  Accordingly, AT&T is entitled to recover its reasonable attorneys' fees and other reasonable
2  costs and expenses incurred in this Action.
3  **D.   Viva's Breach of the APA and PESTANO's Breach of the Guaranty.**
4      15.    On or about, April 5, 2007, Viva informed AT&T that it was ceasing business.
5      16.    At the time Viva ceased business, $130,000.00 remained outstanding under the
6  APA. Viva has not paid any portion of this sum to AT&T.
7      17.    By letter dated April 17, 2007, AT&T declared all amounts owing under the
8  APA and Guaranty to be immediately due and payable.
9      18.    By letter dated July 17, 2007, AT&T again demanded payment of all amounts
10 due and payable under the APA and Guaranty.
11     19.    Through this Complaint, AT&T again demands payment of all amounts due and
12 payable under the APA and Guaranty.
13     20.    PESTANO has not paid any portion of the $130,000.00 that remains outstanding
14 under the APA and Guaranty.

## FIRST CAUSE OF ACTION

(Enforcement of Guaranty)

17     21.    AT&T repeats and realleges paragraphs 1 through 20, inclusive.
18     22.    In order to induce AT&T to make the Advance to Viva under the APA, on or
19 about October 3, 2006, at Hayward, California, Viva's CEO, PESTANO, for valuable
20 consideration, executed the Guaranty in favor of AT&T.
21     23.    Under the terms of the Guaranty, PESTANO "unconditionally and absolutely
22 guarantee[d] to [AT&T] the prompt and full payment and/or performance of any and all of
23 [Viva's] obligations under the APA, including payment in full of the Advance."
24     24.    AT&T accepted the Guaranty, and, in reliance thereon, advanced the sum
25 specified in the APA to Viva.
26     25.    AT&T has fully and faithfully performed all terms, conditions, covenants and
27 promises on its part to be performed in accordance with the APA and Guaranty, excepting only
28

such performance as has been excused, discharged and/or exonerated by virtue of the acts, omissions, and unlawful acts of PESTANO and Viva.

26. Viva has breached the APA by failing to repay the Advance as required by the APA. AT&T has suffered, and will in the future continue to suffer, monetary damages in an amount to be proven at the time of trial but reasonably believed to be no less than $130,000. Pursuant to the Guaranty PESTANO is obligated to pay AT&T for such damages. Additionally, pursuant to Section 2 of the Guaranty, AT&T is entitled to recover its "reasonable attorney's fees and other reasonable costs and expenses" incurred in this action, in an amount to be proven pursuant to the California Code of Civil Procedure and Rules of Court. Finally, AT&T is entitled to recover pre-judgment interest on all sums owed under the Guaranty.

## SECOND CAUSE OF ACTION

(Breach of Guaranty)

27. AT&T repeats and realleges paragraphs 1 through 26, inclusive.

28. In order to induce AT&T to make the Advance to Viva under the APA, on or about October 3, 2006, at Hayward, California, Viva's CEO, PESTANO, for valuable consideration, executed the Guaranty in favor of AT&T whereby she unconditionally guaranteed payment to AT&T of all amounts owing under the APA.

29. AT&T accepted the Guaranty, and, in reliance thereon, advanced the sum specified in the APA to Viva.

30. AT&T has fully and faithfully performed all conditions precedent on its part to be performed in accordance with the Guaranty and APA, except for any obligations excused by Viva's or PESTANO's conduct or otherwise.

31. Viva has breached the APA by failing to repay the Advance as required by the APA. AT&T has suffered, and will in the future continue to suffer, monetary damages in an amount to be proven at the time of trial but reasonably believed to be no less than $130,000. PESTANO has breached the Guaranty by failing to pay to AT&T the sums owed by Viva under the APA.

32. As a direct consequence of PESTANO's breaches of the Guaranty, AT&T has been damaged in an amount according to proof, but in no event less than $130,000. Additionally, pursuant to Section 2 of the Guaranty, AT&T is entitled to recover its "reasonable attorney's fees and other reasonable costs and expenses" incurred in this action, in an amount to be proven pursuant to the California Code of Civil Procedure and Rules of Court. Finally, AT&T is entitled to recover pre-judgment interest on all sums owed under the Guaranty.

WHEREFORE, AT&T prays for judgment as follows:

### On the First Cause of Action

1. For the principal sum of $130,000.00;
2. For prejudgment interest at the legal rate on the sum of $130,000, accruing through the date of judgment;
3. For AT&T's reasonable attorneys' fees, costs, and expenses; and
4. For such other and further relief as the Court may deem just and proper.

### On the Second Cause of Action

1. For the principal sum of $130,000.00;
2. For prejudgment interest at the legal rate on the sum of $130,000, accruing through the date of judgment;
3. For AT&T's reasonable attorneys' fees, costs, and expenses; and
4. For such other and further relief as the Court may deem just and proper.

DATED: September 27, 2007

KOHUT & KOHUT LLP

By: _____
Ronald J. Kohut, Esq.
Sarah K. Kohut, Esq.
Attorneys for Plaintiff
AT&T Mobility II, LLC

6

COMPLAINT FOR ENFORCEMENT OF GUARANTY AND BREACH OF GUARANTY

-4-

1                             **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 24th day of October, 2007, I caused the foregoing **NOTICE OF REMOVAL** to be served via the methods listed below on the following parties:

**COUNSEL FOR PLAINTIFF**
(via US Mail)

    Ronald J. Kohut
    Kohut & Kohut LLP
    3554 Round Barn Blvd., Suite 204
    Santa Rosa, CA 95403

**with a copy filed in Alameda County Superior Court:**
(hand delivery)

    Alameda Superior Court
    24405 Amador Street 111 North Hill Street
    Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on October 24, 2007, at Seattle, Washington.

                                              _____
                                              Venkat Balasubramani

**NOTICE OF REMOVAL**