1  Ronald J. Kohut, Esq. (SBN 66463)
   *ron@kohutlaw.com*
2  Sarah K. Kohut, Esq. (SBN 197655)
   *sarah@kohutlaw.com*
3  KOHUT & KOHUT LLP
   3554 Round Barn Blvd., Suite 204
4  Santa Rosa, California  95403
   Telephone: (707) 573-3100
5  Facsimile:  (707) 573-3101

6  Attorneys for Plaintiff and Cross-Defendant
   AT&T MOBILITY II, LLC

7

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10  AT&T MOBILITY II, LLC, a Delaware limited      )   Case No. **CV 07-05463** WHA
    liability company,                             )
11                                                 )
                  Plaintiff,                       )
12                                                 )   **NOTICE OF MOTION AND
                                                   )   MOTION BY AT&T
13    v.                                           )   MOBILITY II, LLC TO
                                                   )   DISMISS THE FIRST,
14                                                 )   SECOND, FIFTH AND SIXTH
    CAROLYN PESTANO, an individual,                )   COUNTERCLAIMS OF
15                                                 )   CAROLYN PESTANO
                  Defendant.                       )   WITHOUT LEAVE TO
16                                                 )   AMEND [REDACTED]
                                                   )
17  AND RELATED COUNTERCLAIMS                      )   [Proposed Order, Declaration of
                                                   )   Marc Miguel and Motion to Seal
18                                                 )   filed Concurrently]
                                                   )
19                                                 )   **DOCUMENT SUBMITTED
                                                   )   UNDER SEAL  [SUBJECT TO
20                                                 )   A PENDING MOTION TO
                                                   )   FILE UNDER SEAL]**
21                                                 )
                                                   )   Date:  March 6, 2008
22                                                 )   Time: 8:00 a.m.
                                                   )   Courtroom: 9
23  _____  )

24

25

26

27

28

_____
**CASE NO. CV 07-05463 WHA:  NOT. OF MOT. AND MOT.  BY AT&T MOBILITY II,
LLC TO DISMISS THE 1ˢᵗ, 2ⁿᵈ, 5ᵗʰ AND 6ᵗʰ COUNTERCLAIMS OF PESTANO**

# TABLE OF CONTENTS

I.    INTRODUCTION AND ISSUES TO BE DECIDED .................................................2

II.   ARGUMENT .........................................................................................................2

    A.    The Legal Standard ........................................................................3

    B.    The First Counterclaim Fails to Allege a Breach of
           The SMF Release ...........................................................................4

    C.    The Second Counterclaim is Barred by the SMF
           Release ...........................................................................................5

    D.    The Fifth Counterclaim is Barred by the APA and
           Dealer Agreement ..........................................................................6

    E.    The Sixth Counterclaim Fails to State a Claim Because
           It Does Not, and Cannot, Allege a Remedy  ..................................8

           1.    The Remedies Sought by Pestano Are Not
                 Available Under the Sixth Counterclaim .............................9

           2.    Pestano Cannot Amend the Sixth Counterclaim
                 to Seek Remedies Available Under Section 17200 ..........10

III.  CONCLUSION.....................................................................................................11

i

# TABLE OF AUTHORITIES

## Cases

*Baldwin v. Marina City Properties, Inc.*,
79 Cal. App. 3d 689 (1970) ................................................................................................10

*Bank of the West v. Superior Court*,
2 Cal. 4th 1254 (1992) ..........................................................................................................9

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*,
20 Cal. 4th 163 (2000) ..........................................................................................................9

*Conley v. Gibson*,
355 U.S. 41 (2003)................................................................................................................7

*Cortez v. Purolator Air Filtration Products*,
23 Cal. 4th 163 (2000) ..........................................................................................................9

*Day v. AT&T Corporation*,
63 Cal. App. 4th 325 (1998) ..........................................................................................3, 11

*Donald v. Café Royale, Inc.*,
218 Cal. App. 3d 168 (1990) ..............................................................................................10

*Epstein v. Washington Energy Co.*,
83 F.3d 1136 (9th Cir. 1996).................................................................................................3

*Golden Eagle Refinery Company, Inc. v. Associated International Insurance Co.*,
85 Cal. App. 4th 300 (2001)...............................................................................................5

*Korea Supply Co. v. Lockeed Martin Corp.*,
29 Cal. 4th 1134 (2003)...................................................................................................9, 11

*Lazar v. Superior Court*,
12 Cal. 4th 631 (1996)...........................................................................................................7

*LePage v. City of Oakland*,
13 Cal. App. 3d 689 (1970)................................................................................................10

*Paul v. Milk Depots, Inc.*,
62 Cal. 2d 129 (1964) ...................................................................................................10, 11

*Ramirez v. United Airlines, Inc.*
416 F. Supp. 2d 792 (N.D. Cal. 2005) ................................................................................3

*Reichert v. General Insurance Co. of America,*
68 Cal. 2d 822 (2001) ............................................................................................................ 5

*Semiconductor Co. v. Wells Fargo Bank, Nat'l Ass'n,*
298 F.3d 768 (9th Cir. 2002) ................................................................................................. 3

*Small v. Fritz Companies, Inc.,*
30 Cal. 4th 167 (2003) .......................................................................................................... 7

*United States v. Ritchie,*
342 F.3d 903 (9th Cir. 2003) ................................................................................................. 4

*Van Buskirk v. Cable Network, Inc.,*
284 F.3d 977 (9th Cir. 2003) ................................................................................................. 4

## **Statutes**

Cal. Bus. & Prof. Code § 17204 .......................................................................................... 11
Fed. R. Civ. Proc. 12(b)(6) ............................................................................................ 2, 10

TO DEFENDANT AND CROSS-COMPLAINANT CAROLYN PESTANO AND HER

ATTORNEYS OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that on March 6, 2008 at 8:00 a.m., or as soon thereafter as

this matter may be heard, in Courtroom 9 of the United States District Court for the Northern

District of California, located at 450 Golden Gate Avenue, San Francisco, California 94102,

the Honorable William H. Alsup presiding, Plaintiff and Cross-Defendant AT&T Mobility II

LLC, will and does hereby move this Court for an Order Dismissing the First, Second, Fifth

and Sixth Counterclaims asserted by Carolyn Pestano ("Pestano"), without leave to amend.

This Motion will be made on the grounds that (1) the First Counterclaim for breach of

the "Settlement and Release Concerning Dealer's Pre-2/1/06 Total Subscriber Base" ("SMF

Release") fails to state a claim because it does not allege a breach of the SMF Release; (2) the

Second Counterclaim for breach of the "AT&T Wireless Exclusive Dealer Agreement" is

expressly barred by the terms of the SMF Release; (3) the Fifth Counterclaim for negligent

misrepresentation fails because Pestano cannot allege justifiable reliance because under the

"Advanced Payment Agreement" and "Cingular Wireless Exclusive Dealer Agreement"

Pestano's alleged assignor, Viva Wireless, Inc. ("Viva") explicitly represented and agreed

that it did not and would not rely upon the types of assertions which Pestano alleges

constitute the alleged negligent misrepresentations; and (4) the Sixth Counterclaim for

"Unfair Competition (§17200)" fails to state a claim because no remedy is available to

Pestano under such claim.

This Motion shall be based upon this Notice of Motion, the attached Memorandum of

Points and Authorities, the Declaration of Marc Miguel; the pleadings and records on file

herein and upon such other matters as may be presented to the Court at the time of the

hearing.

CASE NO. CV 07-05463 WHA:  NOT. OF MOT. AND MOT.  BY AT&T MOBILITY II,
LLC TO DISMISS THE 1st, 2nd, 5th AND 6th COUNTERCLAIMS OF PESTANO

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

### I.     INTRODUCTION AND ISSUES TO BE DECIDED

Plaintiff and Cross-Defendant AT&T Mobility II, LLC, ("AT&T Mobility") respectfully requests this Court to dismiss the First, Second, Fifth and Sixth Counterclaims asserted by Defendant and Cross-Complainant Carolyn Pestano ("Pestano"), without leave to amend, under Federal Rule of Civil Procedure 12(b)(6), for "failure to state a claim upon which relief can be granted."

The First Counterclaim for breach of the "Settlement and Release Concerning Dealer's Pre-2/1/06 Total Subscriber Base" ("SMF Release") must be dismissed, without leave to amend, because it does not allege a breach of the SMF Release. *See* Declaration of Marc Miguel ("Miguel Decl.") ¶ 5, Exh. C.

The Second Counterclaim for breach of the "AT&T Wireless Exclusive Dealer Agreement" ("Original Dealer Agreement") must be dismissed, without leave to amend, because it is barred by the express terms of the "release" provisions agreed to by Viva in the SMF Release. Miguel Decl. ¶ 5; Exh. C at section 2.

The Fifth Counterclaim for negligent misrepresentation must be dismissed, without leave to amend, because Pestano cannot allege justifiable reliance – a necessary element of a negligent misrepresentation claim. Specifically, under the express provisions of the "Advanced Payment Agreement" ("APA") and "Cingular Wireless Exclusive Dealer Agreement" ("Dealer Agreement") Pestano's alleged assignor, Viva Wireless, Inc. ("Viva") explicitly represented and agreed that it did not and would not rely upon the types of assertions which Pestano alleges caused Viva to enter into the APA for the purpose of opening new retail locations. Miguel Decl. ¶¶ 4 and 6, Exh. B at section 2.3.6 and 3.1, Exh. D at sections 1 and 13.

---

[1]     The following portions of this Memorandum of Points and Authorities are the subject of a concurrently filed motion to seal: page 4 at lines 16-25; page 5 at lines 6-8 and 25-28, page 6 at lines 1-6 and 10-17; page 7 at lines 12-15, 21-22, and 24-28; and page 8 at lines 1-6.

**CASE NO. CV 07-05463 WHA:  NOT. OF MOT. AND MOT.  BY AT&T MOBILITY II, LLC TO DISMISS THE 1st, 2nd, 5th AND 6th COUNTERCLAIMS OF PESTANO**

The Sixth Counterclaim asserted by Pestano is a claim for violation of California Business & Professions Code Section 17200 *et. seq.* ("Section 17200"). *See* Counterclaims at ¶¶ 60-67. None of the remedies Pestano seeks for the alleged violation of Section 17200 are available. Further, the Sixth Counterclaim cannot be amended to seek either of the two remedies afforded by Section 17200 – injunctive relief or restitution – because the Counterclaims complain of past acts that cannot be enjoined and the allegations set forth in the Counterclaims reveal that neither Pestano, nor Viva gave to AT&T Mobility, money or property "to which it was not entitled." *Day v. AT&T Corporation*, 63 Cal. App. 4th 325, 340 (1998); Counterclaims ¶¶ 60-67.

Accordingly, AT&T Mobility respectfully requests that this Court dismiss the First, Second, Fifth and Sixth Counterclaims without leave to amend.

## II.     ARGUMENT

### A.     The Legal Standard.

A motion to dismiss under Rule 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45, 78 S. Ct. 99, 2 L. Ed. 2d 80 -- 46 (1957). On the other hand, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Dismissal without leave to amend is proper only if the complaint cannot be cured by amendment. *Oki Semiconductor Co. v. Wells Fargo Bank, Nat'l Ass'n*, 298 F.3d 768, 772 (9th Cir. 2002).

*Ramirez v. United Airlines, Inc.*, 416 F. Supp. 2d 792, 795 (N.D. Cal. 2005). "Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2003). If,

**CASE NO. CV 07-05463 WHA:  NOT. OF MOT. AND MOT.  BY AT&T MOBILITY II, LLC TO DISMISS THE 1st, 2nd, 5th AND 6th COUNTERCLAIMS OF PESTANO**

1  however, the claims alleged are based upon contracts not attached to the pleadings, the court

2  may utilize the doctrine of incorporation to consider the contracts upon which the claims are

3  based. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document

4  is not attached to a complaint, it may be incorporated by reference into a complaint if the

5  plaintiff refers extensively to the document or the document forms the basis of the plaintiff's

6  claim."); *Van Buskirk*, 284 F.3d at 980. Here, this Court may consider the Original Dealer

7  Agreement, Dealer Agreement, SMF Agreement and APA under the doctrine of

8  incorporation because these agreements form the basis for each of Pestano's Counterclaims.

9  **B.**    **The First Counterclaim Fails to Allege a Breach of the SMF Release.**

10         The First Counterclaim for breach of the SMF Release must be dismissed because it

11  fails to allege an actionable breach.

12         The First Counterclaim alleges that AT&T Mobility breached the SMF Release by

13  failing to pay Viva "$735,833.44." Counterclaims ¶¶ 31-32. The SMF Release, however,

14  does not require AT&T Mobility to pay Viva $735,883.44. Miguel Decl. Exh. C at Section

15  1. Under the SMF release, Viva was to be paid:

16

17

18

19                                    **Redact**

20

21

22

23

24

25

26  *Id.* (Emphasis added). Viva admits that it terminated the Dealer Agreement. Counterclaims

27  ¶¶ 25-27. The Counterclaims fail to allege that AT&T Mobility did not pay Viva the One

28

4

1    Time Payment of $192,152.64 or any of the Monthly Payments while the Dealer Agreement

2    was operable. *See* Counterclaims.

3         As there is no allegation that AT&T Mobility did not pay Viva the One Time Payment

4    of $192,152.64 or any of the Monthly Payments while the Dealer Agreement was operable,

5    the Counterclaims admit that Viva terminated the Dealer Agreement (Counterclaims at ¶ 27),

6    and the SMF Release explicitly states

7                                          **Redact**

8              (Miguel Decl Exh. C at Section 1), there is no basis for the claim that the

9    SMF Release "required AT&T to pay the Company [Viva] $735,883.44" (Counterclaims at

10   ¶¶ 31-32) and thus, no ground for the alleged breach of the SMF Release.  Without a breach

11   of the SMF Release, the First Counterclaim fails and must be dismissed.  *Reichert v. General*

12   *Insurance Co. of America*, 68 Cal. 2d 822, 830 (1968) (The elements of a cause of action for

13   breach of contract are: a valid contract; plaintiff's performance or excuse for non-

14   performance; defendant's breach; and resulting damage); *Golden Eagle Refinery Company,*

15   *Inc. v. Associated International Insurance Co.*, 85 Cal. App. 4th 1300, 1308-1309 (2001).

16   **C.    The Second Counterclaim is Barred by the SMF Release.**

17        The Second Counterclaim alleges breach of the Original Dealer Agreement for failure

18   "to pay [Viva] certain compensation based on subscription revenues for subscribers enrolled

19   by the Company."  Counterclaims ¶¶ 36-37.  This claim is explicitly barred by the terms set

20   forth in Section 2 ("Release") of the SMF Release.  *See* Miguel Decl. ¶ 5, Exh. C at sections

21   2 and 3.

22        The SMF Release was entered into by Viva and AT&T Mobility's predecessor,

23   Cingular Wireless II, LLC, following the acquisition of AT&T Wireless Services, Inc.  *See*

24   Miguel Decl. ¶ 5, Exh. C.  Under the SMF Release, Viva and Cingular Wireless II, LLC:

25

26                                          **Redact**

27

28

**CASE NO. CV 07-05463 WHA:  NOT. OF MOT. AND MOT.  BY AT&T MOBILITY II, LLC TO DISMISS THE 1st, 2nd, 5th AND 6th COUNTERCLAIMS OF PESTANO**

1

2

3                                **Redact**

4

5

6

7   Miguel Decl. Exh. C at "Background", ¶ 2.  In other words, the SMF Release settled all

8   claims concerning "compensation based on subscription revenues for all subscribers enrolled

9   by [Viva]" (Counterclaims ¶ 36) under the Original Dealer Agreement.  *Id.*

10          Section 2 of the SMF Release sets forth the release and states:

11

12

                                **Redact**
13

14

15                              Miguel Decl. Exh. C, Section 2.

16          The claim set forth in the Second Counterclaim is a claim

17                **Redact**                          *Id.* and Counterclaims ¶ 36-37.

18  Accordingly, the Second Counterclaim is barred by the release set forth in the SMF Release

19  and must be dismissed, without leave to amend.

20  **D.     The Fifth Counterclaim is Barred by the APA and Dealer Agreement.**

21          The Fifth Cause of Action for Negligent Representation must be dismissed, without

22  leave to amend, because it is barred by the express terms of the APA and Dealer Agreement.

23  *See* Miguel Decl. ¶¶ 4 and 6, Exh. B at 2.6.3 and 3.1 and Exh. D at sections 1 and 13.

24          "'The elements of fraud, which gives rise to the tort action for deceit, are (a)

25  misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of

26  falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance;

27  and (e) resulting damage.' (*Lazar v. Superior Court* (1996) 12 Cal.4th 631, 638 [49 Cal. Rptr.

28

                                      6

1  2d 377, 909 P.2d 981].  The tort of negligent misrepresentation does not require scienter or

2  intent to defraud." *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167, 173-174 (2003).

3      The Fifth Counterclaim alleges

4          AT&T failed to disclose the extent of harm caused by the competing

5          dealer in the Northern California market and the fact that the market

6          could not support the concentration of dealers and owned and operated

7          stores AT&T had in place.  AT&T further failed to disclose the extent

8          of action it would take with respect to the competing Northern

9          California dealer.  AT&T was under a legal duty to disclose such facts

10         to Company.

11 Counterclaims at ¶ 54.

12     The context of this allegation is Viva's borrowing of money under the APA to

13                              **Redact**

14

15     Miguel Decl. ¶ 6, Exh. D at section 1.

16     In order to state a claim for negligent misrepresentation, Pestano must prove that Viva

17 "justifiably relied" upon the alleged assurances of AT&T Mobility.  *Small*, 30 Cal. 4th at 173.

18 While Pestano alleges that Viva "justifiably relied" upon "AT&T's express or implied

19 assurances" (Counterclaims ¶ 57), the Dealer Agreement specifically prohibits such reliance

20 by Viva.  Miguel Decl. ¶ 4, Exh. B at sections 2.6.3 and 3.1.

21     Section 3.1 of the Dealer Agreement states:

22                **Redact**           Miguel Decl. ¶ 4, Exh. B at sections 3.1.

23 Further, in section 2.6.3:

24

25                           **Redact**

26

27

28

7

**Redact**

Miguel Decl. ¶ 4, Exh. B at section 2.6.3. These provisions specifically prohibit Viva from relying upon any statements made by AT&T Mobility in connection with the choice of a retail location or decision to build-out or renovate a retail location. *Id.*

Because the APA and Dealer Agreement prohibit Pestano from alleging justifiable reliance, the Fifth Counterclaim must be dismissed without leave to amend.

**E.    The Sixth Counterclaim Fails to State a Claim Because It Does Not, and Cannot, Allege a Remedy.**

The Sixth Counterclaim for alleged violation of Section 17200 fails because it seeks remedies unavailable under Section 17200 (damages, exemplary damages, attorney's fees and declaratory relief) and cannot seek any remedy available under Section 17200 (restitution and injunctive relief). As there is no remedy available to Pestano for the alleged violation of Section 17200, the Sixth Counterclaim fails and must be dismissed. As Pestano cannot amend the Sixth Counterclaim to seek an available remedy, the Sixth Counterclaim should be dismissed without leave to amend.

*1.    The Remedies Sought by Pestano Are Not Available Under the Sixth Counterclaim.*

In the Sixth Counterclaim, Pestano alleges that AT&T Mobility violated Section 17200. *See* Counterclaims, ¶¶ 60-67. The remedies Pestano seeks for such alleged violation are "damages," "exemplary damages," "[a]ttorney's fees under . . . California's Unfair Competition Law," and "[a] declaration that AT&T engaged in unfair competition." Counterclaims, ¶ 67 ("AT&T's unfair business practices harmed the Company and caused the

**CASE NO. CV 07-05463 WHA:  NOT. OF MOT. AND MOT.  BY AT&T MOBILITY II, LLC TO DISMISS THE 1st, 2nd, 5th AND 6th COUNTERCLAIMS OF PESTANO**

1   Company damage") and "Relief Requested by Pestano" ¶¶ 5 and 7-9. Not one of these

2   remedies is available here.

3       It is well settled that damages and/or exemplary damages are not available under

4   Section 17200. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144

5   (2003) ("A UCL action is equitable in nature; damages cannot be recovered"); *Cortez v.*

6   *Purolator Air Filtration Products*, 23 Cal. 4th 163, 173 (2000) ("[D]amages are not available

7   under section 17203"); *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone*

8   *Co.*, 20 Cal. 4th 163, 179 (1999) ("Plaintiffs may not receive damages, much less treble

9   damages, or attorney fees"); *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1266

10  (1992) ("[D]amages are not available under section 17203").

11      It is equally well established that attorney's fees are not recoverable under Section

12  17200. *Cel-Tech Communications, Inc.*, 20 Cal. 4th at 179 ("Plaintiffs may not receive

13  damages, much less treble damages, or attorney fees").

14      The declaratory relief Pestano seeks is also unavailable because the Sixth

15  Counterclaim does not allege a controversy amenable to declaratory relief. *See*

16  Counterclaims ¶¶ 60-67. The alleged wrongs that Pestano seeks to have redressed, are

17  wrongs that occurred "[during the course of the relationship between AT&T and the

18  Company" (Counterclaims ¶ 63) – a relationship which the Counterclaims admit is over

19  (Counterclaims ¶ 27 ["Upon termination of the relationship between AT&T and the

20  Company"]). "There is no basis for declaratory relief when only past wrongs are involved."

21  *Baldwin v. Marina City Properties, Inc.*, 79 Cal. App. 3d 393, 407 (1978); *See also LePage*

22  *v. City of Oakland*, 13 Cal. App. 3d 689, 692 (1970) ("Declaratory relief procedure operates

23  prospectively and not merely for the redress of past wrongs"); and California Code of Civil

24  Procedure §1061 ("The court may refuse to exercise the power granted by this chapter in any

25  case where its declaration or determination is not necessary or proper at the time under all the

26  circumstances").

27      Pestano may not recover damages, exemplary damages, attorney's fees or obtain

28  declaratory relief under Section 17200 and the allegations set forth in the Sixth Counterclaim.

CASE NO. CV 07-05463 WHA:  NOT. OF MOT. AND MOT.  BY AT&T MOBILITY II,
LLC TO DISMISS THE 1st, 2nd, 5th AND 6th COUNTERCLAIMS OF PESTANO

1    As these are the only remedies sought under the Sixth Counterclaim, the Counterclaim must

2    be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ.

3    Proc. 12(b)(6).

4    　　　　**2.    *Pestano Cannot Amend the Sixth Counterclaim to Seek Remedies Available***

5    　　　　　　　***Under Section 17200.***

6    　　　　Section 17200 provides for two remedies – restitution and injunctive relief. The Sixth

7    Counterclaim appropriately does not seek either restitution or injunctive relief and under the

8    facts plead in the Counterclaims, Pestano cannot seek either remedy.

9    　　　　In order to obtain injunctive relief, there must be ongoing conduct to enjoin.

10   "Injunctive relief will not be granted where events have rendered such relief unnecessary or

11   ineffectual." *Paul v. Milk Depots, Inc.*, 62 Cal. 2d 129, 133 (1964) (action for injunction

12   held moot when, during pendency of appeal, defendant lost business license, declared

13   bankruptcy and sold its assets). *See also Donald v. Café Royale, Inc.*, 218 Cal. App. 3d 168,

14   184 (1990) ("Injunctive relief claims will not lie where there is no reasonable probability that

15   the past acts will recur"). Here, the Counterclaims admit that the conduct upon which the

16   Sixth Counterclaim is based, occurred "[d]uring the course of the relationship between

17   AT&T and the Company" and that such relationship has already terminated. Counterclaims

18   ¶¶ 63 and 27. Because the acts of which the Sixth Counterclaim complains are not ongoing,

19   injunctive relief is not available and Pestano may not amend the Sixth Counterclaim to seek

20   such relief. *Paul*, 62 Cal. 2d at 133; *Donald*, 218 Cal. App. 3d at 184.

21   　　　　Pestano is also unable to amend the Sixth Counterclaim to seek restitution. "The

22   object of restitution is to restore the status quo by returning to the plaintiff funds in which he

23   or she has an ownership interest." *Korea Supply Co.*, 29 Cal. 4th at 1148-1149. "The notion

24   of restoring something to a victim of unfair competition includes two separate components.

25   The offending party must have obtained something to which it was not entitled and the victim

26   must have given up something which he or she was entitled to keep." *Day*, 63 Cal. App. 4th

27   at 340. Indeed, Pestano does not even have standing to pursue a claim under Section 17200

28   unless she "has suffered injury in fact and has lost money or property as a result of the unfair

**CASE NO. CV 07-05463 WHA: NOT. OF MOT. AND MOT. BY AT&T MOBILITY II, LLC TO DISMISS THE 1st, 2nd, 5th AND 6th COUNTERCLAIMS OF PESTANO**

1   competition." Cal. Bus. & Prof. Code § 17204. Here, there is no allegation that Pestano (or

2   Viva, on whose behalf the Sixth Counterclaim is brought) gave to AT&T Mobility, money or

3   property "to which it was not entitled." *Day*, 63 Cal. App. 4th at 340; Counterclaims ¶¶ 60-

4   67. Indeed, by the Counterclaims, Pestano asks this Court to relieve her of her obligation to

5   repay money Viva borrowed from AT&T Mobility. *See* Counterclaims and Complaint.

6       The allegations put forth in the Counterclaims preclude Pestano from amending the

7   Sixth Counterclaim to seek injunctive relief or restitution – the only remedies available under

8   Section 17200. As the Sixth Counterclaim cannot be amended to seek available relief, it

9   should be dismissed without leave to amend.

### III.   CONCLUSION

11      For the foregoing reasons, AT&T Mobility respectfully requests that this Court

12  grant its motion and dismiss, without leave to amend, the First, Second, Fifth and Sixth

13  Counterclaims.

14  DATED: January 23, 2008                    KOHUT & KOHUT LLP

15                                            By: _____
16                                               Ronald J. Kohut, Esq.
17                                               Sarah K. Kohut, Esq.
                                                 Attorneys for Plaintiff
18                                               AT&T Mobility II, LLC

11

# PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     )  ss.
COUNTY OF ORANGE     )

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 600 Anton Blvd, Suite 1075, Costa Mesa, California 92626.

On January 23, 2008, I served the foregoing document: **NOTICE OF MOTION AND MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO WITHOUT LEAVE TO AMEND [REDACTED]** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as follows:

Venkat Balasubramani, Esq.
BALASUBRAMANI LAW
8426 40th Ave., SW
Seattle, Washington 98136
Fax: (206) 260-3966

( )    **BY MAIL**, as follows:

( )    **STATE** – I am readily familiar with Kohut & Kohut LLP's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Costa Mesa, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

(XX)   **FEDERAL** – I deposited such envelope in the U.S. Mail at Costa Mesa, California with postage thereon fully prepaid.

( )    **BY PERSONAL SERVICE**, as follows: I caused a copy of such document to be served by hand to the addresses.

(XX)   **BY OVERNIGHT DELIVERY**, as follows: I caused such envelope to be delivered by overnight delivery service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight delivery service with delivery fees paid or provided for.

(  )  **BY FACSIMILE**, as follows:  I caused such documents to be transmitted to the telephone number of the addressee listed above, by use of facsimile machine telephone number (714) 384-4131  The facsimile machine used complied with *California Rules of Court*, Rule 2004 and no error was reported by the machine.  Pursuant to *California Rules of Court*, Rule 2006(d), a transmission record of the transmission was printed.

(  )  **BY CERTIFIED MAIL**, as follows:  I am "readily familiar" with Kohut & Kohut LLP's practice for the collection and processing of correspondence for mailing with the U.S. Postal Service, such envelope will be deposited with the U.S. Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified U.S. Mail, Return Receipt Requested, on the above date according to Kohut & Kohut LLP's ordinary business practice.

(  )  **STATE** – I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(XX)  **FEDERAL** – I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **January 23, 2008**, at Costa Mesa, California.

AYRIKA. S. FERNANDES