Venkat Balasubramani
(State Bar No. 189192)
BALASUBRAMANI LAW
8426 40th Ave. SW
Seattle, Washington 98136
(206) 529-4827 phone
(206) 260-3966 fax
venkat@balasubramani.com
Attorney for Carolyn Pestano

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY II, LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br>    vs.<br><br>CAROLYN PESTANO, an individual,<br><br>            Defendant. | Case No. C07-05463 WHA<br><br>**DECLARATION OF VENKAT BALASUBRAMANI IN OPPOSITION TO AT&T'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |

I, Venkat Balasubramani, make this declaration based on my personal knowledge as to the matters set forth herein. I am over the age of 18 and not a party to this action.

1. I received an email from counsel for AT&T Mobility II, LLC (AT&T) on Tuesday (January 22, 2008), advising that AT&T intended to file several documents under seal and asking whether I objected.

2. I replied via email the same day at around 6pm requesting additional clarification and expressing my willingness to consider a compromise that would obviate the need for filing documents under seal:

> It would be helpful to know exactly what provisions AT&T argues are required to be filed under seal, and why. I'd be happy to work with you

> to try to come to a compromise if you can provide additional details – absent that (at this point) I do object to the motion.
>
> Is there any way that we can file redacted versions of the agreements? Alternatively, I would consider stipulating to portions of the agreements, maybe if we could highlight what provisions you would like to bring to the court's attention I would consider stipulating that the agreements contained those provisions. At the end of the day I have a hard time agreeing to file (what AT&T argues are) dispositive provisions of the agreement under seal – it seems like at this stage, those provisions seem like they will be the subject of your application?
>
> Again, I'm willing to work with AT&T to try to effect a compromise, but a blanket agreement that states that all of those documents should be filed under seal doesn't seem workable, or efficient. (In my experience filing materials under seal just creates a hassle for everyone.)

3. Counsel for AT&T responded via email that same evening reiterating that AT&T sought to seal the three documents under seal. The entire e-mail exchange is attached as **Exhibit A** hereto.

4. After I received AT&T's Motion to Seal, I performed several internet searches to see if any current/existing agreements between AT&T (formerly Cingular Wireless II, LLC, the party to Viva's dealer agreement) and its dealers were publicly available. After a few minutes, I viewed and accessed a dealer agreement between Inphonic, Inc. and Cingular Wireless II, LLC (via the freeedgar.com website). A true and correct copy of that document, which was filed with the Securities and Exchange Commission and is publicly accessible, is attached hereto as **Exhibit B**.

5. Inphonic, Inc. (the party who filed the document) sought and obtained permission from the SEC to redact certain information. The publicly accessible version of the document contains asterisk marks in the place of certain numbers (such as dates and specific compensation figures), along with the following notation:

[***] INDICATES MATERIAL THAT HAS BEEN OMITTED AND FOR WHICH CONFIDENTIAL TREATMENT HAS BEEN REQUESTED. ALL SUCH OMITTED MATERIAL HAS BEEN FILED WITH THE SECURITIES AND EXCHANGE COMMISSION PURSUANT TO RULE 24b-2 UNDER THE SECURITIES EXCHANGE ACT OF 1934, AS AMENDED.

6. I would have been and remain amenable to similar treatment to the various agreements which AT&T seeks to file under seal.

7. Having to file documents under seal creates a burden for Ms. Pestano in that additional copies of documents have to be created and documents cannot be merely filed electronically.

DATED this 26th day of January, 2008.

_____
Venkat Balasubramani