1  Ronald J. Kohut, Esq. (SBN 66463)
   *ron@kohutlaw.com*
2  Megan L. Wagner, Esq. (SBN 130752)
   *megan@kohutlaw.com*
3  Sarah K. Kohut, Esq. (SBN 197655)
   *sarah@kohutlaw.com*
4  KOHUT & KOHUT LLP
   3554 Round Barn Blvd., Suite 204
5  Santa Rosa, California  95403
   Telephone: (707) 573-3100
6  Facsimile:   (707) 573-3101

7  Attorneys for Plaintiff and Cross-Defendant
   AT&T MOBILITY II, LLC
8
                  UNITED STATES DISTRICT COURT
9
                  NORTHERN DISTRICT OF CALIFORNIA
10

11 | AT&T MOBILITY II, LLC, a Delaware limited liability company, | ) | Case No. CV 07-05463 WHA |
12 | | ) | |
   | Plaintiff, | ) | AT&T MOBILITY'S <u>REPLY BRIEF</u> IN SUPPORT OF |
13 | | ) | ADMINISTRATIVE MOTION |
   | v. | ) | TO FILE DOCUMENTS |
14 | | ) | UNDER SEAL (Re: MOTION |
   | | ) | BY AT&T MOBILITY II, LLC |
15 | CAROLYN PESTANO, an individual, | ) | TO COMPEL ARBITRATION |
   | | ) | OF COUNTERCLAIMS OF |
16 | Defendant. | ) | CAROLYN PESTANO and |
   | | ) | MOTION TO DISMISS) |
17 | AND RELATED COUNTERCLAIMS | ) | |
18 | | ) | Date:  March 6, 2008 |
19 | | ) | Time: 8:00 a.m. |
   | | ) | Courtroom: 9 |

---

**CASE NO. CV 07-05463 WHA:  AT&T MOBILITY's <u>REPLY BRIEF</u> IN SUPPORT OF ADMINISTRATIVE MOTION TO <u>FILE DOCUMENTS UNDER SEAL</u>**

A. **AT&T MOBILITY'S REQUEST TO SEAL IS PROPER UNDER EXISTING LAW**

In her opposition to AT&T Mobility's Administrative Motion to File Documents Under Seal ("Motion to Seal"), Pestano does not dispute that the three documents which AT&T Mobility requests be filed under seal each contain contractual provisions stating that the terms of such agreements are confidential and should be so treated by the parties. Further, unlike the cases cited in the Opposition, this is not a case where the parties have entered into a broad confidentiality agreement by which the parties can arbitrarily designate documents as being "confidential" and on this basis seek to have them filed only under seal.

Rather, as set forth in the detailed declaration of Cynthia Hennessy, the documents AT&T Mobility seeks to have filed under seal are limited to agreements currently used by AT&T Mobility which, as part of the consideration for entering into such agreements, are required to be treated as confidential. Further, the declaration of Cynthia Hennessy constitutes the particularized showing required of AT&T Mobility: the terms of these specific agreements constitute proprietary information in that these documents set forth the currently used, confidential terms of AT&T's exclusive dealer and settlement agreements – information that would give AT&T Mobility's competitors an unfair advantage if made available publicly.[1]

Further, the cases cited by Pestano do not justify the denial of AT&T Mobility's request to seal. In *Baxter Int'l Inc. v. Abbott Labs.*, unlike the specific showing made by AT&T Mobility, the request to seal "was simply asserted, mostly on the basis of the agreement but partly on the ground that these are commercial documents." Further, the

---

[1] Pestano makes much ado about the fact that Exhibit A, the old AT&T Wireless Exclusive Dealer Agreement, was not requested to be filed under seal. While AT&T Mobility clearly would prefer that the terms of this agreement likewise not be made publicly available, because this agreement is no longer being used by AT&T Mobility, AT&T Mobility concluded that requesting it be sealed was not appropriate under the Court's rules. Likewise, because the Personal Guaranty is an ancillary agreement to the Advance Payment Agreement, and does not contain a confidentiality agreement, AT&T Mobility did not seek to have it filed under seal, consistent with its obligation to narrowly tailor the request to seal.

1

---
**CASE NO. CV 07-05463 WHA: AT&T MOBILITY's REPLY BRIEF IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**

1  *Baxter* Court actually held that "those documents, usually a small subset of all discovery, that
2  influence or underpin the judicial decision *are open to public inspection unless they meet*
3  *the definition of trade secrets or other categories of bona fide long-term confidentiality.*
4  [*Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) (emphasis added).] The
5  documents AT&T Mobility seeks to seal both contain confidential proprietary information
6  and have been deemed confidential since their inception. [*See* Declaration of Marc Miguel,
7  Exhs. B-D, pgs. 1-5.]

8  Likewise, the *Pansy* case cited by Pestano supports AT&T Mobility's request to seal.
9  First, Courts are able to seal entire documents and are not required to pick and choose only
10 the *most* sensitive portions of those documents. As the Court in *Pansy* noted, "because of the
11 benefits of umbrella protective orders in cases involving large-scale discovery, *the court may*
12 *construct a broad umbrella protective order* upon a threshold showing by the movant of
13 good cause. [Citation.] After delivery of the documents, the opposing party would have the
14 opportunity to indicate precisely *which documents it believed not to be confidential*, and the
15 party seeking to maintain the seal would have the burden of proof with respect to those
16 documents." [*Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 n.17 (3d Cir. 1994)
17 (emphasis added).]

18 Second, the *Pansy* Court explained that "in considering whether good cause exists for
19 a protective order, the federal courts have generally adopted a balancing process." The
20 Court further noted that "if a case involves private litigants, and concerns matters of little
21 legitimate public interest, that should be a factor weighing in favor of granting or maintaining
22 an order of confidentiality." [*Pansy v. Borough of Stroudsburg, supra*, 23 F.3d at 788.]
23 Here, the issue is clearly one between private litigants regarding private issues of little public
24 interest.

25 Third, the *Pansy* Court specifically noted that private, contractual agreements relating
26 to confidentiality are enforceable: "[I]f parties cannot demonstrate good cause for a court
27 order of confidentiality over the terms of settlement, they have the option of agreeing
28

2

CASE NO. CV 07-05463 WHA: AT&T MOBILITY's <u>REPLY BRIEF</u> IN SUPPORT OF
ADMINISTRATIVE MOTION TO <u>FILE DOCUMENTS UNDER SEAL</u>

privately to keep information concerning settlement confidential, and may enforce such an agreement in a separate contract action. [*Pansy v. Borough of Stroudsburg,* supra, 23 F.3d at 788.] This is precisely what AT&T Mobility seeks to do.

Under *Baxter* and *Pansy*, therefore, AT&T Mobility's Motion to Seal should be granted.

## B. THE BALANCE OF INTERESTS FAVORS SEALING THE DOCUMENTS.

In contrast to the AT&T Mobility's long-standing, contractual right to keep its confidential, proprietary agreements confidential, Pestano only offers a single reason why sealing such documents would prejudice her: if such documents are filed under seal, she will incur additional duplication costs associated with lodging separate unredacted copies of documents that contain confidential information. [Balasubramani Decl., ¶ 7.] This claim hardly justifies breaching the confidentiality provision of the contracts at issue. Further, because Pestano admits that at least portions of the agreements are confidential and would need to be filed under seal, this "harm" is one she would likely "suffer" in any event.

## C. PESTANO'S FACTUAL ARGUMENTS LACK MERIT.

Pestano argues that because another dealer – unbeknownst to AT&T Mobility – filed a redacted, different, non-exclusive dealer agreement with the SEC, the *exclusive* dealer agreement used by AT&T Mobility in its relationship with Viva Wireless (and other exclusive dealers) is somehow no longer confidential. Pestano's argument fails.

The fact that a third party (Inphonic, Inc.) may have breached the confidentiality provision of a different contract[2] does not nullify either the confidentiality provision of the agreements sought to be sealed nor negate the confidential, proprietary nature of the documents sought to be sealed.

Pestano also claims that she and other dealers only treated portions of the agreements

---

[2] The contract that Pestano's counsel asserts he found on EDGAR is a Cingular *Non-Exclusive* Dealer Agreement (as opposed to Exhibit B, an AT&T Wireless *Exclusive* Dealer Agreement), that contains different terms and conditions than in Exhibit B, the Exclusive Dealer Agreement.

3

**CASE NO. CV 07-05463 WHA:  AT&T MOBILITY's REPLY BRIEF IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**

to be confidential. This argument, too, fails. Not only does Pestano lack foundation for her assertions regarding what other dealers did or thought, but such bare allegations regarding the potential breach of confidentiality provisions by third parties does not negate the contractual confidentiality provisions of these contracts nor undermine the confidential, proprietary nature of the agreements. Nor does the fact that Pestano's Counterclaims contain *allegations* regarding the obligations created by the various contracts justify the wholesale disclosure of the actual confidential contracts themselves. Allegations are unproven assertions that may or may not be true. The Agreements, however, show the actual terms of the parties' relationship – terms which are confidential.

Further, Pestano claims that the "boilerplate" provisions of the contracts should not be sealed. If this were the case, no document would ever be sealed which is clearly not the practice. Further, the "boilerplate terms" by their nature are not ones that the public has any particular reason to need to know.

D.   **AT&T MOBILITY MET AND CONFERRED APPROPRIATELY.**

The email correspondence between counsel establishes AT&T Mobility's good faith attempt to meet and confer on the issue. The fact that AT&T Mobility would not agree to the proposal offered by Pestano does not change this fact. AT&T Mobility has the right to present its own arguments as it sees fit. As set forth in the Declaration of Sarah K. Kohut in support of the Motion to Seal, AT&T Mobility determined that it would be best to present the Court with the entire contracts at issue rather than taking only a few provisions out of context. Further, because the contracts each contain a provision stating that the terms of the contracts are confidential, to the extent that any portions of the contract were provided to the Court, all such portions should be filed under seal. Finally, AT&T Mobility still does not know what contractual provisions Pestano will cite in opposition to AT&T Mobility's Motion to Compel Arbitration and Motion to Dismiss, or what provisions AT&T Mobility will then need to discuss in its Reply Briefs. Under these circumstances, Pestano's counsel's suggestion of only filing with the court the specific provisions cited in the moving papers

would require potentially two additional motions to seal.

E. CONCLUSION

AT&T Mobility seeks to file under seal three contracts, each of which contain contractual provisions requiring the terms of such agreements be kept confidential. As the terms of such agreements constitute confidential, proprietary information of AT&T Mobility, and Pestano has offered no significant reason to deny such motion, AT&T Mobility respectfully requests that the Court GRANT its Administrative Motion to File Documents Under Seal.

Dated: January 29, 2008

KOHUT & KOHUT, LLP

By: /s/ Megan L. Wagner
Megan L. Wagner, Esq.
Attorneys for Plaintiff AT&T Mobility II, LLC

5

CASE NO. CV 07-05463 WHA: AT&T MOBILITY's REPLY BRIEF IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL