IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

AT&T MOBILITY II, LLC, a Delaware limited liability company,

    Plaintiff,

  v.

CAROLYN PESTANO, an individual,

    Defendant.
                                  /

AND RELATED COUNTERCLAIMS.
                                  /

No. C 07-05463 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO SEAL**

        Plaintiff moves to dismiss claims under FRCP 12(b)(6). "If matters outside the pleadings are considered, [a] motion to dismiss is to be treated as one for summary judgment." *San Pedro Hotel Co ., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir.1998). As plaintiff's motion depends on matters outside of the pleadings it will be treated as a motion for summary judgment.

        Plaintiff's request to file documents under seal is **DENIED**. In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit held that *more* than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions, just as compelling reasons would be needed to justify a closure of a courtroom during trial. Otherwise, the Ninth Circuit held, public access to the work of the courts will be unduly compromised. Therefore, no request for a sealing order will be allowed on summary judgment motions (or other dispositive motions) unless the movant first shows a "compelling reason," a

1  substantially higher standard than "good cause." Only social security numbers, names of
2  juveniles, home addresses and phone numbers, and trade secrets of a compelling nature
3  (like the recipe for Coca Cola, for example) will qualify. *If the courtroom would not be closed*
4  *for the information, nor should any summary judgment proceedings, which are, in effect, a*
5  *substitute for trial.*

6    Plaintiff has failed to meet its burden. In their motion to seal, plaintiff has listed five
7  documents to be filed under seal. Plaintiff has given no "compelling reason" for any of the
8  documents to be filed under seal by showing the courtroom would be closed if such documents
9  were introduced as evidence. Most of the documents have been shown to already be a part of
10  the public record indicating plaintiff has made little effort to particularize its request. For the
11  foregoing reasons, plaintiff's request is **DENIED**.

12    **IT IS SO ORDERED.**

14  Dated: February 4, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE