1  Ronald J. Kohut, Esq. (SBN 66463)
   ron@kohutlaw.com
2  Sarah K. Kohut, Esq. (SBN 197655)
   sarah@kohutlaw.com
3  KOHUT & KOHUT LLP
   3554 Round Barn Blvd., Suite 204
4  Santa Rosa, California  95403
   Telephone: (707) 573-3100
5  Facsimile:   (707) 573-3101

6  Attorneys for Plaintiff and Cross-Defendant
   AT&T MOBILITY II, LLC
7

               UNITED STATES DISTRICT COURT

               NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY II, LLC, a Delaware limited liability company, | Case No. CV 07-05463 WHA |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER APPLYING TO DISCOVERY AND TO DISTRICT COURT PROCEEDINGS |
| v. | |
| CAROLYN PESTANO, an individual, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

1

CASE NO. CV 07-05463 WHA: STIPULATION AND [PROPOSED] PROTECTIVE ORDER APPLYING TO DISCOVERY AND TO DISTRICT COURT PROCEEDINGS

The parties, by and through their counsel of record, hereby stipulate to the proposed protective order set forth below and request that the Court enter the proposed order.

## PROTECTIVE ORDER

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. For purposes of this Protective Order, "document" shall be defined to mean any printed, typewritten, handwritten, digitally recorded or otherwise recorded material, including but not limited to testimony, including deposition testimony, contracts, letters, memoranda, notes, agenda, minutes, calendars, reports, analysis, presentations, articles, photographs, spreadsheets, lists, manuals, electronic mail messages, databases, software, audiotape, videotape and film.

2. Plaintiff and Cross-Defendant AT&T Mobility II, LLC ("AT&T Mobility") and Defendant and Counterclaimant Carolyn Pestano ("Pestano") (collectively, "the Parties") may designate as confidential, according to the procedures described in paragraphs 3 through 5 below, any documents, information or testimony consisting of or containing:

   a. documents containing identifying subscriber information such as any customer's name, address, telephone number and/or social security number,

   b. compensation schedules, communications regarding changes to compensation schedules;

   c. Special Performance Incentive Fees ("Spiffs");

   d. Volume Activation Bonuses;

   e. Commission statements, including, but not limited to, monthly commission statements, summaries, CSP commission statements, withholding statements, supplier payment history reports, and evidence of payments made;

   f. marketing plans or programs, strategies, analyses, research, performance or results relating to: the sale of wireless service, rate plans, promotions, equipment, features or packages;

2

CASE NO. CV 07-05463 WHA: STIPULATION AND [PROPOSED] PROTECTIVE ORDER APPLYING TO DISCOVERY AND TO DISTRICT COURT PROCEEDINGS

g.  computer-generated databases, billing systems and archives, including information stored, collected or retrieved from such systems and the design or configuration of systems, including software and hardware;

h.  revenues or profits generated by Viva Wireless, Inc.;

i.  revenues, sales figures, margins, profits, billings, financial information or other internal information relating to: the sale of wireless service, rate plans, promotions, equipment, features or package; and

j.  internal company policies and procedures regarding dealers, dealer compensation, sales, customer care, employees or management.

AT&T Mobility asserts that the documents and information described above qualify as trade secrets as defined in California Civil Code § 3426.1. The Court finds that good cause exists to protect such information because disclosure could violate the privacy rights of AT&T Mobility's customers and could harm AT&T Mobility competitively by revealing proprietary commercial information. Any designation as confidential of any documents by either party shall be without prejudice to the other party's right to challenge such designation as set forth below, regardless of whether any documents contain the information specified in a through j above (e.g., the fact that a document may contain a "marketing plan" does not establish per se that it contains trade secrets as defined in California Civil Code § 3426.1 or information that should otherwise be designated as confidential).

3.  The Parties shall redact confidential information from documents when possible, rather than designating the entire document as confidential. All documents, information and testimony designated as confidential by the Parties shall be subject to the provisions of this Protective Order.

4.  If either Party claims that any document is confidential or contains confidential information, then such Party shall mark the document with a stamp identifying it as: "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."

3

CASE NO. CV 07-05463 WHA: STIPULATION AND [PROPOSED] PROTECTIVE ORDER APPLYING TO DISCOVERY AND TO DISTRICT COURT PROCEEDINGS

5. Deposition or other testimony shall be designated "Confidential" either at the time of testimony or within fifteen days of receipt of the written transcript. Until such designations are made, the transcript will be treated as "Confidential" and must not be used by the receiving party other than in accordance with the protective order. At any time during the taking of a deposition on oral examination, counsel for the designating party may state that a particular line of questioning should be treated as "Confidential", as in the case of written disclosure of information covered by Paragraph 4 above. Counsel for the parties shall then determine whether the line of questioning should not be carried out at that particular time, or whether it should be carried out with the following conditions:

(a) The reporter may be instructed to transcribe the questions and answers separate from the transcript for the remainder of the deposition, which pages shall be marked as described in Paragraph 4 above.

(b) Any other conditions mutually agreeable to the parties to protect the confidential status of the information.

6. The documents, information and testimony subject to this Protective Order, shall not be used by any party, expert, deponent or other person or entity to whom such documents or materials are disclosed, for any business, commercial, or competitive purpose or for any purpose whatsoever other than the litigation of this action, the preparation for trial and the trial of this action, or for settlement thereof.

7. The designation of a document as confidential does not entitle a party to file the document in the District Court under seal. Any party intending to file with the Court a document, testimony or other information designated as confidential under this Order must provide written notice to the party that made the designation. The notice shall be provided sufficiently in advance of any proposed submission of the designated material to the Court to allow the party that made the confidentiality designation, at its option, to file an administrative motion with the Court that complies with the requirements of Local Rule 79.5 seeking the Court's authorization to file such documents under seal. The administrative

4

CASE NO. CV 07-05463 WHA: STIPULATION AND [PROPOSED] PROTECTIVE ORDER APPLYING TO DISCOVERY AND TO DISTRICT COURT PROCEEDINGS

motion shall be filed with the Court at least seven (7) days in advance of the date on which the motion is to be filed in order to enable the Court to rule on the administrative motion before the motion is to be filed. The parties shall seal only the confidential portions of documents to be filed with the Court. The party seeking to seal documents or testimony must make the appropriate showing to obtain an order authorizing filing under seal.

      8. Any filing pursuant to Paragraph 7 of this Protective Order shall comply with Local Rule 79.5 by including the original complete filing under seal and a redacted version for public viewing.

      9. Disclosure of documents, information or testimony designated as confidential, including all information contained therein, shall be restricted solely to the following persons, who are bound by the terms of this Protective Order, unless additional persons are agreed upon and stipulated to in writing by counsel or authorized by the Court:

      a. Outside or inside (if applicable) counsel for any party to the above-captioned litigation, including all employees of said counsel's law department or law firm, such as (without limitation) permanent and temporary attorneys, contract attorneys, paralegal assistants, stenographic, and clerical employees;

      b. Those persons retained by any party herein for the purpose of furnishing consulting expert services or for giving expert testimony in this matter, **but disclosure shall not be made to such persons if they provide services, as an employee or otherwise, to a competitor of the designating party**. Before disclosure, any such expert or consultant shall be shown a copy of this Protective Order and shall sign a declaration in the form attached hereto as Appendix A, agreeing to be bound by its terms. The party retaining such persons shall maintain all signed, original declarations. The party retaining such persons shall also provide to the other party a copy of the signed declaration, with the name of any non-testifying expert redacted. The party shall also make the declarations available for inspection by the opposing party (without redacting the name of any non-testifying expert) if the parties mutually agree to do so or if ordered to do so by the Court;

      c. Employees or officers of AT&T Mobility whose job responsibilities

5

relate directly to the matters at issue in this action and whose review of the documents and/or testimony is necessary and proper to assist the party in preparation for trial and trial of this action, or for settlement thereof, provided that before disclosure, such employees shall be shown a copy of this Protective Order and shall sign a declaration in the form attached hereto as Appendix A, agreeing to be bound by its terms. AT&T Mobility's counsel shall provide to Pestano's counsel a copy of the signed declaration(s);

  d. Carolyn Pestano ("Pestano'), provided that before disclosure, Pestano shall be shown a copy of this Protective Order and shall sign a declaration in the form attached hereto as Appendix A, agreeing to be bound by its terms. Pestano's counsel shall provide to AT&T Mobility's counsel a copy of the signed declaration;

  e. This Court and its personnel including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court during this litigation; and

  f. court reporter(s) and videographer(s) employed in this action;

  g. A witness during the course of his or her deposition if the attorney disclosing the document, information or testimony first has shown the deponent a copy of this Protective Order and the deponent has agreed on the deposition record to be bound by its terms;

  h. outside commercial copying, document imaging and litigation support services; and

  i. any other persons as to who the parties agree in writing, or as designated as permitted by order of this Court after notice to all parties.

Nothing herein shall prevent the designating party from using or disclosing its own Confidential information in any manner that the designating party sees fit.

  10. Each party shall take reasonable measures in storing documents, information and testimony designated as confidential to limit access to those persons who are authorized under the terms of this Protective Order to inspect, review, or receive such documents.

6

**CASE NO. CV 07-05463 WHA: STIPULATION AND [PROPOSED] PROTECTIVE ORDER APPLYING TO DISCOVERY AND TO DISTRICT COURT PROCEEDINGS**

11.   Whenever documents, information or testimony designated as confidential are to be disclosed in a deposition or other hearing or proceeding in advance of trial, any party claiming that a document or information derived therefrom is confidential may exclude from the room any person, other than persons designated in Paragraph 9 of this Protective Order, for that portion of said deposition, hearing or proceeding. Nothing in this Protective Order shall limit any party from introducing documents, information or testimony designated as confidential or information derived therefrom into evidence at trial, subject to the introducing party informing all other parties of its intent to do so, and subject to any party's right to seek further protection from the Court.

12.   Any party may apply to the Court, for good cause, at any time for an order modifying the terms of this Protective Order.

13.   Within thirty (30) days after (1) the entry of a final judgment no longer subject to appeal on the merits of this case or (2) settlement of the claims between the parties, each party shall return to the producing party all produced documents, and copies thereof, that have been designated confidential, or shall certify that all such documents and copies have been destroyed.

14.   Each party has the right to dispute the confidential status claimed by any other party in accordance with this Protective Order. If any party believes that any document, information or testimony has been designated inappropriately by another party or witness as confidential, then the party shall, in writing, so inform counsel for the party claiming confidentiality. If the party claiming confidentiality does not agree to remove the confidential designation within ten (10) business days, the party challenging the designation may bring the dispute to the District Court's attention in compliance with Local Rule 37.

15.   Any specified part or parts of the restriction imposed by this Agreement may be terminated at any time by a written stipulation by the parties hereto or by an Order of this Court, upon noticed motion, for good cause shown. Without limiting the generality of the phrase "good cause," it is sufficient, in order to show good cause, to demonstrate, to this Court's satisfaction, any one of the following facts:

CASE NO. CV 07-05463 WHA: STIPULATION AND [PROPOSED] PROTECTIVE
ORDER APPLYING TO DISCOVERY AND TO DISTRICT COURT PROCEEDINGS

(a) that the confidential information involved was, in substance, otherwise generally known or readily available to the public prior to its designation in this action; or

(b) that the confidential information has become generally known or readily available to the public as a result of publication or disclosure which has occurred through no fault of the receiving party

16. The inadvertent production of any confidential document lacking the physical designation "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" shall be without prejudice to any subsequent claim that such material is confidential, and no party shall be held to have waived any rights by such inadvertent production. Upon written demand of the producing party or non-party, all copies of any confidential document lacking the physical designation "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" shall be returned immediately to the producing party or destroyed. The producing party then will supply to each of the other parties a copy of the document properly designated "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER."

17. This Protective Order shall govern the production and disclosure of all documents, information and testimony produced or disclosed in this case, both before and after the entry of this Protective Order.

18. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents or portions of documents obtained by such party independent of discovery from a party in this action (subject to any separate restrictions), whether or not such documents or portions of documents are also obtained through discovery in this action. Nor shall this Protective Order restrict the use or disclosure of documents or portions of documents that: (a) are in the public domain at the time of the use or disclosure; (b) become part of the public domain after the time of the use or disclosure, through no fault of the receiving party; (c) were received from a third party who was under no obligation of confidentiality to the party that produced the documents; or (d) are derived or obtained independently of the use or disclosure.

8

CASE NO. CV 07-05463 WHA: STIPULATION AND [PROPOSED] PROTECTIVE ORDER APPLYING TO DISCOVERY AND TO DISTRICT COURT PROCEEDINGS

19.     Upon termination of this action, the Court may exercise jurisdiction for the purpose of enforcing this Order.

IT IS SO STIPULATED.

Dated  2/15/08                              Dated  2/15/2008

KOHUT & KOHUT LLP                           BALASUBRAMANI LAW

By _____                By _____
   Ronald J. Kohut, Esq.                       Venkat Balasubramani, Esq.
   Sarah K. Kohut, Esq.                        Attorney for Defendant
   Attorneys for Plaintiff                     Carolyn Pestano
   AT&T Mobility II, LLC

ORDER

IT IS SO ORDERED.

Dated _____             _____
                                            JUDGE WILLIAM H. ALSUP

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY II, LLC, a Delaware limited liability company,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAROLYN PESTANO, an individual,<br><br>　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 07-05463 WHA<br><br>**APPENDIX A TO PROTECTIVE ORDER** |

**CASE NO. CV 07-05463 WHA: STIPULATION AND [PROPOSED] PROTECTIVE ORDER APPLYING TO DISCOVERY AND TO DISTRICT COURT PROCEEDINGS**

I, _____, do hereby declare as follows:

1.    I am over the age of eighteen.

2 (a).    I am a party to this action.

OR

2(b)    I have been retained by _____ to provide consulting expert services or for giving expert testimony in this matter.

OR

2 (b).    I have been requested to review documents and/or testimony in order to assist in the litigation of this action, the preparation for trial and/or trial of this action, or for settlement thereof.

3.    I have reviewed the Protective Order regarding confidentiality of documents, information and testimony entered by the Court in this case.

4.    I acknowledge and agree that I am bound by the terms of the Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

DATED this _____ day of _____, 2008.

_____
[Signature]

CASE NO. CV 07-05463 WHA: STIPULATION AND [PROPOSED] PROTECTIVE ORDER APPLYING TO DISCOVERY AND TO DISTRICT COURT PROCEEDINGS