Ronald J. Kohut, Esq. (SBN 66463)
*ron@kohutlaw.com*
Sarah K. Kohut, Esq. (SBN 197655)
*sarah@kohutlaw.com*
KOHUT & KOHUT LLP
3554 Round Barn Blvd., Suite 204
Santa Rosa, California 95403
Telephone: (707) 573-3100
Facsimile:  (707) 573-3101

Attorneys for Plaintiff and Cross-Defendant
AT&T MOBILITY II, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY II, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>  v.<br><br>CAROLYN PESTANO, an individual,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. **CV 07-05463** WHA<br><br>**REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO WITHOUT LEAVE TO AMEND**<br><br>Date: March 6, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9 |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................1

II. ARGUMENT ......................................................................................................2

    A. The Legal Standard ................................................................................2

        1. The Summary Judgment Standard Does Not Apply ..............................2

        2. "Factual Disputes" Are Irrelevant to a 12(b)(6) Motion to Dismiss ..................................................................................3

    B. The First Counterclaim Fails to Allege a Breach of the SMF Release ..................................................................................4

        1. The SMF Release Is Not Ambiguous ..............................................4

        2. The SMF Release Does Not Contain an Unenforceable Penalty Provision ..................................................................................5

        3. Viva's Assertion of Unfairness Does Not Save Its Claim ..................................................................................6

    C. The Second Counterclaim is Barred by the SMF Release ..............................7

    D. The Fifth Counterclaim is Barred by the APA and Dealer Agreement ..................................................................................9

    E. The Opposition Admits the Sixth Counterclaim Fails to State a Claim ..................................................................................11

    F. Viva is not Entitled to Relief Under Rule 56(f) Because this is Not a Motion for Summary Judgment ..................................................................................12

III. CONCLUSION ..................................................................................................12

i

CASE NO. CV 07-05463 WHA: REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO

# TABLE OF AUTHORITIES

**Federal Cases**

*Epstein v. Washington Energy Co.*
83 F.3d 1136 (9th Cir. 1996) .......................................................................................... 1, 3

*Comedy Club, Inc. v. Improv West Associates*
2008 U.S. App. LEXIS 1258 (9th Cir. January 23, 2008) ............................................... 4, 5

*Phoenix Solutions, Inc. v. Sony Elecs., Inc.*
2007 U.S. Dist. LEXIS 89874 (N.D. Cal. 2007) ............................................................. 3, 8

*Ramirez v. United Airlines, Inc.*
416 F. Supp. 2d 792 (N.D. Cal. 2005) ................................................................................ 3

*United States v. Ritchie*
342 F.3d 903 (9th Cir. 2003) .............................................................................................. 2

*Van Buskirk v. Cable News Network, Inc.*
284 F.3d 977 (9th Cir. 2003) ................................................................................. 1, 2, 3, 12

**California Cases**

*Blankenheim v. E.F. Hutton & Co.*
217 Cal. App. 3d 1463 (1990) ...................................................................................... 10, 11

*Freeman & Mills Inc. v. Belcher Oil Co.*
11 Cal. 4th 85 (1995) .......................................................................................................... 7

*Harris v. Rudin, Richman & Appel*
95 Cal. App. 4th 332 (2002) ............................................................................................... 8

*Manderville v. PCG&S Group, Inc.*
146 Cal. App. 4th 1486 (2007) ......................................................................................... 11

*McClain v. Octagon Plaza, LLC*
2008 Cal. App. LEXIS 157 (2008) ................................................................................... 10

*Oceanside 84 v. Fid. Fed. Bank*
56 Cal. App. 4th 1441 (1997) .......................................................................................... 4, 5

ii

CASE NO. CV 07-05463 WHA: REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO

*OCM Principal Opportunities Fund, L.P. v. CIBC World Market Corp.*
157 Cal. App. 4th 835 (2007) ................................................................................... 9, 11

*Shaw v. Regents of Univ. of Cal.*
58 Cal. App. 4th 44 (1997) ............................................................................................. 9

*Warner Bros. Pictures, Inc. v. Bumgarner*
197 Cal. App. 2d 331 (1961) .......................................................................................... 8

*Werner v. Knoll*
89 Cal. App. 2d 474 (1948) .......................................................................................... 10

**Federal Statutes**

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 2, 3, 12

**California Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................... 2, 11

Cal. Code Civ. Proc. §1572 ......................................................................................... 11

Cal. Code Civ. Proc. §1638 ........................................................................................... 4

Cal. Code Civ. Proc. §1639 ........................................................................................... 4

Cal. Code Civ. Proc. §1641 ........................................................................................... 4

Cal. Code Civ. Proc. §1668 ................................................................................... 10, 11

Cal. Code Civ. Proc. §1671 ....................................................................................... 4, 6

Cal. Labor Code § 2925 ................................................................................................ 8

iii

CASE NO. CV 07-05463 WHA:  REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO

## I. INTRODUCTION

"Defendant Carolyn Pestano's Opposition to AT&T's Motion to Dismiss Counterclaims" ("Opposition") seeks to evade dismissal of the First, Second, Fifth and Sixth Counterclaims by recharacterizing this motion as a motion for "summary judgment" and attempting to create "factual issues" that would preclude summary judgment.[1] *See* Opposition. This attempt is not persuasive.

First, when the Court considers agreements upon which claims are based ---the "AT&T Wireless Exclusive Dealer Agreement" ("Original Dealer Agreement"), "Cingular Wireless Exclusive Dealer Agreement" ("Dealer Agreement"), "Settlement and Release Concerning Dealer's Pre-2/1/06 Total Subscriber Base" ("SMF Release"), and "Advanced Payment Agreement" ("APA") ---such consideration does not convert a motion to dismiss into a motion for summary adjudication. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2003).

Second, factual "disputes" are irrelevant to a motion to dismiss. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Also irrelevant is evidence outside the scope of the pleadings, which Viva argues it should be able to "discover" before the court decides this motion.

Finally, the "factual disputes" Viva attempts to create are unsupported by the allegations of the Viva Claims and the contracts at issue.

Viva argues the First Counterclaim must stand because the SMF Release is ambiguous or contains an unenforceable penalty, or is just plain unfair. None of these arguments cures the First Counterclaim's failure to allege an actionable breach of contract.

Likewise, Viva argues the Second Counterclaim, which alleges a claim for breach of contract under the Original Dealer Agreement that was specifically released in the SMF

---

[1]  The Counterclaims are claims that Viva Wireless, Inc. ("Viva") has asserted through a purported assignment to Pestano. *See* Counterclaims at fn 1. To alleviate the party confusion the assignment has created, AT&T Mobility refers to Pestano as "Viva" when Viva's claims or actions are at issue and refers to the counterclaims as the "Viva Claims."

1

1 | Release, should not be barred by the express terms of the SMF Release because, even though no claim of rescission or facts alleging facts that would warrant rescission have been plead, it is theoretically conceivable that the SMF Release "might" be invalidated and the Original Dealer Agreement could then be revived.

With respect to the Fifth Counterclaim, Viva argues that the express terms that incorporate the Dealer Agreement into the APA should be ignored, as should the contractual agreement that makes Viva "solely responsible for selecting any potential [retail] location." Declaration of Marc Miguel ("Miguel Decl.") ¶ 4, Exh. B at section 3.1.

Viva, while conceding that it has not sought any remedies available under the Sixth Counterclaim for violation of Business & Professions Code section 17200, seeks leave to amend. Leave to amend should not be granted, however, with respect to the First, Second and Fifth Counterclaims. These claims are expressly barred by the agreements entered into by Viva and Plaintiff and Cross-Defendant AT&T Mobility II, LLC ("AT&T Mobility") and no amendment can change their terms.

Accordingly, AT&T Mobility respectfully requests that this Court grant its motion and dismiss the Sixth Counterclaim and dismiss the First, Second, and Fifth Counterclaims, without leave to amend.

## II.   ARGUMENT

### A.   The Legal Standard

#### 1. The Summary Judgment Standard Does Not Apply.

"Under the "incorporation by reference" rule of this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2003); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice -- without converting the motion to dismiss into a

2

CASE NO. CV 07-05463 WHA:  REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO

motion for summary judgment."); *Phoenix Solutions, Inc. v. Sony Elecs., Inc.*, 2007 U.S. Dist. LEXIS 89874 at 5 (N.D. Cal. 2007).

Here, this Court may consider the Original Dealer Agreement, Dealer Agreement, SMF Agreement and APA under the doctrine of incorporation, without converting the motion to dismiss into a motion for summary adjudication, because these agreements form the basis for each of the Viva Claims. *See* Counterclaims; *Ritchie*, 342 F.3d at 908 ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). *Van Buskirk*, 284 F.3d at 980; *Phoenix Solutions, Inc.*, 2007 U.S. Dist. LEXIS 89874 at 5.

### 2. "Factual Disputes" Are Irrelevant to a 12(b)(6) Motion to Dismiss.

The Opposition attempts to evade dismissal of the First, Second, Fifth and Sixth Counterclaims by incorrectly characterizing this motion as a motion for summary judgment and introducing a conclusory declaration by Pestano to "create" factual issues. *See* Opposition and Declaration of Carolyn Pestano ("Pestano Decl."). As set forth above, however, the summary judgment standard does not apply here and, in ruling on AT&T Mobility's 12(b)(6) motion, the Court may properly consider the contracts that form the basis for Viva's claims. *Van Buskirk*, 284 F.3d at 980; *Ritchie*, 342 F.3d at 908; *Phoenix Solutions, Inc.*, 2007 U.S. Dist. LEXIS 89874 at 5.

The court may **not** consider the conclusory Declaration of Carolyn Pestano or any other extrinsic document. *Van Buskirk*, 284 F.3d at 980.

Further, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to Plaintiffs. *Id.* However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *Ramirez v. United Airlines, Inc.*, 416 F. Supp. 2d 792, 795 (N.D. Cal. 2005). When these standards are applied the First, Second, Fifth and Sixth Counterclaims must be dismissed.

3

CASE NO. CV 07-05463 WHA: REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO

**B.     The First Counterclaim Fails to Allege a Breach of the SMF Release.**

The First Counterclaim for breach of the SMF Release must be dismissed because it fails to allege an actionable breach. The terms of the SMF Release and the admissions contained in the Viva Claims support dismissal. In an effort to avoid this result, Viva argues, contrary to the allegation of the Viva Claims, the SMF Release is ambiguous (Oppositions at 6:25-8:4), enforcement of the terms as written in the contract is precluded by California Code of Civil Procedure section 1671 (Opposition at 8:5-9:18), and the terms of the SMF Release are unfair (Opposition at 9:20-10:10). None of these arguments saves the First Counterclaim.

**1. The SMF Release Is Not Ambiguous.**

Viva argues the First Counterclaim cannot be dismissed because the SMF Release is ambiguous. Opposition at 6:25-8:4. Viva's argument ignores the language of the SMF Release and takes an unreasonable position that the law regarding interpretation of contracts requires this court to reject.

> Under California contract law, "if the language [of a contract] is clear and explicit, and does not involve an absurdity" the language must govern the contract's interpretation. Cal. Civ. Code § 1638. Moreover, when a contract is written, "the intention of the parties is to be ascertained from the writing alone, if possible." Cal. Civ. Code § 1639. "[I]f reasonably practicable" a contract must be interpreted as a whole, "so as to give effect to every part, . . . each clause helping to interpret the other." Cal. Civ. Code § 1641.

*Comedy Club, Inc. v. Improv West Associates,* 2008 U.S. App. LEXIS 1258 at 12-13 (9th Cir. January 23, 2008).

"When a dispute arises over the meaning of contract language, the first question to be decided is whether the language is 'reasonably susceptible' to the interpretation urged by the party. If it is not, the case is over." *Oceanside 84 v. Fid. Fed. Bank*, 56 Cal. App. 4th 1441, 1448 (1997). Here, the interpretation offered by Viva is not reasonable.

4

CASE NO. CV 07-05463 WHA: REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO

Viva argues the SMF Release is ambiguous because it is unclear whether the agreement's introductory paragraph and provisions regarding payment, confidentiality and dispute resolution are in reference to the Original Dealer Agreement or the Dealer Agreement. Opposition at 6:25-8:4. The SMF Release is not "reasonably susceptible" to the interpretation urged by Viva. Miguel Decl. Exh. C. First, if Viva's interpretation were correct, the payment section of the SMF Release would have been illusory from its inception because the Original Dealer Agreement had already been superceded by the time the parties entered the SMF Release. Opposition at 7:11-15; Miguel Decl. Exhs. B and C. Second, the stray definition of "Dealer Agreement" upon which Viva makes its claim of ambiguity would render the bulk of the SMF Release meaningless. Miguel Decl. Exh. C. "California law provides that one phrase of a contract should not be interpreted so as to render another phrase of the contract meaningless." *Comedy Club, Inc.*, 2008 U.S. App. LEXIS 1258 at 13. Accordingly, the SMF Release cannot be found to be ambiguous because Viva's claimed interpretation of it is not reasonable. *Oceanside 84*, 56 Cal. App. 4th at 1448.

**2. The SMF Release Does Not Contain an Unenforceable Penalty Provision.**

The SMF Release does not contain a damages or "liquidated damages" provision. Miguel Decl. Exh. C. The Opposition attempts to write a liquidated damages provision into the SMF Release by recharacterizing the payment section, which provides "the Monthly Payment will be in effect under this 2/1/06 SMF Release for 24 consecutive months, or for as long as the Dealer Agreement is in effect, whichever is shorter," as a liquidated damages provision. Opposition at 8:6-9:18. This argument is defeated by the plain language of the SMF Release.

The Opposition's argument is based upon the conclusory assertion that the payments under the SMF Release "were vested", *i.e.* that the payments represented payments for monies already owed. Opposition at 9:5-7; Pestano Decl. ¶ 12 (which cannot be considered on a motion to dismiss). This claim is belied by the very language of the SMF Release.

5

CASE NO. CV 07-05463 WHA: REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO

The SMF Release clearly states "[a]s part of Cingular's effort to consolidate systems and simplify the compensation process, the parties have agreed to settle on a value for all SMF that Dealer [Viva] **is or will be eligible to earn**." Miguel Decl. Exh. C, ¶ 3 (Emphasis added). The SMF Release further explains the parties are entering into a settlement concerning the Subscriber Management Fees ("SMF"), *i.e.* residuals, "which Dealer would be eligible" "**to earn**" on a "Total Subscriber Base" of "subscribers Dealer [Viva] activated through and including January 31, 2006." Miguel Decl. Exh. C. In other words, the parties were entering into an agreement to eliminate a payment stream ("Total Subscriber Base") that would otherwise generate future income in the form of SMF. *Id.* The SMF Release's payment provision enforces this contractual reality by terminating monthly payments "upon termination or expiration of [Viva's] Dealer Agreement" – just as a Dealer would not be eligible to earn residuals if it was no longer a dealer, a dealer is not eligible for monthly payments under the SMF Release if it is no longer a dealer. *Id.*

Further, California Civil Code section 1671, upon which Viva relies, is very specific about what types of provisions constitute "liquidated damages provisions." Under that section, such provisions are "provision[s] in a contract liquidating the damages for the breach of the contract." Cal. Civ. Code § 1671. Neither the payment provision nor any other language in the SMF Release requires a forfeiture of the SMF Release's monthly payment or any other "penalty" if the SMF Release is breached (or even if the Dealer Agreement is breached). Because the plain language of the SMF Release shows that the provisions in the payment clause do not constitute penalties or damages for breach, California Civil Code section 1671 and the two cases upon which Viva relies are not applicable and Viva's argument fails.

### 3. Viva's Assertion of Unfairness Does Not Save Its Claim.

Finally, Viva argues the First Counterclaim for breach of the SMF Release should survive because AT&T Mobility may have acted in bad faith in connection with the Dealer Agreement. Opposition at 9:19-10:10. This is nothing more than a reargument of Viva's

6

**CASE NO. CV 07-05463 WHA: REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO**

Fourth Counterclaim for breach of the covenant of good faith and fair dealing and does not save the First Counterclaim.

Although Viva's First Counterclaim fails to allege a breach of contract cause of action against AT&T Mobility under the SMF Release, Viva argues the counterclaim should not be dismissed because AT&T Mobility may have acted in bad faith in connection with the separate Dealer Agreement. Opposition at 10:2-10. In support of this contention, Viva cites *Freeman & Mills Inc. v. Belcher Oil Co.*, 11 Cal. 4th 85, 91 (1995). *Freeman* does not support Viva's argument.

First, the *Freeman* court specifically limited the issue of that decision to "whether, and under what circumstances, a party to a contract may recover in tort for another party's bad faith denial of a contract's existence." *Freeman*, 11 Cal. 4th at 88. That is not the situation here. Second, the language quoted by Viva stands for nothing more than the established proposition that "the law implies in every contract a covenant of good faith and fair dealing. [Citations.] Broadly stated, this covenant requires that neither party do anything which will deprive the other of the benefits of the agreement." *Freeman*, 11 Cal. 4th at 91. Neither this language, nor anything else in the *Freeman* decision or California law, stands for the proposition that a breach of contract action can stand if the complainant alleges that the opponent acted in bad faith in connection with a different contract. *Id.*

* * * * * * * * * * *

As set forth in AT&T Mobility's moving papers, the admissions made in the First Counterclaim and the SMF Release itself show that Viva has not alleged breach under the SMF Release. The First Counterclaim should be dismissed. Further, as Viva's admissions preclude the amendment of the First Counterclaim, the dismissal should be without leave to amend.

C.  **The Second Counterclaim is Barred by the SMF Release.**

Viva does not contest that by entering into the SMF Release, it affirmatively waived all payment claims under the Original Dealer Agreement. Instead, it offers numerous

7

scenarios under which the SMF Release **might** be found unenforceable. Viva fails to allege any facts in the Viva Claims that would support any of these theories. *See, e.g.,* Counterclaims at ¶¶ 11-12 (discussing the entry into the SMF Release). To the contrary, Viva alleges in paragraph 36 of the Counterclaim that "AT&T entered into a valid and enforceable agreement with the Company (the SMF Release)."

In support of its argument, Viva asserts --erroneously -- that willful breach of contract is sufficient to justify rescission of the contract. First, Viva has not pled a claim for rescission. Second, in *Warner Bros. Pictures, Inc. v. Bumgarner*, 197 Cal. App. 2d 331, 350 (1961), the court actually held that under California Labor Code section 2925, a willful breach of an employment contract justifies termination of that employment contract – not rescission. Because Viva was not an employee and the SMF Release was not an employment agreement, *Warner* has no bearing on this action. Further, even under *Warner*, if a "willful breach of contract" were proven, the only remedy would be termination of the SMF Release, not its rescission.

*Harris v. Rudin, Richman & Appel*, 95 Cal.App.4th 1332, 1339 (2002) is similarly inapposite. First, there are no facts alleged in the Viva Claims to support an allegation of a mistake of fact, nor is there a mistake of fact alleged. Second, Viva again confuses Motions to Dismiss with Motions for Summary Judgment. In ruling on Motions to Dismiss, the Court **only** looks to the allegations made and facts contained on the face of the pleading or in incorporated contracts. *Phoenix Solutions, Inc. v. Sony Elecs., Inc.*, 2007 U.S. Dist. LEXIS 89874 at 5. No additional amount of discovery will change Viva's failure to allege facts to support rescission of the SMF Release.

Consequently, under the terms of the "valid and enforceable" SMF Release, Viva released all claims under the Original Dealer Agreement and the Second Counterclaim should be dismissed.

8

CASE NO. CV 07-05463 WHA: REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO

### D. The Fifth Counterclaim is Barred by the APA and Dealer Agreement.

Under section 2.6.3 of the Dealer Agreement, Viva affirmatively represented that it was "responsible for independently deciding on the location of each Approved Retail Agreement." Miguel Decl. Exh. B at section 2.6.3. Because Viva had sole responsibility to choose the store locations, Viva could not have reasonably relied on AT&T Mobility to provide it with information to make such determinations.

Viva seeks to avoid this result by arguing (1) no language of the Dealer Agreement is incorporated into the APA, despite the explicit language of the APA to the contrary; and (2) California law prohibits the use of disclaimers to insulate a party from a negligent misrepresentation claim. Opposition at 11:2-13:16. These arguments are unsupported by the contracts at issue, the allegations of the Viva Claims, and the law.

First, Section 13 of the APA provides: "The APA shall be construed and interpreted in conjunction with the [2006] Dealer Agreement and the 2/1/06 SMF Release. To the extent that this APA revises the terms of the Agreement or the 2/1/06 SMF Release, it shall be treated as an amendment to those respective documents." This language constitutes an incorporation of the terms of those agreements into the APA. "The contract need not recite that it 'incorporates' another document, so long as it 'guide[s] the reader to the incorporated document.'" *Shaw v. Regents of the Univ. of Cal.*, 58 Cal. App. 4th 44, 54 (1997). Thus, the provisions in the Dealer Agreement that "Dealer [Viva] is solely responsible for selecting any potential [retail] location....." are incorporated into the APA. Miguel Decl. ¶ 4, Exh. B at section 3.1.

Second, because Viva contractually agreed that it had sole responsibility to choose the store locations, Viva could not have reasonably relied on AT&T Mobility to provide it with information to make such determinations. *Id.* Nothing in the cases cited by Viva changes this conclusion.

In *OCM Principal Opportunities Fund, L.P. v. CIBC World Market Corp.*, 157 Cal.App.4th 835 (2007), the Court found that exculpatory language in an offering

CASE NO. CV 07-05463 WHA:  REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO

memorandum, which had been prepared by the defendant and received by the plaintiff did not, under the circumstances of that case, negate reasonable reliance. In particular, the court noted that the offering memorandum contained an "express invitation to base investment decisions on the offering memorandum," which essentially negated the disclaimers authorizing purchaser to obtain additional information but limiting CIBC's responsibility for the accuracy or completeness of such information. *Id.* at 867. Here, there are no such conflicting representations. Sections 2.6.3 and 3.1 of the Dealer Agreement unequivocally, state that Viva was solely responsible for determining the locations of its stores. Miguel Decl. ¶ 4, Exh. B at section 2.6.3 and 3.1. Further, unlike in CIBC, the disclaimer here is part of a negotiated agreement, executed by Viva. Miguel Decl. Exh. C and D. Viva affirmatively knew that one of its responsibilities was to determine where its stores should be located. It could not reasonably have relied on any assumption that AT&T Mobility would provide it with guidance on that issue.

Similarly, Viva's reliance on *McClain v. Octagon Plaza, LLC*, 2008 Cal.App.LEXIS 157 (2008), is misplaced. First, there is a split of authority in California whether California Civil Code section 1668 [barring contracts exempting anyone from responsibility for their own fraud] applies to negligent misrepresentations. *Blankenheim v. E. F. Hutton & Co.*, 217 Cal. App. 3d 1463, 1472 n.5 (1990); cf. *McClain*; *Werner v. Knoll*, 89 Cal. App. 2d 474, 476 (1948) ("Clearly said section 1668 does not declare unlawful all contracts, the object of which is to exempt individuals from the consequence of their own acts, but only those contracts which would exempt one from the consequences of his own fraud, willful injury or violation of law whether willful or negligent. It is noteworthy that the only use of the word negligent in said section is in a restrictive sense and only in connection with violations of law. Therefore it necessarily follows, that by the obvious omission from the provisions of said section 1668 of the Civil Code, contracts seeking to relieve individuals from the results of their own negligence are not invalid as against the policy of the law as therein provided, and hence are neither contrary to public policy nor expressed provision of the law as set forth

10

**CASE NO. CV 07-05463 WHA: REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO**

in said section 1667."); *Manderville v. PCG&S Group, Inc.*, 146 Cal. App. 4th 1486, 1500 (2007) ("It is well established in California that a party to a contract is precluded under section 1668 from contracting away his or her liability for fraud or deceit based on intentional misrepresentation.").

More critically, however, the statute has never been applied to negligent omissions. "Section 1668 provides that contracts exempting a party from liability for 'fraud' are against the policy of the law. Section 1572, which was enacted with section 1668 in 1872 as part of the original Civil Code, defines 'fraud' as, among other things, the 'positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true.'" *Blankenheim v. E. F. Hutton & Co.*, 217 Cal. App. 3d 1463, 1472 (1990) (emphasis added).

At best, Viva's Fifth Claim for negligent misrepresentation asserts that AT&T Mobility negligently concealed information from it. *See* Counterclaims. It does not allege that AT&T Mobility negligently made any positive assertion. *Id.* Such a claim not only fails to fall within Section 1668, but fails as a matter of law because, "to establish fraud through nondisclosure or concealment of facts, it is necessary to show the defendant 'was under a legal duty to disclose them.'" *OCM Principal Opportunities Fund, L.P.*, 157 Cal. App. 4th at 845. No such duty exists (or was alleged) in this arms-length transaction.

The language of section 2.6.3 and 3.1 of the Dealer Agreement bars any claim for "negligent omission" and the Fifth Counterclaim should be dismissed without leave to amend.

E.     **The Opposition Admits The Sixth Counterclaim Fails to State a Claim.**

The Sixth Counterclaim for alleged violation of Section 17200 fails because it seeks remedies unavailable under Section 17200 (damages, exemplary damages, attorney's fees and declaratory relief). In the Opposition, Viva admits this failing and asks the Court to grant leave "to replead [its] claim under section 17200 to allege a claim for restitution." Opposition at 16:15-16. Accordingly, the Court must dismiss the Sixth Counterclaim.

11

**CASE NO. CV 07-05463 WHA: REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO**

1  F.  **Viva is not Entitled to Relief Under Rule 56(f) Because this is Not a Motion for Summary Judgment.**

As set forth in section A, above, Viva has mischaracterized this motion to dismiss as a motion for "summary judgment." Viva's contention is contrary to the law, that "[u]nder the "incorporation by reference" rule of this Circuit, a court may look beyond the pleadings without converting the Rule 12(b)(6) motion into one for summary judgment." *Van Buskirk*, 284 F.3d at 980. As this motion cannot be properly recharacterized as a motion for summary judgment, Viva is not entitled to continue this motion and conduct discovery.

### III. CONCLUSION

For the foregoing reasons, AT&T Mobility respectfully requests that this Court grant its motion and dismiss the Sixth Counterclaim and the First, Second, and Fifth Counterclaims, without leave to amend.

DATED: February 21, 2008                KOHUT & KOHUT LLP

By: _____
Ronald J. Kohut, Esq.
Sarah K. Kohut, Esq.
Attorneys for Plaintiff
AT&T Mobility II, LLC

12

CASE NO. CV 07-05463 WHA: REPLY IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO DISMISS THE FIRST, SECOND, FIFTH AND SIXTH COUNTERCLAIMS OF CAROLYN PESTANO