Ronald J. Kohut, Esq. (SBN 66463)
*ron@kohutlaw.com*
Sarah K. Kohut, Esq. (SBN 197655)
*sarah@kohutlaw.com*
KOHUT & KOHUT LLP
3554 Round Barn Blvd., Suite 204
Santa Rosa, California  95403
Telephone: (707) 573-3100
Facsimile:  (707) 573-3101

Attorneys for Plaintiff and Cross-Defendant
AT&T MOBILITY II, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY II, LLC, a Delaware limited liability company,<br><br>            Plaintiff,<br><br>   v.<br><br>CAROLYN PESTANO, an individual,<br><br>            Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. CV 07-05463 WHA<br><br>SUPPLEMENTAL DECLARATION OF SARAH K. KOHUT IN SUPPORT OF MOTION BY AT&T MOBILITY II, LLC TO COMPEL ARBITRATION OF COUNTERCLAIMS OF CAROLYN PESTANO<br><br>[Reply; Declarations of Scott Davis, Matthew Woolsey and Ronald J. Kohut Filed Concurrently]<br><br><br>Date: March 6, 2008<br>Time: 8:00 a.m.<br>Courtroom: 9 |

I, SARAH K. KOHUT, declare:

1. I am an attorney at law, duly licensed to practice within the courts of the State of California and the United States District Courts of California, Eastern, Central, Southern and Northern Districts and am a special partner in the law firm of Kohut & Kohut LLP, attorneys of record for Plaintiff and Cross-Defendant AT&T Mobility II, LLC ("AT&T Mobility").

2. This Declaration is being submitted in support of AT&T Mobility's Motion to Compel Arbitration. I have personal knowledge of the following facts and, if called to testify, I could and would competently testify to those facts.

3. Attached as "Exhibit 1" is a true and correct copy of the Joint Case Management Statement filed by the parties in this action.

4. To date, AT&T Mobility has not propounded discovery in this action or amended the complaint to assert its claims against Viva.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 21, 2008, at Seattle, Washington.

Sarah K. Kohut

1

# EXHIBIT 1

# EXHIBIT 1

1  Ronald J. Kohut, Esq. (SBN 66463)
   *ron@kohutlaw.com*
2  Sarah K. Kohut, Esq. (SBN 197655)
   *sarah@kohutlaw.com*
3  KOHUT & KOHUT LLP
   3554 Round Barn Blvd., Suite 204
4  Santa Rosa, California 95403
   Telephone: (707) 573-3100
5  Facsimile: (707) 573-3101

6  Attorneys for Plaintiff
   AT&T MOBILITY II, LLC

7
                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9

10 AT&T MOBILITY II, LLC, a Delaware limited  )  Case No. C07-05463 WHA
11 liability company,                         )
                                              )
12              Plaintiff,                    )  **JOINT CASE MANAGEMENT**
                                              )  **STATEMENT**
13       v.                                   )
                                              )
14 CAROLYN PESTANO, an individual,            )
                                              )
15              Defendant.                    )
                                              )
16                                            )
17 AND RELATED COUNTERCLAIMS                  )

18
19
20
21
22
23
24
25
26
27
28

                                1

─────────────────────────────────────────
           JOINT CASE MANAGEMENT STATEMENT


Exhibit  1
Page  2

Plaintiff and Cross-Defendant AT&T MOBILITY II, LLC ("AT&T Mobility") and Defendant and Cross-Complainant Carolyn Pestano ("Pestano") hereby submit the following Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16-9, and the "Standing Order for All Judges of the Northern District of California."

On December 19, 2007, counsel for the parties met by telephonic conference to conduct the mandatory Rule 26(f) conference. AT&T Mobility was represented by Ronald J. Kohut and Sarah K. Kohut of Kohut & Kohut, LLP. Pestano was represented by Venkat Balasubramani of Balasubramani Law.

1. **Jurisdiction and Service.**

With respect to the claims asserted by AT&T Mobility in the Complaint:

Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332, Federal diversity jurisdiction. AT&T Mobility is a Delaware Limited Liability Company that is headquartered in Atlanta, Georgia and qualified to do business in California. Pestano is a resident of Washington State.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because the acts giving rise to this Complaint occurred in this Judicial District.

With respect to the counterclaims asserted by Pestano:

AT&T Mobility asserts that such claims are contractually subject to binding arbitration before the American Arbitration Association.

Pestano contends that jurisdiction is proper before this Court pursuant to 28 U.S.C. §1332, Federal diversity jurisdiction. AT&T Mobility is a Delaware Limited Liability Company that is headquartered in Atlanta, Georgia and qualified to do business in California. Pestano is a resident of Washington State.

Pestano contends that venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because the acts giving rise to the Counter-Claims occurred in this Judicial District.

2. **Facts and Principal Issues in Dispute.**

**AT&T Mobility states its claims as follows:**

AT&T Mobility and Viva Wireless, Inc. ("Viva") entered into an "Advance Payment Agreement" ("APA"), whereby AT&T Mobility advanced a certain sum to Viva ("Advance") and Viva promised to repay such sum on a monthly basis. In order to induce AT&T Mobility to make the Advance to Viva under the APA, Pestano executed a "Dealer Principal Personal Guaranty" ("Guaranty").

On or about, April 5, 2007, Viva informed AT&T Mobility that it was ceasing business. At the time Viva ceased business, $130,000.00 remained outstanding under the APA. AT&T Mobility declared all amounts owing under the APA and Guaranty to be immediately due and payable. Neither Viva nor Pestano has paid any portion of the $130,000.00 that remains outstanding under the APA and Guaranty.

AT&T Mobility filed a complaint against Pestano for (1) enforcement of guaranty and (2) breach of guaranty.

**Pestano states her defenses as follows:**

Pestano disputes that $130,000.00 remains outstanding under the APA. Pestano further argues that amounts outstanding under the APA should be offset against amounts AT&T Mobility owes to Viva, including under a document executed by the parties entitled the "SMF Release." Pestano additionally argues that AT&T Mobility should have disclosed to Pestano certain information prior to entry into the APA.

**Pestano states her counterclaims as follows:**

Pestano's counterclaims against AT&T Mobility arise out of AT&T Mobility's conduct relating to a dealer agreement in place between the parties (the "Dealer Agreement"). Pestano alleges that (1) AT&T Mobility failed to enforce its policies in an even-handed manner; (2) AT&T Mobility saturated the market with dealers, notwithstanding the fact that the market could not support the number of existing dealers; and (3) AT&T Mobility failed to pay Pestano certain amounts it withheld upon termination of the relationship.

**AT&T Mobility states its defenses as follows:**

Pestano's First Counterclaim fails to state an actionable breach of the SMF Release by AT&T Mobility. Pestano's Second Counterclaim is expressly barred by the terms of the SMF Release. Pestano's Fifth Counterclaim is barred by the express terms of the APA and Dealer Agreement. Pestano's Sixth Counterclaim fails to state a claim because the remedies sought by Pestano are unavailable under California Business & Professions Code Section 17200 *et seq*. AT&T Mobility also believes that each of Pestano's Counterclaims is barred by the limitation of actions provisions contained in the relevant agreements and by her failure to follow the dispute resolution procedures set forth in the relevant agreements.

3.   **Legal Issues.**

With respect to the complaint, AT&T Mobility contends the Guaranty should be enforced and interpreted according to its terms and the basic tenets of contract law.

Pestano contends that the amounts AT&T Mobility alleges are owed should be offset by amounts otherwise owed by AT&T Mobility to Pestano. Pestano agrees that the main legal issues will surround contract interpretation, including interpretation of the SMF Release as it relates to the APA.

With respect to the counterclaims, Pestano contends the principal legal issues surround contract law and interpretation of the Dealer Agreement in place between Viva and AT&T Mobility. Resolution of Pestano's counterclaims may involve interpretation of California Business and Professions Code Section 17200, *et seq*.

AT&T Mobility contends that the principal legal issues raised by the counterclaims involve contract law and the interpretation of the "AT&T Wireless Exclusive Dealer Agreement" ("Original Dealer Agreement"), the Dealer Agreement, SMF Release and APA. AT&T Mobility also contends that Pestano has failed to state a claim under California Business and Professions Code Section 17200, *et seq*.

4.   **Motions.**

AT&T Mobility filed a motion to compel arbitration on the basis that the counterclaims asserted by Pestano, which were allegedly assigned to her by Viva, are

Case 3:07-cv-05463-WHA    Document 49    Filed 02/21/2008    Page 8 of 16
Case 3:07-cv-05463-WHA    Document 25    Filed 01/24/2008    Page 5 of 13

1  contractually subject to arbitration ("Motion to Compel Arbitration"). The motion to
2  compel arbitration is set for hearing on March 6, 2008.
3        AT&T Mobility filed a motion to dismiss the First, Second, Fifth and Sixth
4  Counterclaims ("Motion to Dismiss"). The Motion to Dismiss is set for hearing on March
5  6, 2008.
6        AT&T Mobility filed a motion to seal Exhibits B-D of the Declaration of Marc
7  Miguel filed in support of the Motion to Compel Arbitration and Motion to Dismiss.
8  Exhibits B-D constitute the Dealer Agreement, SMF Release, and APA, which are subject
9  to confidentiality provisions and contain proprietary information of AT&T Mobility.
10 AT&T Mobility also moved to seal those portions of the Motion to Dismiss and the Motion
11 to Compel Arbitration, which quote language from those agreements. Pestano objects to
12 AT&T Mobility's request to seal.
13       Carolyn Pestano does not anticipate bringing any motions at this time, but objects to
14 AT&T Mobility's Motion to Compel Arbitration and AT&T Mobility's request to seal
15 documents.
16     **5.**    **Amendment of Pleadings.**
17       AT&T Mobility will move to amend its complaint to add Viva as a party and to add
18 claims against Viva if its Motion to Compel Arbitration is denied.
19       AT&T Mobility suggests a deadline to amend the pleadings that is thirty (30) days
20 after the Court's ruling on the motion to compel arbitration.
21       Pestano suggests a deadline to amend the pleadings which is 120 days from the date
22 of entry of the scheduling order.
23     **6.**    **Evidence Preservation.**
24       AT&T Mobility has instructed its employees who possess information or documents
25 relevant to this action to preserve all such information and documents that currently exist.
26 Pestano represents that the information and documents relevant to this action have been
27 maintained and are accessible.
28

5

JOINT CASE MANAGEMENT STATEMENT

Exhibit  1
Page  6

Case 3:07-cv-05463-WHA   Document 49   Filed 02/21/2008   Page 9 of 16
Case 3:07-cv-05463-WHA   Document 25   Filed 01/24/2008   Page 6 of 13

7. **Disclosures.**

Pestano will provide AT&T Mobility her initial disclosures on or before January 24, 2008.

AT&T Mobility will make its initial disclosures on AT&T Mobility's claims against Pestano in accordance with the deadline initially set by the Court (January 24, 2008). AT&T Mobility contends that initial disclosures applicable to the counterclaims and Pestano's offset claims are inappropriate until such time as this Court determines the Motion to Compel Arbitration and objects (as it did in the December 19, 2007 Rule 26(f) conference), to conducting initial disclosures applicable to the counterclaims and Pestano's offset claims until such time as the Motion to Compel Arbitration has been decided. AT&T Mobility requests that initial disclosures on the counterclaims and Pestano's offset claims be deferred until fourteen (14) days the Court rules on AT&T Mobility's Motion to Compel Arbitration.

Pestano objects to deferring any of the initial disclosures or discovery.

8. **Discovery.**

The Parties have not conducted any discovery to date. The scope of discovery will depend upon whether or not the Court compels Pestano to arbitrate her counterclaims. If AT&T Mobility successfully argues that Pestano's counterclaims are subject to arbitration, this would limit the scope of discovery to AT&T Mobility's claims under the Guaranty and defenses thereto (the parties disagree on the precise scope of the discovery). The Parties do not propose any limitations or modifications of the discovery rules at this time. The Parties propose the following discovery plan pursuant to Rule 26(f):

> (A) the parties agree to complete initial disclosures on AT&T Mobility's claims against Pestano on or before January 24, 2008. AT&T Mobility contends that initial disclosures and discovery regarding Pestano's counterclaims and offset claims should be deferred until fourteen (14) days after the Court rules on the Motion to Compel Arbitration which is set to be heard on March 6, 2008. Pestano opposes deferring any initial disclosures or discovery;

6

JOINT CASE MANAGEMENT STATEMENT

Exhibit __1__
Page __7__

(B) the parties agree that discovery on the amounts owed by Pestano under the APA is appropriate regardless of resolution of the Motion to Compel Arbitration. Pestano additionally submits that regardless of whether the Court grants or denies AT&T Mobility's Motion to Compel Arbitration, some discovery into amounts owed by AT&T Mobility to Pestano is appropriate. AT&T Mobility disagrees. The parties agree that in the event the Court denies AT&T Mobility's Motion to Compel Arbitration, discovery will be appropriate on amounts allegedly owed to Pestano, including under the SMF Release, AT&T Mobility's conduct under the Dealer Agreement and all other issues raised by the counterclaims alleged by Pestano;

(C) the parties do not anticipate any issues regarding disclosure or discovery of electronically stored information, including the form or forms in which it should be produced;

(D) the parties do not request the court to address any issues regarding a procedure for resolving disputes as to privilege or of protection as trial-preparation materials at this time however, AT&T Mobility contends that a protective order will need to be entered in this action as numerous documents subject to discovery constitute proprietary and confidential information of AT&T Mobility;

(E) the parties do not request any changes to the limitations on discovery imposed under these rules or by local rule; and

(F) the parties do not request that the Court issue any orders under Rule 26(c) or under Rule 16(b) and (c) except as requested in paragraph 8(A) above.

9. **Class Actions.**

This action is not a class action and the claims asserted in the complaint and counterclaims are not claims subject to class treatment.

10. **Related Cases.**

The Parties are not aware of any related cases.

11. **Relief.**

AT&T Mobility seeks the recovery of the $130,000 due and owing under the APA and Guaranty; prejudgment interest at the legal rate on the sum of $130,000, accruing through the date of judgment; and AT&T Mobility's reasonable attorneys' fees, costs, and expenses. Pestano contends that if she is found liable under the Guaranty, she should be liable under the Guaranty only to the extent these amounts are actually outstanding under

1 the APA, and to the extent such amounts are not extinguished by amounts owed by AT&T
2 Mobility to Pestano under the SMF Release or otherwise.
3   Pestano seeks a yet-unidentified sum from AT&T Mobility (the sum will be
4 determined by evidence in AT&T Mobility's possession and control). Principally, Pestano
5 seeks (1) amounts which Viva is owed under the Dealer Agreement (as compensation) –
6 which would be measured under the provisions of the Dealer Agreement and (2) damages
7 caused by AT&T Mobility to Viva's business and the costs and losses associated with its
8 winding down.

  **12. Settlement and ADR.**

  AT&T Mobility and Pestano both consent to mediation before a court appointed mediator (as set forth in the joint ADR filing filed by the parties). The Parties have also attempted to informally settle the present action but such efforts have not been successful to date.

  **13. Consent to Magistrate Judge for All Purposes.**

  The Parties do not consent to a Magistrate Judge for all purposes. A "Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge" was filed by AT&T Mobility on December 20, 2007.

  **14. Other References.**

  AT&T Mobility contends that Pestano's counterclaims should be compelled to binding arbitration in accordance with the contracts from which such claims arise. Pestano does not agree that her counterclaims are subject to binding arbitration. The Parties do not believe that any other reference is suitable at this time.

  **15. Narrowing of Issues.**

  At this time, the Parties have not identified any issues that may be narrowed by agreement.

  AT&T Mobility has brought a Motion to Dismiss the First, Second, Fifth and Sixth Counterclaims.

1    AT&T Mobility has brought a motion to compel arbitration of Pestano's
2 counterclaims.
3    **16.   Expedited Schedule.**
4    The Parties do not believe that this action is suitable for handling on an expedited
5 basis.
6    **17.   Scheduling.**
7    The parties disagree as to the time necessary to complete discovery.
8    Subject to AT&T Mobility's motion to compel arbitration, AT&T Mobility
9 proposes the following scheduling dates:
10    Designation of Experts:  Initial Designation:  July 14, 2008
11                              Rebuttal Designation:  August 4, 2008
12    Discovery Cut-Off:  July 7, 2008
13    Expert Discovery Cut-Off:  August 29, 2008
14    Dispositive Motion Cut-Off:  September 15, 2008
15    Pretrial Conference:  November 3, 2008
16    Trial:  December 1, 2008.
17    Pestano submits that the above proposed schedule is unduly compressed
18 (particularly given the initial anticipated motions practice), and submits the following
19 dates:
20    Designation of Experts:  Initial Designation:  September 19, 2008
21                              Rebuttal Designation:  October 3, 2008
22    Discovery Cut-Off:  September 5, 2008
23    Expert Discovery Cut-Off:  October 31, 2008
24    Dispositive Motion Cut-Off:  November 28, 2008
25    Pretrial Conference:  January 8, 2009
26    Trial:  February 2, 2009.
27
28

18. **Trial.**

Pestano requests a trial by jury. The Parties estimate a trial length of approximately three days if AT&T's Motion to Compel Arbitration is granted and two weeks, if it is denied.

19. **Disclosure of Non-Party Interested Entities or Persons.**

AT&T Mobility filed its "Certification of Interested Entities or Persons" on January 17, 2008. Pestano filed her "Certification of Interested Entities or Persons" on October 25, 2007.

Pestano restates the content of her Certification of Interested Entities or Persons (identifying any person or entity known to have either (1) a financial interest in the subject matter in controversy or in a party to the proceeding; or (2) any other kind of interest that could be substantially affected by the outcome of the proceeding) as follows: **Viva Wireless, Inc.**

20. **Other Matters.**

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

| | | |
|---|---|---|
| 1 | DATED: January 23, 2008 | KOHUT & KOHUT LLP |

By:_____
  Ronald J. Kohut, Esq.
  (SBN 66463)
  Sarah K. Kohut, Esq.
  (SBN 197655)
  Attorneys for Plaintiff
  AT&T Mobility II, LLC

DATED: January 23, 2008        BALASUBRAMANI LAW

By:_____
  Venkat Balasubramani, Esq.
  (SBN 189192)
  Attorneys for Defendant
  Carolyn Pestano

11

JOINT CASE MANAGEMENT STATEMENT

Exhibit 1
Page 12

| | | |
|---|---|---|
| 1 | DATED: January 23, 2008 | KOHUT & KOHUT LLP |
| 2 | | |
| 3 | | By: /s/ *signature* |
| 4 | | Ronald J. Kohut, Esq.<br>(SBN 66463) |
| 5 | | Sarah K. Kohut, Esq.<br>(SBN 197655) |
| 6 | | Attorneys for Plaintiff<br>AT&T Mobility II, LLC |
| 9 | DATED: January 23, 2008 | BALASUBRAMANI LAW |
| 11 | | By: _____ |
| 12 | | Venkat Balasubramani, Esq.<br>(SBN 189192) |
| 13 | | Attorneys for Defendant<br>Carolyn Pestano |

11

JOINT CASE MANAGEMENT STATEMENT

Exhibit __1__
Page __13__

## CERTIFICATE OF SERVICE

The undersigned herby certifies that on this 24th day of January, 2008 the undersigned caused the foregoing **JOINT CASE MANAGEMENT STATEMENT** to be filed via the Court's electronic filing (cm/ecf) system, which will provide notice to counsel for Defendants

Venkat Balasubramani
BALASUBRAMANI LAW
2426 40th Ave., SW
Seattle Washington 98136

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on January 24, 2008, at Costa Mesa, California.

*[signature]*
AYRIKA S. FERNANDES