Ronald J. Kohut, Esq. (SBN 66463)
Sarah K. Kohut, Esq. (SBN 197655)
KOHUT & KOHUT LLP
3554 Round Barn Blvd., Suite 204
Santa Rosa, California  95403
Telephone: (707) 573-3100
Facsimile:  (707) 573-3101

Attorneys for Plaintiff
AT&T MOBILITY II LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY II, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN PESTANO, an individual, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. CV 07-05463 WHA <br><br> **ANSWER OF AT&T MOBILITY II LLC TO AMENDED COUNTERCLAIMS OF CAROLYN PESTANO** |

Plaintiff and Counter-Respondent AT&T MOBILITY II LLC ("AT&T MOBILITY") responds to the Amended Counterclaims asserted by Defendant and Counterclaimant Carolyn Pestano ("Pestano") as follows:

A.    **Parties; Jurisdiction; and Venue**

1.    AT&T MOBILITY ADMITS the allegations set forth at paragraph 1 of the Amended Counterclaims.

2.    AT&T MOBILITY ADMITS it is a Delaware limited liability company and DENIES the remainder of the allegations set forth at paragraph 2 of the Amended Counterclaims.

1

3. AT&T MOBILITY ADMITS this Court has personal jurisdiction over it and DENIES the remaining allegations set forth in paragraph 3 of the Amended Counterclaims.

4. AT&T MOBILITY ADMITS venue is proper in this Court and DENIES the remaining allegations set forth in paragraph 4 of the Amended Counterclaims.

**B.    Viva Wireless, Inc. - Background**

5. AT&T MOBILITY ADMITS Pestano is and at all relevant times was, the CEO of Viva Wireless, Inc. AT&T MOBILITY ADMITS Viva Wireless Inc. and AT&T MOBILITY entered into an exclusive dealer agreement. AT&T MOBILITY does not possess information or knowledge sufficient to admit or deny the allegation set forth at paragraph 5 of the Amended Counterclaims that "Viva is a closely held company with many of Pestano's family members as shareholders and employees," but notes that such allegation contradicts the admission made by Pestano in response to paragraph 4 of the Complaint filed by AT&T MOBILITY in this action. AT&T MOBILITY does not possess information or knowledge sufficient to admit or deny the allegations set forth at paragraph 5, footnote 1, of the Amended Counterclaims that "Viva Wireless, Inc. assigned to Pestano its claims which Pestano asserts against AT&T in this action." AT&T MOBILITY admits that Viva Wireless Inc. sold AT&T MOBILITY products and services through kiosks located in shopping malls. AT&T MOBILITY DENIES the remaining allegations set forth in paragraph 5 of the Amended Counterclaims.

6. AT&T DENIES "the Company was consistently one of the top performing AT&T dealers and won numerous accolades." AT&T MOBILITY ADMITS the remaining allegations set forth at paragraph 6 of the Amended Counterclaims.

7. AT&T MOBILITY admits that in 2001 Viva Wireless Inc. and AT&T Wireless Services, Inc. entered into an Exclusive Dealer Agreement. AT&T MOBILITY ADMITS that Cingular Wireless LLC and AT&T Wireless Services, Inc. contributed assets to Cingular Wireless II LLC. AT&T MOBILITY DENIES the remaining allegations of paragraph 7 and footnote 2 of the Amended Counterclaims.

8. AT&T MOBILITY DENIES the Original Dealer Agreement "contained numerous restrictions on [Viva Wireless Inc.'s] marketing practices." AT&T MOBILITY ADMITS the remaining allegations set forth at paragraph 8 of the Amended Counterclaims.

9. AT&T MOBILITY DENIES the allegations set forth at paragraph 9 of the Amended Counterclaims.

10. AT&T MOBILITY DENIES the allegations set forth at paragraph 10 of the Amended Counterclaims.

C. **The SMF Release; The Advance Payment Agreement**

11. AT&T MOBILITY ADMITS Cingular Wireless II LLC and Viva Wireless, Inc. entered into a "Cingular Wireless Exclusive Dealer Agreement" effective January 1, 2006 ("Dealer Agreement"). AT&T MOBILITY ADMITS the Dealer Agreement superseded the Original Dealer Agreement. AT&T MOBILITY ADMITS Cingular Wireless II LLC is now known as AT&T Mobility II LLC. AT&T MOBILITY DENIES the remaining allegations set forth at paragraph 11 of the Amended Counterclaims.

12. AT&T MOBILITY ADMITS Cingular Wireless II LLC and Viva Wireless, Inc. entered into a "Settlement and Release Concerning Dealer's Pre-2/1/06 Total Subscriber Base (2/1/06 SMF Release)" effective February 1, 2006. AT&T MOBILITY ADMITS that under the SMF Release Cingular Wireless II LLC was obligated to make a one time payment of $192,152.64 to Viva Wireless, Inc. AT&T MOBILITY DENIES the remainder of the allegations set forth at paragraph 12 of the Amended Counterclaims.

13. AT&T MOBILITY ADMITS it drafted the SMF Release. AT&T MOBILITY DENIES the remaining allegations set forth at paragraph 13 of the Amended Counterclaims.

14. AT&T MOBILITY DENIES the allegations set forth at paragraph 14 of the Amended Counterclaims.

15. AT&T MOBILITY ADMITS "Cingular and the Company discussed the possibility of the Company receiving an advance of the funds." AT&T MOBILITY DENIES that such funds were "owed under the SMF Release." AT&T MOBILITY

DENIES that Viva Wireless Inc. "expressed its concerns that there was a high degree of dealer concentration in the Northern California market." AT&T MOBILITY ADMITS the remaining allegations of paragraph 15 of the Amended Counterclaims.

16. AT&T MOBILITY ADMITS Viva Wireless Inc. expressed concerns regarding another dealer's customer service practices. AT&T MOBILITY does not possess information or knowledge sufficient to admit or deny the remaining allegations set forth at paragraph 16 of the Amended Counterclaims.

17. AT&T MOBILITY DENIES the allegations set forth at paragraph 17 of the Amended Counterclaims.

18. AT&T MOBILITY ADMITS Viva Wireless, Inc. and Cingular Wireless II LLC entered into the Advanced Payment Agreement and that Cingular Wireless II LLC advanced the sum of $250,000.00 to Viva Wireless, Inc. under the terms of the Advanced Payment Agreement. AT&T MOBILITY ADMITS the Advanced Payment Agreement contains the quoted language but such language has been taken out of context and AT&T MOBILITY DENIES that it possesses the meaning the partially quoted language implies. AT&T MOBILITY DENIES the remaining allegations set forth at paragraph 18 of the Amended Counterclaims.

19. AT&T MOBILITY DENIES the allegations set forth at paragraph 19 of the Amended Counterclaims.

20. AT&T MOBILITY ADMITS the allegations set forth at paragraph 20 of the Amended Counterclaims.

**D.   Cingular's Failure to Address Issues in the Market; Viva Winds Down**

21. AT&T MOBILITY DENIES that Viva Wireless Inc. "substantially fulfilled its non-monetary obligations under the Advanced Payment Agreement." AT&T MOBILITY does not possess information or knowledge sufficient to admit or deny the remaining allegations set forth at paragraph 21 of the Amended Counterclaims.

22. AT&T MOBILITY DENIES the allegations set forth at paragraph 22 of the Amended Counterclaims.

23.   AT&T MOBILITY DENIES the allegations set forth at paragraph 23 of the Amended Counterclaims.

24.   AT&T MOBILITY ADMITS Viva Wireless Inc. made some complaints about another dealer. AT&T MOBILITY DENIES "Cingular failed to respond adequately to these complaints." AT&T MOBILITY does not possess information or knowledge sufficient to admit or deny the remaining allegations set forth at paragraph 24 of the Amended Counterclaims.

25.   AT&T MOBILITY does not possess information or knowledge sufficient to admit or deny the allegations set forth at paragraph 25 of the Amended Counterclaims.

26.   AT&T MOBILITY DENIES the allegations set forth at paragraph 26 of the Amended Counterclaims.

27.   AT&T MOBILITY ADMITS the allegations set forth at paragraph 27 of the Amended Counterclaims.

28.   AT&T MOBILITY DENIES that it "has yet to provide an accounting with respect to the funds it withheld upon termination of the relationship." AT&T MOBILITY ADMITS it sent Pestano a letter setting forth the amounts she and Viva Wireless Inc. owed to AT&T MOBILITY pursuant to the terms of the Advanced Payment Agreement and Dealer Agreement. AT&T MOBILITY does not possess information or knowledge sufficient to admit or deny the remaining allegations set forth at paragraph 28 of the Amended Counterclaims.

**FIRST CLAIM: BREACH OF CONTRACT (SMF RELEASE)**

29.   AT&T MOBILITY realleges its responses to paragraphs 1 through 28 of the Amended Counterclaims as though fully set forth herein.

30.   AT&T MOBILITY ADMITS the allegations set forth in paragraph 30 of the Amended Counterclaims.

31.   AT&T MOBILITY DENIES the allegations set forth at paragraph 31 of the Amended Counterclaims.

32. AT&T MOBILITY DENIES the allegations set forth at paragraph 32 of the Amended Counterclaims.

33. AT&T MOBILITY DENIES the allegations set forth at paragraph 33 of the Amended Counterclaims.

**SECOND CLAIM: BREACH OF CONTRACT (ORIGINAL DEALER AGREEMENT)**

34. AT&T MOBILITY realleges its responses to paragraphs 1 through 28 of the Amended Counterclaims as though fully set forth herein.

35. AT&T MOBILITY ADMITS Viva Wireless Inc. and AT&T Wireless Services Inc. were parties to a valid and enforceable dealer agreement. With respect to the remaining allegations of paragraph 35 of the Amended Counterclaims, AT&T MOBILITY states that the document speaks for itself.

36. AT&T MOBILITY DENIES the allegations set forth at paragraph 36 of the Amended Counterclaims.

37. AT&T MOBILITY DENIES the allegations set forth at paragraph 37 of the Amended Counterclaims.

**THIRD CLAIM: BREACH OF CONTRACT (DEALER AGREEMENT)**

38. AT&T MOBILITY realleges its responses to paragraphs 1 through 28 of the Amended Counterclaims as though fully set forth herein.

39. AT&T MOBILITY ADMITS the allegations set forth at paragraph 39 of the Amended Counterclaims.

40. AT&T MOBILITY ADMITS the Dealer Agreement requires AT&T MOBILITY to return any remaining reserve to Viva Wireless, Inc. AT&T MOBILITY DENIES the remaining allegations set forth at paragraph 40 of the Amended Counterclaims.

41. AT&T MOBILITY DENIES the allegations set forth at paragraph 41 of the Amended Counterclaims.

**FOURTH CLAIM: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

42.  AT&T MOBILITY realleges its responses to paragraphs 1 through 28 of the Amended Counterclaims as though fully set forth herein.

43.  AT&T MOBILITY does not possess information or knowledge sufficient to admit or deny the allegations set forth at paragraph 43 of the Amended Counterclaims.

44.  AT&T MOBILITY does not possess information or knowledge sufficient to admit or deny the allegations set forth at paragraph 44 of the Amended Counterclaims.

45.  AT&T MOBILITY DENIES the allegations set forth at paragraph 45 of the Amended Counterclaims.

46.  AT&T MOBILITY DENIES the allegations set forth at paragraph 46 of the Amended Counterclaims.

47.  AT&T MOBILITY DENIES the allegations set forth at paragraph 47 of the Amended Counterclaims.

48.  AT&T MOBILITY DENIES the allegations set forth at paragraph 48 of the Amended Counterclaims.

**FIFTH CLAIM: NEGLIGENT MISREPRESENTATION**

49.  AT&T MOBILITY realleges its responses to paragraphs 1 through 28 of the Amended Counterclaims as though fully set forth herein.

50.  AT&T MOBILITY DENIES the allegations set forth at paragraph 50 of the Amended Counterclaims.

51.  AT&T MOBILITY DENIES the allegations set forth at paragraph 51 of the Amended Counterclaims.

52.  AT&T MOBILITY DENIES the allegations set forth at paragraph 52 of the Amended Counterclaims.

53.  AT&T MOBILITY DENIES the allegations set forth at paragraph 53 of the Amended Counterclaims.

54.  AT&T MOBILITY DENIES the allegations set forth at paragraph 54 of the Amended Counterclaims.

**SIXTH CLAIM: UNFAIR BUSINESS PRACTICES (§ 17200)**

55. AT&T MOBILITY realleges its responses to paragraphs 1 through 28 of the Amended Counterclaims as though fully set forth herein.

56. AT&T MOBILITY DENIES the allegations set forth at paragraph 56 of the Amended Counterclaims.

57. AT&T MOBILITY ADMITS that one of the purposes the SMF Release recites is to simplify the compensation process. AT&T MOBILITY DENIES the remaining allegations set forth at paragraph 57 of the Amended Counterclaims.

58. AT&T MOBILITY DENIES the allegations set forth at paragraph 58 of the Amended Counterclaims.

59. AT&T MOBILITY DENIES the allegations set forth at paragraph 59 of the Amended Counterclaims.

60. AT&T MOBILITY DENIES the allegations set forth at paragraph 60 of the Amended Counterclaims.

**RELIEF REQUESTED BY PESTANO**

AT&T MOBILITY DENIES that Pestano is entitled to any of the relief requested in the Amended Counterclaims.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Standing)

1. As a first affirmative defense to the Amended Counterclaims, AT&T MOBILITY is informed and believes, and on that basis alleges, that the Amended Counterclaims, and every cause of action alleged, fails because Viva Wireless Inc. did not properly assign its claims to Pestano, and, therefore, Pestano does not have standing to assert the Amended Counterclaims, or any of them.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Comply with Notice of Grievance Requirement)

2. As a second affirmative defense to the Amended Counterclaims, AT&T MOBILITY alleges that the Amended Counterclaims, and every cause of action alleged, are barred by Viva Wireless Inc. and/or Pestano's failure to comply with paragraph 10.1 of the Original Dealer Agreement and paragraph 11.1 of the Dealer Agreement, which require any claim or dispute to be presented to AT&T MOBILITY within 120 days of the date Viva Wireless Inc. became aware or should have become aware of such grievance or dispute.

## THIRD AFFIRMATIVE DEFENSE

### (Set-off)

3. As a third affirmative defense to the Amended Counterclaims, AT&T MOBILITY alleges that Pestano's alleged damages if any, are subject to set-off or offset for amounts owed by Pestano and Viva Wireless, Inc. to AT&T MOBILITY.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4. As a fourth affirmative defense to the Amended Counterclaims, AT&T MOBILITY alleges that the Amended Counterclaims, and every cause of action alleged, fails because Pestano/Viva Wireless Inc. has waived any claim she might have against AT&T MOBILITY by her own acts, conduct, omissions, or otherwise, and therefore is precluded from maintaining the Amended Counterclaims and from obtaining judgment against AT&T MOBILITY.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5. As a fifth affirmative defense to the Amended Counterclaims, AT&T MOBILITY alleges Pestano/Viva Wireless Inc. acquiesced in the practices about which she now complains and therefore is estopped from maintaining the Amended Counterclaims and from obtaining judgment against AT&T MOBILITY.

### SIXTH AFFIRMATIVE DEFENSE

### (Ratification)

6. As a sixth affirmative defense to the Amended Counterclaims, AT&T MOBILITY alleges Pestano/Viva Wireless Inc. ratified the practices complained of in the Amended Counterclaims.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

7. As a seventh affirmative defense to the Amended Counterclaims, AT&T MOBILITY is informed and believes, and on that basis alleges, that to the extent Pestano has suffered any damages as a result of any alleged activities of AT&T MOBILITY (which AT&T MOBILITY denies), Pestano's damages are attributable, in whole or in part, to her own conduct in failing to take action to mitigate or minimize such purported damages, as required by law.

### EIGHTH AFFIRMATIVE DEFENSE

### (Arbitration)

8. As an eighth affirmative defense to the Amended Counterclaims, AT&T MOBILITY alleges that the Amended Counterclaims, and every cause of action alleged, are subject to valid and binding agreements to arbitrate.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Allege Breach)

9. As a ninth affirmative defense to the First Claim set forth in the Amended Counterclaims, AT&T MOBILITY alleges the First Claim fails to state a cause of action because the allegations of the First Claim fail to allege a breach of the SMF Release.

### TENTH AFFIRMATIVE DEFENSE

### (Terms of Contract Bar Claim)

10. As a tenth affirmative defense to the Second Claim set forth in the Amended Counterclaims, AT&T MOBILITY alleges the Second Claim is barred by the terms of the SMF Release. Specifically, by entering into the SMF Release Viva Wireless Inc.

"expressly covenants and agrees forever to refrain from bringing any arbitration, suit, or proceeding at law or in equity against any and all of the Released Parties and their successors in interest or assigns, arising out of or in any way related to any claim released in this 2/1/06 SMF Release."

### ELEVENTH AFFIRMATIVE DEFENSE
### (Barred by Limitations of Action)

11. As an eleventh affirmative defense to the Second Claim set forth in the Amended Counterclaims, AT&T MOBILITY alleges the Second Claim is barred by the limitation of actions provision contained in paragraph 10.2.2 of the Original Dealer Agreement.

### TWELFTH AFFIRMATIVE DEFENSE
### (Laches)

12. As a twelfth affirmative defense to the Second Claim set forth in the Amended Counterclaims, AT&T MOBILITY alleges that Pestano/Viva Wireless Inc. has unreasonably delayed pursuing her legal rights against AT&T MOBILITY to the substantial prejudice of AT&T MOBILITY and, as a result, Pestano/Viva Wireless Inc. is precluded by the doctrine of laches from asserting the Second Claim against AT&T MOBILITY.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Terms of Contract Bar Claim)

13. As a thirteenth affirmative defense to the Third Claim set forth in the Amended Counterclaims, AT&T MOBILITY alleges the Third Claim fails to state a claim for breach of contract because the acts complained of are authorized under the Dealer Agreement and the duties alleged are not owed under the Dealer Agreement.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Terms of Contract Bar Claim)

14.    As a fourteenth affirmative defense to the Fourth Claim set forth in the Amended Counterclaims, AT&T MOBILITY alleges the Fourth Claim fails to state a claim because the acts complained of are authorized by the Original Dealer Agreement and Dealer Agreement.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Laches)

15.    As a fifteenth affirmative defense to the Fourth Claim set forth in the Amended Counterclaims, AT&T MOBILITY alleges that to the extent the claim is tied to the Original Dealer Agreement, Pestano/Viva Wireless Inc. has unreasonably delayed pursuing her legal rights against AT&T MOBILITY to the substantial prejudice of AT&T MOBILITY and, as a result, Pestano/Viva Wireless Inc. is precluded by the doctrine of laches from asserting the Fourth Claim regarding the Original Dealer Agreement against AT&T MOBILITY.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Terms of Contract bar Claim)

16.    As a sixteenth affirmative defense to the Fifth Claim set forth in the Amended Counterclaims, AT&T MOBILITY alleges the Fifth Claim fails to state a claim because the terms of the Dealer Agreement and Advanced Payment Agreement expressly preclude justifiable reliance by Pestano/Viva Wireless Inc. upon the misrepresentations alleged in the Fifth Claim.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

17.    As a seventeenth affirmative defense to the Sixth Claim set forth in the Amended Counterclaims, AT&T MOBILITY alleges the claim is barred by the doctrine of judicial estoppel because in the original Counterclaims, Pestano admitted the validity and enforceability of the SMF Release upon which the Sixth Claim is based.

ANSWER OF AT&T MOBILITY II LLC TO AMENDED COUNTERCLAIMS

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

18. As an eighteenth affirmative defense to the Sixth Claim set forth in the Amended Counterclaims, AT&T MOBILITY alleges Pestano/Viva Wireless Inc. has unreasonably delayed pursuing her legal rights against AT&T MOBILITY to the substantial prejudice of AT&T MOBILITY and, as a result, Pestano/Viva Wireless Inc. is precluded by the doctrine of laches from asserting the Sixth Claim.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Remedy)

19. As a nineteenth affirmative defense to the Sixth Claim set forth in the Amended Counterclaims, AT&T MOBILITY alleges the Sixth Claim fails to state a claim because there is nothing to restore to Pestano/Viva Wireless Inc.

WHEREFORE, AT&T MOBILITY prays for judgment against Pestano as follows:

1. Pestano takes nothing by her Amended Counterclaims;
2. AT&T MOBILITY be awarded the relief sought in its First Amended Complaint;
3. AT&T MOBILITY be awarded its costs, expenses and reasonable attorneys' fees; and
4. AT&T MOBILITY be awarded such other and further relief as the Court deems just and proper.

DATED: March 31, 2008                    KOHUT & KOHUT LLP

By: /s/ Ronald J. Kohut
Ronald J. Kohut, Esq.
Sarah K. Kohut, Esq.
Attorneys for Plaintiff
AT&T Mobility II, LLC

ANSWER OF AT&T MOBILITY II LLC TO AMENDED COUNTERCLAIMS