Balasubramani Law

8426 40th Ave SW
Seattle, WA 98136

phone 206.718.4250
fax 206.260.3966

www.balasubramani.com
venkat@balasubramani.com

April 8, 2008

**ELECTRONICALLY FILED**

The Honorable William Alsup
United States District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *AT&T Mobility II, LLC v. Carolyn Pestano / Pestano's Request to Compel AT&T Responses to Pestano's Initial Discovery Requests*

Dear Judge Alsup:

Defendant Carolyn Pestano ("**Pestano**") hereby requests the Court to compel AT&T Mobility II, LLC ('**AT&T**") to respond to Pestano's First Set of Interrogatories ("**Interrogatories**") and Requests for Production of Documents ("**RFPs**"). The parties exchanged a series of letters regarding AT&T's responses ((1) Pestano's letter dated March 19, 2008 (**Exhibit A**); (2) AT&T's response dated April 1, 2008 (relevant pages of which are attached as **Exhibit B**); and (3) Pestano's follow up dated April 4, 2008 (**Exhibit C**)). Although AT&T has declined the invitation to confer telephonically, given that it has been 56 days since the discovery was first issued, Pestano requests judicial resolution of the following issues, which remain disputed:

### RULE 37 CONFERENCE / BACKGROUND

Pestano issued the discovery on February 12, 2008. On March 19, 2008, Pestano sent counsel for AT&T the letter attached as Exhibit A identifying deficiencies with respect to AT&T's Responses. The parties scheduled a Rule 37 conference for March 24, which counsel for AT&T abruptly canceled prior to the conference. Counsel for Pestano sought to conduct the conference on March 24 as planned and left a message.

Thereafter, counsel for Pestano emailed counsel for AT&T seeking to confirm the call for Friday (March 28) at 9AM, as suggested by counsel for AT&T. Counsel for AT&T declined the invitation to confer on Friday, responding via email that "I did not receive confirmation from you . . . that you would agree to stipulate to the First Amended Complaint . . . so I already scheduled another meeting for 9." Counsel for AT&T made no request to contact counsel for Pestano regarding the discovery conference.

Almost two weeks after Pestano initially raised the discovery issues, AT&T transmitted a letter to Pestano outlining AT&T's position. The letter narrowed some of the issues, but left several issues remaining. The letter also advised that AT&T would produce one additional document (bates-stamped ATT/PES 29347-49) (the "**Document**") responsive to RFP Nos. 9 and 13. AT&T produced the Document – which was redacted – on April 3, 2008. (The document as produced will be sent to the Court along with the courtesy copy of this letter, but given that AT&T has designated the document as confidential, Pestano has not filed the document via the Court's CM-ECF system.)

On April 4, 2008, counsel for Pestano followed up with an additional letter highlighting the remaining deficiencies, and the fact that the Document (and the attachment thereto) should be produced in full. Counsel for Pestano followed up with counsel for AT&T via email and telephone in an attempt to meet and confer, but has not heard back from counsel for AT&T. The following issues remain disputed:

**CONTESTED DISCOVERY ISSUES**

RFP No. 8 (communications regarding additional Northern California locations):

RFP No. 8 requests "any communications with MSW or any third parties regarding opening additional locations in the Northern California Region."

AT&T initially indicated that this request is not reasonably calculated to lead to the discovery of admissible evidence. Thereafter, in its April 1, 2008 letter, AT&T advised that it would provide the requested information (1) going back to January 1, 2005, and (2) limited to malls in the Northern California region, "if Request No. 8 is limited to Viva's market." AT&T did not initially produce this information; nor does it indicate now when this information will be produced.

Pestano disagrees that these Requests should be limited to malls (only) in the Northern California region. Given the broad scope of relevance under the Federal Rules, there is no basis for this arbitrary limitation. With respect to the temporal limitation, Pestano submits that January 1, 2004 is an acceptable limitation at this time. AT&T's principal justification for the temporal limitation is based on its argument that the statute of limitations somehow bars inquiry into any information prior to January 1, 2005. Statutes of limitations, however, do not set a bar for discovery. Even assuming the operative statute of limitation bars Viva's claims prior to January 1, 2005, the rules allow for reasonable inquiry into periods preceding the statute of limitations. The requested communications are relevant to Viva's allegation that AT&T induced Viva to expand its operations in the market based partly on AT&T's representations or based on a failure to disclose material information regarding the viability of additional locations or of the proposed expansion. Communications between AT&T and third parties regarding additional Northern California locations and possible concerns regarding over-saturation – whether related to mall locations or not – appear reasonably calculated to lead to the discovery of admissible evidence.

RFP Nos. 9 and 13 (pre-SMF compensation and SMF Release calculations):

RFP No. 9 requests "any documents containing a calculation of the amounts owed to Viva at the time the parties entered into the SMF Release (i.e., calculations regarding the 'Pre-9/1/05 Blue SMF,' and 'all SMF for which Dealer would be eligible under the Dealer Agreement based on subscribers Dealer activated through and including January 31, 2006,' as referenced in the SMF Release)."
RFP No. 13 requests "all documents reflecting amounts payable to Viva under Section 1 of the SMF Release."

In response, AT&T initially asserted objections, and referred to documents which "were produced in connection with [AT&T's] Initial and Supplemental Initial Disclosures". Thereafter, AT&T produced a redacted version of the Document (attached as **Exhibit D** to the version transmitted to the Court).

*Additional Documents*: The Document references calculations which were performed by AT&T in arriving at the figure included in the SMF Release. The Document states that AT&T researched each dealer's activity, and verified the data included in the SMF Release. AT&T should be required to produce any documents or materials evidencing this research and verification, and identify all locations in which it conducted a search for such information.

Case 3:07-cv-05463-WHA    Document 59    Filed 04/08/2008    Page 3 of 3

Hon. William Alsup – Letter Regarding Discovery Issues (<u>AT&T Mobility II, LLC v. Pestano</u>, Case No. C07-05463 WHA)
April 8, 2008
Page 3 of 3

<u>Redactions</u>: AT&T only produced the Document in redacted form. However, AT&T has provided no accompanying privilege log; nor did AT&T assert any valid basis for the redactions. AT&T should be ordered to produce an unredacted version of the Document.

<u>Attachment</u>: The Document contains an email (ATT/PES 29347) with an attachment titled "agentresidualsettlements.doc." AT&T has asserted no basis for withholding this attachment, and should be ordered to produce it.

<u>Interrogatory No. 7 (other dealers who entered into SMF Releases)</u>:

Interrogatory No. 7 seeks identification of "any other AT&T dealers with whom AT&T entered into an agreement similar to the SMF Release (e.g., any agreement pursuant to which Cingular Wireless II, LLC restructured its compensation with a dealer – from 'continuing service awards' into 'Subscriber Management Fees')." Pestano additionally agreed to limit this Interrogatory to dealers in the "Western Region," which one individual apparently oversaw.

AT&T objected to this request on the grounds of unspecified state "constitutional, statutory, and common law rights to privacy," and on the basis that it seeks information that is proprietary or confidential. AT&T also asserts a relevance objection.

The vague nature of AT&T's privacy objection makes it difficult to evaluate its merit. It is hard to conceive of any privacy right that would preclude discovery of a commercial transaction entered into by a business. In any event, the protective order in place would adequately address any such concerns.

AT&T's relevance objection is contrary to the broad discovery mandated by the Federal Rules, as well as numerous cases which hold that settlement agreements with third parties are discoverable. *See*, *e.g.*, <u>City of Wichita v. Aero Holdings, Inc.</u>, 192 F.R.D. 300, 302 & n. 1 (D. Kan. 2000) (Belot, J.) (rejecting suggestion that "a higher burden is placed on the party seeking to discover evidence related to settlement negotiations"); <u>Griffin v. Mashariki</u>, 1997 U.S. Dist. LEXIS 19325 (S.D.N.Y. 1997) ("[s]ettlement-related information, including settlement agreements, are governed by the same rule and are discoverable without a heightened showing of relevance"); <u>Bennett v. La Pere</u>, 112 F.R.D. 136, 139 (D. R.I. 1986) (specifically rejecting "particularized showing" standard). AT&T's efforts with other dealers to restructure compensation owed under the "blue" subscriber base (and related documents and information) can be relevant in a variety of ways – they may rebut AT&T's characterization that the amounts were disputed, they may reveal that AT&T did not have adequate records regarding the "blue" subscriber base, they may also reveal that AT&T (as seems to be the case with Viva, here) had adequate records but purported to enter into settlements under the auspices of disputes over such amounts. Finally, they may shed light on what terms AT&T imposed on other similarly situated dealers. The sought after information is certainly "reasonably calculated to lead to the discovery of admissible evidence." Settlement agreements and surrounding facts are not barred from discovery, particularly where, as here, the party seeking the information puts forth evidence which demonstrates the relevance of the information.

\* \* \* \* \*

For the foregoing reasons, AT&T should be ordered to produce the information requested by Pestano.

Respectfully,

**BALASUBRAMANI LAW**

Venkat Balasubramani (counsel for Defendant and Counterclaimant Carolyn Pestano)