# Balasubramani Law

8426 40th Ave SW
Seattle, WA 98136

phone 206.718.4250
fax 206.260.3966

www.balasubramani.com
venkat@balasubramani.com

**SENT VIA EMAIL AND FACSIMILE TO (707) 573-3101**

March 19, 2008

Sarah K. Kohut, Esq. <sarah@kohutlaw.com>
Kohut & Kohut LLP
3554 Round Barn Blvd., Suite 204
Santa Rosa, California 95403

> **Re:** *AT&T Mobility II, LLC v. Carolyn Pestano / AT&T's Responses to Plaintiff's Initial Discovery Requests*

Dear Ms. Kohut:

I write regarding the Responses of AT&T Mobility II, LLC ('*AT&T*') to Plaintiff's First Set of Interrogatories and Requests for Production of Documents ("*RFPs*"). It is difficult to tell from the Responses whether documents exist but are being withheld, or whether they've been previously produced. In addition, AT&T has failed to produce requested documents and information, asserting objections which are inapplicable. I am hoping we can discuss the Responses in a LR 37-1 conference, and resolve these issues.

## GENERAL ISSUES

Unspecific References to Documents Previously Produced by AT&T

AT&T has stated in numerous Responses to the RFPs that it will not produce responsive documents already produced in connection with AT&T's Initial and Supplemental Initial Disclosures. However, AT&T has failed to indicate for each Response whether AT&T's Initial and Supplemental Disclosures *actually* contain responsive documents, and if so, *where* such documents are located within the thousands of pages of documents previously produced by AT&T.

Federal Rule of Civil Procedure 34(b)(2)(E)(i) requires that when documents are produced in a manner other than how they are kept in the usual course of business, the producing party must organize and label them to correspond to the categories in the request. AT&T has not complied with this requirement. Consequently, AT&T's Responses do not provide any meaningful direction as to the location of relevant documents responsive to each individual request. The Rules do not contemplate the recipient searching through thousands of pages of documents looking to locate documents that may be responsive, and then guessing as to whether all responsive documents have been produced.

Therefore, for each Response where AT&T has stated that it will not produce previously produced documents, please indicate whether or not the previously produced documents actually contain documents responsive to that particular RFP, and if so, indicate the corresponding Bates numbers (or range) of those documents.

Sarah K. Kohut, Esq.
March 19, 2008
Page 2 of 3

Objections Based on Statute of Limitations Grounds

AT&T has refused to produce documents pre-dating January 1, 2005. It has indicated that such documents are "outside the time period at issue and the applicable statute of limitations." Statutes of limitations govern when a legal proceeding may be maintained. Statutes of limitations do not set a time-bar on the discovery of documents. In any event, AT&T has not asserted a statute of limitations defense and such a defense is inapplicable to Viva's claims. As with the responses discussed above, the assertion of a purported objection to production based on statute of limitation grounds makes it that much more difficult to determine what documents exist and which have been produced. In any event, that the documents sought were supposedly created outside of a statute of limitations is not an appropriate objection to a discovery request.

### SPECIFIC RESPONSES

RFP No. 8 (communications regarding additional Northern California locations):

RFP No. 8 seeks communications with third parties regarding additional Northern California locations.

AT&T has indicated that this request is not reasonably calculated to lead to the discovery of admissible evidence. The requested communications are relevant to Viva's allegation that AT&T induced Viva to expand its operations in the market based partly on AT&T's representations or based on a failure to disclose material information regarding the viability of additional locations or of the proposed expansion. Communications between AT&T and third parties regarding additional Northern California locations and possible concerns regarding over-saturation are relevant to Viva's claims. It is difficult to tell from AT&T's Response whether such documents exist (including any that pre-date January 1, 2005) and whether they have been withheld on some basis.

RFP Nos. 9 and 13 (pre-SMF compensation and SMF Release calculations):

RFP Nos. 9 and 13 seek any documents containing calculations of amounts owed to Viva prior to entry into the SMF Release and amounts payable under the SMF Release. In response, AT&T asserts objections, and refers to documents which "were produced in connection with [AT&T's] Initial and Supplemental Initial Disclosures".

Presumably, AT&T would have made some attempt to calculate the amounts owed to Viva prior to entry into the SMF Release, and would have somehow calculated amounts payable to Viva under the SMF Release. In referring to the Initial and Supplemental Initial Disclosures, I assume AT&T refers to compensation statements which Viva had access to during the relationship. But the responses do not indicate whether AT&T performed separate calculations with respect to (i) amounts owed to Viva at the time it entered into the SMF Release and (ii) the figures included in the SMF Release. The Responses also assert an objection based on attorney-client privilege, but the privilege log contains no reference to any documents containing or referencing such calculations (in any event, there is no basis for privilege with respect to such calculations).

RFP Nos. 10-12 (damage calculations relating to the SMF Release and the Dealer Agreement):

RFP Nos. 10 through 12 seek any *ex ante* damage calculations relating to the cessation of payments under the SMF Release and damages flowing from any termination of the Dealer Agreement. AT&T has

indicated that it is unable to respond to these Requests because Section 1 of the SMF has been mischaracterized. This objection is improper. None of these Requests categorize, label, or otherwise "characterize" Section 1 or any other provisions of the SMF in any way. The Requests simply seek such calculations if they were performed, and any communications regarding such calculations. Either such documents exist or they do not. Again, it is nearly impossible to tell from AT&T's Responses as to whether such documents exist and are being withheld, or whether they simply do not exist.

Interrogatory No. 7 (other dealers who entered into SMF Releases):

Interrogatory No. 7 seeks the identity of other dealers with which AT&T entered into agreements similar to the SMF Release – i.e., dealers with which AT&T sought to restructure compensation owed to dealers under the "blue" subscriber base. AT&T objects to this request on the grounds of unspecified state "constitutional, statutory, and common law rights to privacy," and on the basis that it seeks information that is proprietary or confidential. AT&T also asserts that the Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

The vague nature of AT&T's privacy objection makes it difficult to evaluate its merit, but it is difficult to conceive of any privacy right that would preclude discovery of a commercial transaction entered into by a business. The information may be commercially valuable, but the protective order in place would adequately address any such concerns AT&T may have. Finally, AT&T's remaining objection is contrary to the broad discovery standards under the Federal Rules, particularly since discovery is in the early stages. AT&T's efforts with other dealers to restructure compensation owed under the "blue" subscriber base (and related documents and information) can be relevant in a variety of ways – they may rebut AT&T's characterization that the amounts were disputed, they may reveal that AT&T did not have adequate records regarding the "blue" subscriber base, they may also reveal that AT&T had adequate records but purported to enter into settlements under the auspices of disputes over such amounts. Finally, they may shed light on what terms AT&T imposed on other similarly situated dealers, which will be relevant (and admissible) to shed light on the position taken by AT&T vis a vis the SMF Release in this litigation. Even if such information is not admissible, the sought after information is certainly "reasonably calculated to lead to the discovery of admissible evidence."

\* \* \* \* \*

This letter outlines deficiencies in AT&T's Responses to Plaintiff's First Set of Discovery Requests. I would like to engage in a Rule 37 conference in an attempt to resolve these disputes. Accordingly, please suggest some times when either you or Ron are available this week to discuss the above.

Should you have any questions, please do not hesitate to contact me. I am hopeful that we can talk through and resolve these issues. My direct dial telephone number is (206) 529-4827.

Sincerely,

**BALASUBRAMANI LAW**

Venkat Balasubramani