# Balasubramani Law

8426 40ᵗʰ Ave SW
Seattle, WA 98136

phone 206.718.4250
fax 206.260.3966

www.balasubramani.com
venkat@balasubramani.com

<u>**SENT VIA FACSIMILE TO (707) 573-3101 AND US MAIL**</u>

April 4, 2008

Sarah K. Kohut, Esq. <sarah@kohutlaw.com>
Kohut & Kohut LLP
3554 Round Barn Blvd., Suite 204
Santa Rosa, California 95403
Fax: (707) 573-3101

<u>Re:</u>     *AT&T Mobility II, LLC v. Carolyn Pestano / AT&T's Responses*
        *to Pestano's Initial Discovery Requests*

Dear Ms. Kohut:

Thank you for your response dated April 1, 2008 to my letter dated March 19, 2008, and for the few additional documents produced at Ms. Pestano's deposition on April 3rd. I would appreciate you confirming the bates numbers or range of the documents AT&T intended to produce (or the number of pages), so I can confirm I received all of the documents mentioned in your letter. Alternatively, you can just send me a copy of these documents, whichever is more convenient for you. I write to address a few remaining issues regarding the Responses of AT&T Mobility II, LLC ('**AT&T**') to Pestano's First Set of Interrogatories and Requests for Production of Documents ("**RFPs**").

RFP No. 8: RFP No. 8 seeks communications with MSW or any third parties regarding opening additional locations in the Northern California region. You advise that subject to AT&T's temporal limitation (January 1, 2005 – April 5, 2007) you will produce documents limited to malls in the Northern California market. Please go ahead and produce these documents, and advise as to when I can expect them.

I am willing initially to limit the time frame to January 1, 2004 through the present (without waiving the right at a later time to seek documents going back further). However, I do not see the justification for limiting the Request to shopping mall locations. If AT&T is not willing to produce this second set of documents ((1) January 1, 2004 – January 1, 2005, and April 5, 2007 through the present for shopping mall locations, and (2) January 1, 2004 through the present for non-shopping mall locations) we can let the Court resolve this. In the meantime, please produce the documents which AT&T agrees should be produced (January 1, 2005 – April 5, 2007 / limited to malls in Northern California).

RFPs 9 & 13: RFPs 9 and 13 seek documents reflecting amounts payable to Viva immediately prior to the date of the SMF, and amounts payable pursuant to the SMF. Your letter states that one document (i.e., one single document) will be produced at the deposition of Ms. Pestano in response to these Requests. I received five pages which I assume are responsive to these Requests (ATT/PES 29339-29340 and 29347-29349). Please confirm that these five pages comprise the document you reference in your letter.

A few issues with the pages bates stamped ATT/PES 29339-29340 and 29347-29349.  First, the pages contain redactions with no accompanying claim of privilege.  Second, one page (ATT/PES 29347) contains an attachment which was not produced.  Third, the document seems to indicate that additional analysis/calculation was performed by AT&T. ███████████████████████████████████ ███████████████████████████████████████ Please produce documents which reflect any such verification or calculation performed by ██████████████████, including drafts.  To the extent AT&T asserts that there are no other responsive documents, please indicate all locations in which AT&T has conducted a search for such documents, including locations which may contain electronic data.

<u>Interrogatory No. 7</u>:  Interrogatory No. 7 seeks the identity of dealers with whom AT&T entered into arrangements similar to the SMF.  I would be willing to limit the scope of the Interrogatory to dealers in the Western Region – ████████████████████████████████████ I disagree with your remaining objections.  It appears that the parties are at an impasse with respect to this issue – feel free to call me to further discuss.

*        *        *        *        *

Finally, I wanted to advise (pursuant to Section 7 of the Protective Order) that I anticipate filing the document bates numbered ATT/PES 29347-49 in connection with a Motion to Compel.  Although the document as produced by AT&T was redacted, I've further redacted the document (as attached to this letter) in an effort to avoid an unnecessary Motion to Seal.  Please let me know if AT&T intends to file a Motion to Seal the document (as further redacted by me), and prior to doing so, please suggest alternative redactions which may avoid filing the document under seal and the unnecessary motion practice associated with a Motion to Seal.

Should you have any questions, please do not hesitate to contact me at (206) 529-4827.

Sincerely,

**BALASUBRAMANI LAW**

Venkat Balasubramani