1  Ronald J. Kohut, Esq. (SBN 66463)
   Sarah K. Kohut, Esq. (SBN 197655)
2  KOHUT & KOHUT LLP
   3554 Round Barn Blvd., Suite 204
3  Santa Rosa, California 95403
   Telephone: (707) 573-3100
4  Facsimile: (707) 573-3101

5  Attorneys for Plaintiff
   AT&T MOBILITY II LLC

6

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10  AT&T MOBILITY II, LLC, a Delaware limited     )   **Case No. CV 07-05463 WHA**
    liability company,                            )
11                                                )   **DECLARATION OF SARAH**
12              Plaintiff,                         )   **K. KOHUT IN SUPPORT OF**
                                                  )   **AT&T MOBILITY II LLC'S**
13        v.                                       )   **OPPOSITION TO CAROLYN**
                                                  )   **PESTANO'S APRIL 8, 2008**
14  CAROLYN PESTANO, an individual; and VIVA     )   **LETTER REQUEST FOR**
    WIRELESS, INC., a California corporation;     )   **ORDER TO COMPEL**
15                                                )
16              Defendants.                        )   **[Letter Opposition; Declaration**
                                                  )   **of Ronald J. Kohut and Notice**
17  AND RELATED COUNTERCLAIMS                     )   **of Lodgment Filed**
                                                  )   **Concurrently]**
18                                                )
19                                                )
20                                                )
21                                                )
22                                                )

23

24

25

26

27                            1

28
   ─────────────────────────────────────────────────────────
   DECLARATION OF SARAH K. KOHUT IN SUPPORT OF AT&T MOBILITY II LLC'S
   OPPOSITION TO CAROLYN PESTANO'S APRIL 8, 2008 LETTER REQUEST FOR ORDER
   TO COMPEL

1  I, SARAH K. KOHUT, declare:

2      1.    I am an attorney at law, duly licensed to practice within the courts of the State

3  of California and Washington and the United States District Courts of California, Eastern,

4  Central, Southern and Northern Districts and am a partner in the law firm of Kohut & Kohut

5  LLP, attorneys of record for Plaintiff and Cross-Defendant AT&T Mobility II LLC ("AT&T

6  Mobility").

7      2.    This Declaration is being submitted in support of AT&T Mobility's

8  Opposition to Carolyn Pestano's April 8, 2008 Letter Request for an Order to Compel. I

9  have personal knowledge of the following facts and, if called to testify, I could and would

10 competently testify to those facts.

11     3.    In connection with this Action, I am the member of my firm with primary

12 responsibility for AT&T Mobility's initial disclosures, supplemental initial disclosures, and

13 responses to discovery requests. In connection with AT&T Mobility's initial disclosures,

14 supplemental initial disclosures, and responses to document inspection demands, AT&T

15 Mobility representatives, at my direction, thoroughly searched AT&T Mobility's electronic

16 and paper files, including files left by former employees. Further, those persons still

17 employed by AT&T Mobility that had any contact with Viva Wireless, thoroughly searched

18 their e-mails, voice mails, working files, desks, calendars, diaries, and desktop and laptop

19 computers for documents responsive to the document requests and related to this litigation in

20 any way. By virtue of this extensive search, I have produced to counsel for Carolyn Pestano

21 ("Pestano"), on behalf of AT&T Mobility, 29,349 pages of documents in connection with

22 AT&T Mobility's initial disclosures, supplemental initial disclosures, and responses to

23 requests for production of documents.

24     4.    In Carolyn Pestano's April 8, 2008 Letter Request for an Order to Compel (

25 the "Filing"), Pestano claims that the attachment to the e-mail Bates-numbered ATT/PES

26 29347 was not produced by AT&T Mobility. I reviewed the e-mail Bates-numbered

27

28

2

---

ATT/PES 29347 and the attachment in connection with the supplemental production of documents to Pestano. The attachment was produced at the time ATT/PES 29347 was produced and is Bates-numbered ATT/PES 29349. The attachment is page 1 of Exhibit D to Pestano's Filing. ATT/PES 29347 and attachment were not included in AT&T Mobility's Privilege Log, because the redacted material was not responsive to document requests no. 9 and 13 and contains confidential financial information of AT&T Mobility and third party AT&T Mobility dealers. Due to Pestano's complaint, however, I have added ATT/PES 29347 and the attachment (ATT/PES 29349) to AT&T Mobility's Privilege Log and such "Supplemental Privilege Log" is being produced concurrently with the filing of this opposition.

5.      On April 1, 2008, I responded to the meet and confer letter sent by Pestano's counsel on March 19, 2008, via facsimile. A true, correct and *complete* copy of my April 1 letter is attached as Exhibit "1." In pages 2-4, which Pestano omitted from the copy of the letter that she filed with the Court, I confirm, category by category, whether all documents have or have not been produced in response to each of the document requests propounded by Pestano.

6.      Attached as Exhibit "2" is the email meet and confer correspondence exchanged between the parties' counsel regarding the dispute that is the subject of the Filing (duplicate pages have been removed). The three letters exchanged by the parties' counsel on March 19, April 1 and April 4 are not attached.

7.      Attached as Exhibit "3" is a true and correct copy of Pestano's counsel's letter of April 4 (without attachments) and the fax receipt that shows the letter was faxed to my Santa Rosa office at 5:49 p.m., on Friday, April 4, 2008. My staff leaves before 5:49 p.m. on Fridays and I was not in the Santa Rosa office on April 4. Pestano's counsel did not e-mail the letter to me until Monday, April 7, 2008. Accordingly, I did not receive the April 4 letter until Monday, April 7, 2008. On that date I received the letter by e-mail from both my office

3

DECLARATION OF SARAH K. KOHUT IN SUPPORT OF AT&T MOBILITY II LLC'S OPPOSITION TO CAROLYN PESTANO'S APRIL 8, 2008 LETTER REQUEST FOR ORDER TO COMPEL

1  and Pestano's counsel.  A true copy of Pestano's counsel's e-mail of April 7 is attached as

2  Exhibit "4."  Pestano's counsel also called my office at some point on April 7.  I was not in

3  the office on that date, however, and Pestano's counsel did not attempt to contact me via my

4  cellular phone, even though I had previously provided him with number.  I did not receive

5  Pestano's counsel's voicemail of April 7 until April 8, the same date Pestano filed her Filing

6  with the Court.

7       8.     Attached as Exhibit "5" are true and correct copies of Pestano's initial and

8  supplemental initial disclosures.  To date, Pestano has submitted *no* documents in support of

9  her claim of "market saturation."

10       9.     Attached as Exhibit "6" is a true and correct copy of the subpoena Pestano

11  caused to be served on a former AT&T Mobility dealer, Infinitel Communications, Inc.

12       10.     Attached as Exhibit "7" are true and correct copies of the document demand

13  propounded by Pestano upon AT&T Mobility and AT&T Mobility's response to such

14  demand.

15       11.     Attached as Exhibit "A" to the Notice of Lodgment filed by AT&T Mobility is

16  an e-mail and expansion outline sent by Pestano to Scott Davis, of AT&T Mobility, on June

17  8, 2006.  The document is being lodged instead of filed, because at the time Pestano sent the

18  expansion outline she marked it "confidential," as is stated at the bottom center of the page

19  Bates-numbered ATT/PES 29268.  Pestano has not produced this document in connection

20  with this action, so AT&T Mobility does not know whether she currently considers the

21  document confidential.

22       12.     In connection with AT&T Mobility's supplemental initial disclosures, I

23  produced, on behalf of AT&T Mobility, all of the commission and SMF statements relating

24  to Viva Wireless from January 2005 through the time the SMF Release was entered into, the

25  SMF Release, and all e-mails related to the SMF Release.  Later, AT&T Mobility found

26  additional documents, including Pestano's calculations of the amounts of SMF she believed

27

28

4

DECLARATION OF SARAH K. KOHUT IN SUPPORT OF AT&T MOBILITY II LLC'S
OPPOSITION TO CAROLYN PESTANO'S APRIL 8, 2008 LETTER REQUEST FOR ORDER
TO COMPEL

1    were owed to her (which was almost precisely the amount ($192,152.64) calculated by

2    AT&T Mobility and which Viva Wireless received under the SMF Release). I produced

3    these documents, on behalf of AT&T Mobility, concurrently with AT&T Mobility's

4    responses to the document requests.   During a third and final sweep of AT&T Mobility's e-

5    mail databases, 18 additional pages of documents were found that relate to Viva Wireless.

6    These documents constitute a few more e-mails, a compensation update, and AT&T

7    Mobility's calculations relating to the SMF Release. Those calculations, which Pestano

8    refers to in her Filing as "research and verification of amounts included in the SMF Release"

9    are Bates No. ATT/PES 29339 and 29340. I gave the 18 pages of documents to my partner,

10    Ronald J. Kohut, who produced them, on behalf of AT&T Mobility, at Pestano's deposition

11    on April 3, 2008.

12

13        I declare under penalty of perjury that the foregoing is true and correct.  Executed on

14    April 14, 2008, at Seattle, Washington.

15

16                  _____/s/_____

17                  Sarah K. Kohut

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SARAH K. KOHUT IN SUPPORT OF AT&T MOBILITY II LLC'S
OPPOSITION TO CAROLYN PESTANO'S APRIL 8, 2008 LETTER REQUEST FOR ORDER
TO COMPEL

# EXHIBIT 1

# KOHUT
## KOHUT LLP

Business Trial Attorneys

April 1, 2008

*Via Facsimile Only*

Venkat Balasubramani, Esq.
Balasubramani Law
8426 40th Ave SW
Seattle, WA 98136

      Re:    *AT&T Mobility II, LLC v. Carolyn Pestano*
               Case No. C07-05463 WHA

Dear Venkat:

This letter is in response to your letter of March 19, 2008 regarding AT&T Mobility II LLC's responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents. For ease of reference, this letter follows the order of topics laid out in your March 19, 2008 letter.

## General Issues

*References to Documents previously produced by AT&T Mobility.*

First, contrary to your assertion, in response to both the Request for Production of Documents and in connection with the Initial Disclosures and Supplemental Initial Disclosures, all documents were produced as they were kept in the ordinary course of business. In addition, documents that were produced without Bates Stamps in native form, *i.e.* the electronic form in which they are kept in the ordinary course of business, were also produced with Bates Stamps in TIFF form. E-mails were produced in chronological order for your convenience instead of per user, which arguably could be considered "not in the ordinary course of business," however, we seriously doubt the Court would chide AT&T Mobility for producing the e-mails in this format, which is more convenient for all parties. As the documents were produced in the ordinary course

3554 Round Barn Boulevard, Suite 204 • Santa Rosa, CA 95403 • (707) 573-3100 • (707) 573-3101 fax
600 Anton Boulevard, Suite 1075 • Costa Mesa, CA 92626 •(714) 384-4130 • (714) 384-4131 fax

Exhibit  1
Page  6

of business, AT&T Mobility will not provide Bates Ranges for the documents responsive to each category as requested by your March 19, 2008 letter.

Second, as is clear in AT&T Mobility's responses, if the response states "AT&T Mobility will not reproduce those responsive documents already produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures," it does so because documents responsive to that category were produced in connection with the Initial or Supplemental Initial Disclosures.

Lastly, while we believe it is very clear whether all documents have or have not been produced in a particular category, in an effort to resolve this dispute informally, AT&T Mobility provides the following summation.

- Category No. 1: All responsive documents in AT&T Mobility's possession, custody or control have been produced excepting only those privileged documents which are referenced on the privilege log served concurrently with AT&T Mobility's production of documents.

- Category No. 2: All responsive documents in AT&T Mobility's possession, custody or control have been produced excepting only those privileged documents which are referenced on the privilege log served concurrently with AT&T Mobility's production of documents.

- Category No. 3: All responsive documents in AT&T Mobility's possession, custody or control have been produced excepting only those privileged documents which are referenced on the privilege log served concurrently with AT&T Mobility's production of documents.

- Category No. 4: The corporate records sufficient to show "assignment by Cingular Wireless II, LLC of rights or interests in the Personal Guaranty or the APA" were produced.

- Category No. 5: AT&T Mobility made a reasonable search of all sources reasonably likely to contain documents responsive to this request and was unable to locate any responsive documents. As set forth in its response, AT&T Mobility's search encompassed the time period from January 1, 2005 – more than one year before Viva Wireless Inc. proposed "expanding" its operations – through the date of Viva Wireless Inc.'s termination. Searching beyond January 1, 2005 would require AT&T Mobility to perform an expensive and unreasonably burdensome search through archived data for a

document that likely does not exist and would be outdated and moot by the merger of AT&T Wireless Services, Inc. and Cingular Wireless LLC.

- Category No. 6: All responsive documents in AT&T Mobility's possession, custody or control have been produced.

- Category No. 7: All responsive documents in AT&T Mobility's possession, custody or control have been produced excepting only those privileged documents which are referenced on the privilege log served concurrently with AT&T Mobility's production of documents.

- Category No. 8: No documents were produced.

- Category No. 9: All responsive documents in AT&T Mobility's possession, custody or control were produced excepting only those privileged documents which are referenced on the privilege log served concurrently with AT&T Mobility's production of documents.  AT&T Mobility, however, recently discovered an additional document, which will be produced at the deposition of Carolyn Pestano.

- Category No. 10-12: See below.

- Category No. 13: All responsive documents in AT&T Mobility's possession, custody or control have been produced excepting only those privileged documents which are referenced on the privilege log served concurrently with AT&T Mobility's production of documents, the document recently discovered, which will be produced at the deposition of Carolyn Pestano, and those documents created after September 28, 2007 (such documents constitute documents generated in connection with this litigation and are all subject to the attorney-client privilege or attorney work product protection).

- Category No. 14: All responsive documents in AT&T Mobility's possession, custody or control have been produced excepting only those privileged documents which are referenced on the privilege log served concurrently with AT&T Mobility's production of documents, the document recently discovered, which will be produced at the deposition of Carolyn Pestano, and those documents created after September 28, 2007 (such documents constitute documents generated in connection with this litigation and are all subject to the attorney-client privilege or attorney work product protection).

Exhibit  1
Page  8

- Category No. 15: All responsive documents in AT&T Mobility's possession, custody or control have been produced excepting only those privileged documents which are referenced on the privilege log served concurrently with AT&T Mobility's production of documents and those documents created after September 28, 2007 (such documents constitute documents generated in connection with this litigation and are all subject to the attorney-client privilege or attorney work product protection).

- Category No. 16: All responsive documents in AT&T Mobility's possession, custody or control, created or received during the time frame set forth in the response have been produced.

- Category No. 17:  All non-archived readily accessible documents have been produced.  AT&T Mobility is continuing its search for responsive documents and will supplement its response to reflect this fact.

- Category No. 18:  All responsive documents in AT&T Mobility's possession, custody or control, created or issued during the time frame set forth in the response, have been produced excepting only documents, that it appears were overlooked and will be produced at the deposition of Carolyn Pestano.

- Category No. 19: All responsive documents in AT&T Mobility's possession, custody or control have been produced.

- Category No. 20: All responsive documents in AT&T Mobility's possession, custody or control have been produced.

- Category No. 21: All responsive documents in AT&T Mobility's possession, custody or control, created or issued during the time frame set forth in the response, have been produced excepting only those privileged documents which are referenced on the privilege log served concurrently with AT&T Mobility's production of documents.

- Category No. 22: All responsive documents in AT&T Mobility's possession, custody and control regarding MSW have been produced, excepting two documents that were recently located, which will be produced at the deposition of Carolyn Pestano.

- Category No. 23: All responsive documents in AT&T Mobility's possession, custody or control were produced excepting only those privileged documents

Exhibit    1
Page   9

which are referenced on the privilege log served concurrently with AT&T
Mobility's production of documents.

*Objections Based On Statute of Limitations Grounds*

In connection with Requests for Production No. 5, 17 and 21, AT&T Mobility
limited its search for responsive documents to those documents dated January 1, 2005 or
later, because documents prior to January 1, 2005 are not relevant to this litigation
(according to documents authored by Viva, Viva's earliest claims, those under the
Original Dealer Agreement, do not arise prior to June 2005) and are archived. Retrieving
archived data is extremely expensive and time consuming. If Viva wishes archived data,
AT&T Mobility can obtain an estimate to obtain such data and Viva may pay the costs to
retrieve such data.

AT&T Mobility is not aware of any responsive documents to Requests for
Production Nos. 6, 7, and 10-16, in its possession, custody or control that predate January
1, 2005.

**Specific Issues**

*RFP No. 8*

Request for Production No. 8's use of "Northern California" is over inclusive.
Viva's operations were restricted to malls in Northern California and, as Pestano knows,
this is the market that was considered in Viva's expansion proposal. Request No. 8,
however, is so over inclusive that it encompasses a request to open a store in a non-mall
location hundreds of miles from any Viva location. If Request No. 8 is limited to Viva's
market, *i.e.* malls in the Northern California market, AT&T Mobility will produce all
non-privileged responsive documents, if any exist, in its possession, custody and control
subject to the time frame stated in its objections.

*RFP Nos. 9 and 13*

As set forth above, all responsive documents in AT&T Mobility's possession
custody and control responsive to Requests for Production Nos. 9 and 13 were produced
excepting only, the document recently discovered, which will be produced at the
deposition of Carolyn Pestano. As the documents show, the one time payment referenced
in the SMF Release was determined from numbers provided by Viva (Bates No. 29254-
29257). The future monthly payments were determined by looking at the prior SMF
statements, which have also been produced.

With respect to your claim that no documents responsive to Requests for Production No. 9 and 13 could be privileged, this is simply not true. The requests ask for any documents that contain or reflect amounts payable under the SMF Release; drafts of the SMF Release and attorney-client communications reflecting the SMF Release would contain such information. To the extent such documents exist, they are reflected on the privilege log.

*RFP Nos. 10-12*

Requests for Production Nos. 10-12 are unanswerable as framed because they are based upon a misinterpretation of the SMF Release and your client's untrue assertion (which is contradicted by her own SMF calculations and the SMF Release itself) that the monies payable in monthly payments under the SMF Release were "vested" or "owed" when in fact they were unearned future payments. In a good faith effort to resolve this dispute informally, however, AT&T Mobility will supplement its responses to Requests for Production No. 10-12.

*Interrogatory No. 7*

AT&T Mobility will not supplement its response to Interrogatory No. 7.

First, the SMF Release is a settlement agreement. Any discussions with other dealers regarding similar agreements are privileged and confidential settlement discussions that are neither admissible nor subject to discovery.

Second, Interrogatory No. 7 is over inclusive as it is not confined by either market or timeframe.

Third, the information sought is not relevant to the allegations set forth in the Amended Counterclaims. The allegations set forth in the Amended Counterclaims are confined to the terms of the SMF Release entered into between Viva Wireless Inc. and Cingular Wireless II LLC. There are no allegations as to agreements entered into by third parties and Pestano is not asserting claims on behalf of anyone other than Viva Wireless Inc.

As to the hypothetical relevance set forth in your letter of March 19, 2008, such hypotheticals are completely contradicted by the documents produced by both sides in this litigation and the allegations set forth in the Amended Counterclaims. For example, your letter states that the requested identities "may rebut AT&T's characterization that



the amounts were disputed," however, the documents bearing Bates No. ATT/PES 29254-29257 clearly show the SMF Release was a product of a dispute raised by your client. Likewise, although your letter states the identities of such dealers may "reveal that AT&T did not have adequate records," AT&T Mobility has produced the records upon which the SMF Release were based, including Viva Wireless Inc's residual statements for one year prior to the date of the SMF Release. Your last hypothetical, that "the terms AT&T imposed on other similarly situated dealers," is not relevant to the terms contained in the SMF Release entered into by Viva Wireless Inc. and Cingular Wireless II LLC. The terms of the SMF Release control the SMF Release, terms of another such agreement with another dealer have no legal effect whatsoever.

Finally, the protective order in place does not adequately address the privacy concerns of the third parties whose information is sought because it does not contain an "Attorneys' Eyes Only Provision." Even if there could be found some credible claim of relevance for the requested information, there is no basis to allow the private information of third parties to be viewed by your client.

* * * * * * * * * *

If you wish to discuss any of these issues further, we are available for such discussion following the deposition of Carolyn Pestano on April 3, 2008.

Very truly yours,

KOHUT & KOHUT LLP

Sarah K. Kohut

Exhibit __1__
Page __12__

# EXHIBIT 2

| | | |
|---|---|---|
| **From:** | Sarah Kohut | **Sent:** Thu 3/20/2008 3:39 PM |
| **To:** | Venkat Balasubramani | |
| **Cc:** | | |
| **Subject:** | RE: AT&T's Discovery Responses | |
| **Attachments:** | | |

Venkat:

I can meet and confer regarding your complaints about AT&T Mobility's discovery responses on Monday, March 24, at or before 10 a.m.

With respect to our earlier conversation, AT&T Mobility does not see any value in vacating the Court's ruling on the motion to compel arbitration.  Pestano will likely be held liable for fees and costs under the relevant fee provision if AT&T Mobility wins and AT&T's chances are better than average given the fact that the Court's ruling violates *Buckeye* and shows an open hostility toward arbitration that the U.S. Supreme Court routinely finds a compelling basis for review.

It was not clear, however, whether your client was requesting AT&T Mobility to make a settlement offer or whether she was firm on the number made in her former demand.  Please let us know either way.

Thank you,

Sarah

**From:** Venkat Balasubramani [mailto:venkat@balasubramani.com]
**Sent:** Wed 3/19/2008 1:36 PM
**To:** Sarah Kohut
**Subject:** AT&T's Discovery Responses

Sarah,


Please see the attached letter regarding the above.


Venkat

Exhibit  2
Page  13

**Sarah Kohut**

| | | |
|---|---|---|
| **From:** | Sarah Kohut | **Sent:** Mon 3/24/2008 8:58 AM |
| **To:** | Venkat Balasubramani | |
| **Cc:** | | |
| **Subject:** | RE: AT&T's Discovery Responses | |
| **Attachments:** | | |

I'm sorry but I will not have the opportunity to review your letter in detail and discuss with the client today so any conference today would be meaningless and not in the spirit of Rule 37.

**From:** Venkat Balasubramani [mailto:venkat@balasubramani.com]
**Sent:** Mon 3/24/2008 8:54 AM
**To:** Sarah Kohut
**Subject:** RE: AT&T's Discovery Responses

Sarah,

I would appreciate getting it out of the way today.  It should take ten minutes at the most.

Venkat

**From:** Sarah Kohut [mailto:sarah@kohutlaw.com]
**Sent:** Monday, March 24, 2008 8:33 AM
**To:** Venkat Balasubramani
**Subject:** RE: AT&T's Discovery Responses

Hi Venkat:

Can we reschedule our call for Friday at 9 am?  I had an emergency come up in another case and I am traveling tomorrow and in depositions Weds and Thurs.  I have not had a chance to fully review your meet and confer letter, but as to your first point, the documents were produced as they were kept in the ordinary course of business both in response to the discovery demand and in conjunction with the initial disclosures.

Thanks,

Sarah

Exhibit 2
Page 14

[

**Sarah Kohut**

| | | | |
|---|---|---|---|
| **From:** | Sarah Kohut | **Sent:** | Wed 3/26/2008 10:34 AM |
| **To:** | Venkat Balasubramani | | |
| **Cc:** | | | |
| **Subject:** | RE: AT&T's Discovery Responses | | |
| **Attachments:** | | | |

Venkat:

Like I said in my prior e-mail, if you decide not to stipulate to leave to file the First Amended Complaint, I will not be able to meet and confer on Friday because I will be writing the motion for leave to amend, which must be filed Monday.  So, I can not commit to Friday until I know your decision.  If you would like, we can confirm something for Tuesday or Wednesday of next week regardless of what you decide with respect to the stipulation.

Sarah

**From:** Venkat Balasubramani [mailto:venkat@balasubramani.com]
**Sent:** Wed 3/26/2008 7:05 AM
**To:** Sarah Kohut
**Subject:** RE: AT&T's Discovery Responses

Sarah,


Let's go ahead and do this on Friday at 9am.  I'll give you a call.  I look forward to resolving the issues raised in my letter.



venkat




**From:** Sarah Kohut [mailto:sarah@kohutlaw.com]
**Sent:** Monday, March 24, 2008 8:33 AM
**To:** Venkat Balasubramani
**Subject:** RE: AT&T's Discovery Responses



Hi Venkat:


Can we reschedule our call for Friday at 9 am?  I had an emergency come up in another case and I am traveling tomorrow and in depositions Weds and Thurs.  I have not had a chance to fully review your meet and confer letter, but as to your first point, the documents were produced as they were kept in the ordinary course of business both in response to the discovery demand and in conjunction with the initial disclosures.


Thanks,

Exhibit 2
Page 15

**Sarah Kohut**

| | | | |
|---|---|---|---|
| **From:** | Venkat Balasubramani [venkat@balasubramani.com] | **Sent:** | Wed 3/26/2008 10:49 AM |
| **To:** | Sarah Kohut | | |
| **Cc:** | | | |
| **Subject:** | RE: AT&T's Discovery Responses | | |
| **Attachments:** | | | |

Sarah,

It makes sense to conduct the discussions on leave to amend and discovery (AT&T responses to Plaintiff's First Set of Discovery) independently.

AT&T received the letter raising issues with respect to AT&T discovery responses last week (a week ago, March 19). The next day (March 20) we scheduled a Rule 37 call for Monday (March 24), which AT&T abruptly re-scheduled on the morning of the call (30 minutes prior). I called and left a message on Monday in an effort to talk through the issues.

If there's someone else from your office available to meet and confer, I'm happy to have a call between now and Friday. Perhaps you can advise via email as to whether (and how exactly) AT&T will supplement its responses. Absent either of these, I'll assume AT&T is refusing to confer in bad faith and file a motion to compel.

Regards,

Venkat

**From:** Sarah Kohut [mailto:sarah@kohutlaw.com]
**Sent:** Wednesday, March 26, 2008 10:35 AM
**To:** Venkat Balasubramani
**Subject:** RE: AT&T's Discovery Responses

Venkat:

Like I said in my prior e-mail, if you decide not to stipulate to leave to file the First Amended Complaint, I will not be able to meet and confer on Friday because I will be writing the motion for leave to amend, which must be filed Monday. So, I can not commit to Friday until I know your decision. If you would like, we can confirm something for Tuesday or Wednesday of next week regardless of what you decide with respect to the stipulation.

**Exhibit** 2
**Page** 16

Sarah

**Sarah Kohut**

| | | | |
|---|---|---|---|
| **From:** | Sarah Kohut | **Sent:** | Wed 3/26/2008 11:15 AM |
| **To:** | Venkat Balasubramani | | |
| **Cc:** | Ron Kohut | | |
| **Subject:** | RE: AT&T's Discovery Responses | | |
| **Attachments:** | | | |

Venkat:

Your letter regarding discovery raised numerous issues that need to be considered, researched and discussed with our client and we were not able to reach our client to discuss these issues for the previously scheduled call.

As you know, our last day to move to amend is March 31.  Due to your client's belated filing of her amended answer and counterclaims our last day to respond to the amended counterclaims is also March 31.  Now you have intimated that your client will not consent to the filing of our amended complaint even though the Court specifically gave us until the 31st to make such amendment.  As a result, unless your client changes her mind, we will have to draft and file a motion for leave to amend to file on Monday, the 31st.  Your client's belated filing and refusal to stipulate have created three deadlines on Monday March 31st for us to meet.  In light of this, it is not unreasonable for AT&T Mobility to ask for you to wait until Tuesday or Wednesday of next week (less than 2 weeks from the date your meet and confer letter was sent) to meet and confer as required by Rule 37.  There is no pressing deadline for you to move to compel, you have no depositions noticed, and there are no motions on calendar that require this discovery, so this slight delay does not prejudice your client whatsoever.

If you decide to proceed as threatened in your e-mail below with your motion to compel, you will be doing so in violation of Rule 37 as AT&T Mobility has agreed to meet and confer, within the next 3-6 days, no less.

Sarah

**From:** Venkat Balasubramani [mailto:venkat@balasubramani.com]
**Sent:** Wed 3/26/2008 10:49 AM
**To:** Sarah Kohut
**Subject:** RE: AT&T's Discovery Responses

Sarah,


It makes sense to conduct the discussions on leave to amend and discovery (AT&T responses to Plaintiff's First Set of Discovery) independently.


AT&T received the letter raising issues with respect to AT&T discovery responses last week (a week ago, March 19).  The next day (March 20) we scheduled a Rule 37 call for Monday (March 24), which AT&T abruptly re-scheduled on the morning of the call (30 minutes prior).  I called and left a message on Monday in an effort to talk through the issues.


If there's someone else from your office available to meet and confer, I'm happy to have a call between now and Friday.  Perhaps you can advise via email as to whether (and how exactly) AT&T will supplement its responses.  Absent either of these, I'll assume AT&T is refusing to confer in bad faith and file a motion to compel.


Regards,

Exhibit  2
Page  17

Venkat

**Sarah Kohut**

**From:**       Venkat Balasubramani [venkat@balasubramani.com]                **Sent:**  Fri 3/28/2008 8:45 AM
**To:**         Sarah Kohut
**Cc:**
**Subject:**    AT&T Discovery Responses
**Attachments:**

Sarah,


I'm just confirming that we're speaking today at 9 regarding the discovery issues.


Venkat

Exhibit  2
Page  18

**Sarah Kohut**

| | | |
|---|---|---|
| **From:** | Sarah Kohut | **Sent:** Fri 3/28/2008 8:53 AM |
| **To:** | Venkat Balasubramani | |
| **Cc:** | | |
| **Subject:** | RE: AT&T Discovery Responses | |
| **Attachments:** | | |

Venkat:

I did not receive confirmation from you yesterday that you would agree to stipulate to the First Amended Complaint if the Doe Defendants were dropped, so I already scheduled another meeting for 9. Further, it appears we forgot to add a claim, so that will be forwarded to you later today for your review, with a stipulation.

Sarah

**From:** Venkat Balasubramani [mailto:venkat@balasubramani.com]
**Sent:** Fri 3/28/2008 8:45 AM
**To:** Sarah Kohut
**Subject:** AT&T Discovery Responses

Sarah,


I'm just confirming that we're speaking today at 9 regarding the discovery issues.


Venkat

Exhibit 2
Page 19

**Sarah Kohut**

| | | | |
|---|---|---|---|
| **From:** | Sarah Kohut | **Sent:** | Sun 3/30/2008 7:56 PM |
| **To:** | Venkat Balasubramani | | |
| **Cc:** | | | |
| **Subject:** | RE: AT&T's Discovery Responses | | |
| **Attachments:** | | | |

Venkat:

We have prepared a detailed response to your letter of March 19 regarding AT&T Mobility's responses to requests for production of documents and interrogatories. We are waiting for client approval and then will transmit such response to you.

Sarah

**From:** Venkat Balasubramani [mailto:venkat@balasubramani.com]
**Sent:** Wed 3/26/2008 10:49 AM
**To:** Sarah Kohut
**Subject:** RE: AT&T's Discovery Responses

Sarah,

It makes sense to conduct the discussions on leave to amend and discovery (AT&T responses to Plaintiff's First Set of Discovery) independently.

AT&T received the letter raising issues with respect to AT&T discovery responses last week (a week ago, March 19). The next day (March 20) we scheduled a Rule 37 call for Monday (March 24), which AT&T abruptly re-scheduled on the morning of the call (30 minutes prior). I called and left a message on Monday in an effort to talk through the issues.

If there's someone else from your office available to meet and confer, I'm happy to have a call between now and Friday. Perhaps you can advise via email as to whether (and how exactly) AT&T will supplement its responses. Absent either of these, I'll assume AT&T is refusing to confer in bad faith and file a motion to compel.

Regards,

Venkat

**From:** Sarah Kohut [mailto:sarah@kohutlaw.com]
**Sent:** Wednesday, March 26, 2008 10:35 AM
**To:** Venkat Balasubramani
**Subject:** RE: AT&T's Discovery Responses

Exhibit  2
Page  20

Venkat:

Like I said in my prior e-mail, if you decide not to stipulate to leave to file the First Amended Complaint, I will not be able to meet and confer on Friday because I will be writing the motion for leave to amend, which must be filed Monday.  So, I can not commit to Friday until I know your decision.  If you would like, we can confirm something for Tuesday or Wednesday of next week regardless of what you decide with respect to the stipulation.

Sarah

**From:** Venkat Balasubramani [mailto:venkat@balasubramani.com]
**Sent:** Wed 3/26/2008 7:05 AM
**To:** Sarah Kohut
**Subject:** RE: AT&T's Discovery Responses

Sarah,

Let's go ahead and do this on Friday at 9am.  I'll give you a call.  I look forward to resolving the issues raised in my letter.

venkat

**From:** Sarah Kohut [mailto:sarah@kohutlaw.com]
**Sent:** Monday, March 24, 2008 8:33 AM
**To:** Venkat Balasubramani
**Subject:** RE: AT&T's Discovery Responses

Hi Venkat:

Can we reschedule our call for Friday at 9 am?  I had an emergency come up in another case and I am traveling tomorrow and in depositions Weds and Thurs.  I have not had a chance to fully review your meet and confer letter, but as to your first point, the documents were produced as they were kept in the ordinary course of business both in response to the discovery demand and in conjunction with the initial disclosures.

Thanks,

Exhibit 2
Page 21

Sarah

**Sarah Kohut**

| | | | |
|---|---|---|---|
| **From:** | Venkat Balasubramani [venkat@balasubramani.com] | **Sent:** | Mon 3/31/2008 9:19 AM |
| **To:** | Sarah Kohut | | |
| **Cc:** | | | |
| **Subject:** | RE: AT&T's Discovery Responses | | |
| **Attachments:** | | | |

Sarah,

Thanks – please suggest a time or two between now and wed (April 2) to meet and confer.  I look forward to receiving your letter in the meantime, but regardless, let's go ahead and confirm the call between now and wednesday.

I look forward to resolving these issues.

Venkat

**From:** Sarah Kohut [mailto:sarah@kohutlaw.com]
**Sent:** Sunday, March 30, 2008 7:57 PM
**To:** Venkat Balasubramani
**Subject:** RE: AT&T's Discovery Responses

Venkat:

We have prepared a detailed response to your letter of March 19 regarding AT&T Mobility's responses to requests for production of documents and interrogatories.  We are waiting for client approval and then will transmit such response to you.

Sarah

**From:** Venkat Balasubramani [mailto:venkat@balasubramani.com]
**Sent:** Wed 3/26/2008 10:49 AM
**To:** Sarah Kohut
**Subject:** RE: AT&T's Discovery Responses

Exhibit _2_
Page _22_

Sarah,

**Sarah Kohut**

| | | | |
|---|---|---|---|
| **From:** | Sarah Kohut | **Sent:** | Mon 3/31/2008 11:18 AM |
| **To:** | Venkat Balasubramani | | |
| **Cc:** | | | |
| **Subject:** | RE: AT&T's Discovery Responses | | |
| **Attachments:** | | | |

Venkat:

The letter should resolve most, if not all, of the issues.  To the extent that it does not, we can meet and confer in person at the deposition of Carolyn Pestano on Thursday, April 3.

Sarah

**From:** Venkat Balasubramani [mailto:venkat@balasubramani.com]
**Sent:** Mon 3/31/2008 9:19 AM
**To:** Sarah Kohut
**Subject:** RE: AT&T's Discovery Responses

Sarah,

Thanks – please suggest a time or two between now and wed (April 2) to meet and confer.  I look forward to receiving your letter in the meantime, but regardless, let's go ahead and confirm the call between now and wednesday.

I look forward to resolving these issues.

Venkat

**From:** Sarah Kohut [mailto:sarah@kohutlaw.com]
**Sent:** Sunday, March 30, 2008 7:57 PM
**To:** Venkat Balasubramani
**Subject:** RE: AT&T's Discovery Responses

Venkat:

We have prepared a detailed response to your letter of March 19 regarding AT&T Mobility's responses to requests for production of documents and interrogatories.  We are waiting for client approval and then will transmit such response to you.

Sarah

Exhibit 2
Page 23

# EXHIBIT 3

# Balasubramani Law

8426 40ᵗʰ Ave SW
Seattle, WA 98136

———

phone 206.718.4250
fax 206.260.3966

———

www.balasubramani.com
venkat@balasubramani.com

**SENT VIA FACSIMILE TO (707) 573-3101 AND US MAIL**

April 4, 2008

Sarah K. Kohut, Esq. <sarah@kohutlaw.com>
Kohut & Kohut LLP
3554 Round Barn Blvd., Suite 204
Santa Rosa, California 95403
Fax: (707) 573-3101

> **_Re:_**    **_AT&T Mobility II, LLC v. Carolyn Pestano / AT&T's Responses_**
> **_to Pestano's Initial Discovery Requests_**

Dear Ms. Kohut:

Thank you for your response dated April 1, 2008 to my letter dated March 19, 2008, and for the few additional documents produced at Ms. Pestano's deposition on April 3rd. I would appreciate you confirming the bates numbers or range of the documents AT&T intended to produce (or the number of pages), so I can confirm I received all of the documents mentioned in your letter. Alternatively, you can just send me a copy of these documents, whichever is more convenient for you. I write to address a few remaining issues regarding the Responses of AT&T Mobility II, LLC ("*AT&T*") to Pestano's First Set of Interrogatories and Requests for Production of Documents ("*RFPs*").

RFP No. 8: RFP No. 8 seeks communications with MSW or any third parties regarding opening additional locations in the Northern California region. You advise that subject to AT&T's temporal limitation (January 1, 2005 – April 5, 2007) you will produce documents limited to malls in the Northern California market. Please go ahead and produce these documents, and advise as to when I can expect them.

I am willing initially to limit the time frame to January 1, 2004 through the present (without waiving the right at a later time to seek documents going back further). However, I do not see the justification for limiting the Request to shopping mall locations. If AT&T is not willing to produce this second set of documents ((1) January 1, 2004 – January 1, 2005, and April 5, 2007 through the present for shopping mall locations, and (2) January 1, 2004 through the present for non-shopping mall locations) we can let the Court resolve this. In the meantime, please produce the documents which AT&T agrees should be produced (January 1, 2005 – April 5, 2007 / limited to malls in Northern California).

RFPs 9 & 13: RFPs 9 and 13 seek documents reflecting amounts payable to Viva immediately prior to the date of the SMF, and amounts payable pursuant to the SMF. Your letter states that one document (i.e., one single document) will be produced at the deposition of Ms. Pestano in response to these Requests. I received five pages which I assume are responsive to these Requests (ATT/PES 29339-29340 and 29347-29349). Please confirm that these five pages comprise the document you reference in your letter.

Exhibit _3_
Page _24_

*Sarah K. Kohut, Esq.*
*April 4, 2008*
*Page 2 of 2*

A few issues with the pages bates stamped ATT/PES 29339-29340 and 29347-29349. First, the pages contain redactions with no accompanying claim of privilege. Second, one page (ATT/PES 29347) contains an attachment which was not produced. Third, the document seems to indicate that additional analysis/calculation was performed by AT&T. Specifically, the memo from Matt W. and Tim Inama to Brian Shay advises that Tim Inama "verified the data that supports the amounts included in [the SMF]." The memo also advises that "equal monthly payments were calculated." Please produce documents which reflect any such verification or calculation performed by Mr. Inama or anyone else on his team, including drafts. To the extent AT&T asserts that there are no other responsive documents, please indicate all locations in which AT&T has conducted a search for such documents, including locations which may contain electronic data.

<u>Interrogatory No. 7</u>: Interrogatory No. 7 seeks the identity of dealers with whom AT&T entered into arrangements similar to the SMF. I would be willing to limit the scope of the Interrogatory to dealers in the Western Region – which Greg Kurtz apparently oversaw at the time of the SMF. I disagree with your remaining objections. It appears that the parties are at an impasse with respect to this issue – feel free to call me to further discuss.

*    *    *    *    *

Finally, I wanted to advise (pursuant to Section 7 of the Protective Order) that I anticipate filing the document bates numbered ATT/PES 29347-49 in connection with a Motion to Compel. Although the document as produced by AT&T was redacted, I've further redacted the document (as attached to this letter) in an effort to avoid an unnecessary Motion to Seal. Please let me know if AT&T intends to file a Motion to Seal the document (as further redacted by me), and prior to doing so, please suggest alternative redactions which may avoid filing the document under seal and the unnecessary motion practice associated with a Motion to Seal.

Should you have any questions, please do not hesitate to contact me at (206) 529-4827.

Sincerely,

**BALASUBRAMANI LAW**

Venkat Balasubramani

Exhibit 3
Page 25

```
TRANSACTION REPORT
                                        APR-04-2008 05:53 PM
        FOR: KOHUT&KOHUT LLP            707 573 3101

    RECEIVE

  DATE  START     SENDER              PAGES    TIME    NOTE

  APR-04 05:49 PM 12062603966            6     3'18"   OK
```

Exhibit 3
Page 26

# EXHIBIT 4

**Sarah Kohut**

| | | | |
|---|---|---|---|
| **From:** | Venkat Balasubramani [venkat@balasubramani.com] | **Sent:** | Mon 4/7/2008 9:21 AM |
| **To:** | Sarah Kohut | | |
| **Cc:** | | | |
| **Subject:** | AT&T Discovery Issues | | |
| **Attachments:** | ⌐ Letter to Sarah Kohut Re Disc Responses 4-04-08-.pdf(626KB) | | |

Sarah,


Attached is a letter responding to AT&T's letter from April 1.  Please let me know when you have time to discuss what I see are a few remaining disputed issues.


Any time today or tomorrow works.


Venkat

# EXHIBIT 5

Venkat Balasubramani (SBN 189192)
*venkat@balasubramani.com*
BALASUBRAMANI LAW
8426 40TH Ave SW
Seattle, WA 98136
Telephone: (206) 529-4827
Facsimile:   (206) 260-3966

Attorneys for Defendant
CAROLYN PESTANO

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY II, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN PESTANO, an individual,<br><br>Defendant. | Case No. C07-05463 WHA<br><br>**DEFENDANT CAROLYN PESTANO'S INITIAL DISCLOSURES** |

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, Defendant Carolyn Pestano ("***Pestano***") makes the following initial disclosures:

**(A)     Names and Contact Information of Witnesses – (Rule 26(a)(1)(A))**

The following persons are likely to have discoverable information that Pestano may use to support her claims or defenses against AT&T Mobility II, LLC ("***AT&T Mobility***"):

| *Name* | *Category of Information* | *Contact Information* |
|---|---|---|
| Carolyn Pestano | Testimony and information regarding the conduct of AT&T Mobility (and its | c/o |

1

Exhibit  5
Page  23

| | | |
|---|---|---|
| | predecessors), testimony regarding the intent of the parties around the terms of the agreements between the parties (the SMF Release, APA Agreement, and Dealer Agreements), and negotiations leading up to execution of such agreements.<br><br>Testimony regarding concerns raised by Viva regarding other dealers and AT&T Mobility's responses thereto, and assurances made by AT&T Mobility leading up to execution of the APA Agreement. | Venkat Balasubramani<br>Balasubramani Law<br>8426 40th Ave SW<br>Seattle, WA 98136<br>Tel:    (206) 529-4827<br>Fax:   (206) 260-3966<br>Email:<br>venkat@balasubramani.com |
| Matt Woolsey | Testimony regarding negotiations around (1) the agreements between the parties (the SMF Release, APA Agreement, and Dealer Agreements), and negotiations leading up to execution of such agreements; (2) amounts owed under the APA and the Personal Guaranty; and (3) AT&T Mobility's conduct under the Dealer Agreements. | unknown (witness affiliated with AT&T Mobility) |
| Marc Miguel | Testimony regarding negotiations around (1) the agreements between the parties (the SMF Release, APA Agreement, and Dealer Agreements), and negotiations leading up to execution of such agreements; (2) amounts owed under the APA and the Personal Guaranty; and (3) AT&T Mobility's conduct under the Dealer Agreements. | unknown (witness affiliated with AT&T Mobility) |
| Scott Davis | Knowledge regarding negotiation of and entry into the SMF Release.  Knowledge regarding AT&T Mobility's failure to enforce its policies against other dealers in the area (and concerns Viva raised regarding such other dealers generally). | unknown (witness affiliated with AT&T Mobility) |
| Sean Oco | Testimony around discussions between Viva and AT&T Mobility regarding other dealers in the market, including specifically concerns raised by Viva regarding such other dealers, and actions taken by AT&T Mobility in response thereto. | unknown |

Pestano reserves the right to update this list as additional documents and information are produced by the parties, and as discovery continues in this case.

2

**Exhibit** 5
**Page** 29

**(B)    Documents and Things in its Possession – (Rule 26(a)(1)(B))**

Pestano's counsel has the following documents and will make them available for inspection and copying by AT&T Mobility:

1. The "2/1/06 SMF Release" ("Settlement and Release Concerning Dealer's Pre-2/1/06 Total Subscriber Base") executed between Viva and AT&T Mobility.

2. The "Advance Payment Agreement" executed between Viva and AT&T Mobility (dated October 10, 2006).

3. The 2005 Dealer Agreement ("Cingular Wireless Exclusive Dealer Agreement") executed between Viva and AT&T Mobility.

4. The 2001 Dealer Agreement ("AT&T Wireless Exclusive Dealer Agreement") executed between Viva and AT&T Mobility.

5. Letters from AT&T Mobility to Pestano (dated April 5, 2007, April 13, 2007, May 10, 2007, and July 19, 2007).

6. Emails exchanged between AT&T Mobility representatives and Pestano ((1) email from Pestano to AT&T Mobility dated January 29, 2007; (2) email from Marc Miguel to Pestano dated February 27, 2007; (3) email exchange between Matt Woolsey and Pestano between October 13, 2006 and November 1, 2006).

7. AT&T Mobility policies regarding dealer conduct (including predecessor policies).

8. AT&T Mobility policies regarding dealer compensation (including predecessor policies).

**(C)    Computation of Damages – (Rule 26(a)(1)(C))**

1. **(AT&T Mobility's Claims Against Pestano)**:  With respect to the damages sought by AT&T Mobility against Pestano, Pestano argues that these amounts should be measured by amounts actually owed by Viva under the APA, reduced by (1) amounts owed to Viva under the SMF Release, (2) amounts

3

owed to Viva under the Dealer Agreement, and (3) amounts otherwise owed to Viva under Viva's claims as brought by Pestano.

2.  **(First Claim)**: Pestano is seeking damages under the SMF Release under which AT&T Mobility was supposed to pay Viva approximately $735,000.00. A portion of these funds have been used to offset amounts owed by Viva under the APA Agreement, but the remainder is owed to Viva. The exact figure will depend on how much of the SMF Release funds were used to offset amounts owed under the APA Agreement.

3.  **(Second Claim)**: Pestano is also (in the alternative) seeking damages under the older (2001) Dealer Agreement to the extent the SMF Release is unenforceable for any reason. The precise amount will be based on the subscriber revenue which Viva agreed to forfeit in exchange for the monies payable under the SMF Release, as determined under AT&T Mobility's compensation policies (then in place) and the provisions of the 2001 Dealer Agreement.

4.  **(Third Claim)**: Pestano is also seeking damages under the 2005 Dealer Agreement, in the form of subscriber compensation due to be paid under the agreement and a return of any unused portion of the reserve withheld by AT&T Mobility in the final month. The measure of these damages would depend on AT&T Mobility's compensation policies and the provisions of the 2005 Dealer Agreement.

5.  **(Fourth Claim)**:  Pestano's measure of damages under this claim would be those damages caused by AT&T Mobility's breach of its duty of good faith and fair dealing. These include loss of revenues and goodwill, and the costs and losses associated with Viva winding down.

6.  **(Fifth Claim)**:  Pestano's measure of damages under this claim would be those damages caused by AT&T Mobility's negligent misrepresentations. These

4

Exhibit  5
Page  31

would include amounts advanced to Viva under the APA and which were offset by amounts otherwise due to Viva under the SMF Release. Additional amounts include loss of revenues and goodwill, and the costs and losses associated with Viva winding down.

7. **(Sixth Claim)**: Pestano's measure of damages would be those caused by AT&T Mobility's unfair trade practices. Additional amounts include loss of revenues and goodwill, and the costs and losses associated with Viva winding down.

8. Calculation of damages with respect to all claims will involve documents and materials in AT&T Mobility's possession and control. Accordingly, Pestano reserves the right to update the foregoing descriptions as documents and materials are obtained from AT&T Mobility.

**(D)    Insurance Agreements**

Pestano is not aware of any insurance agreements which may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Respectfully submitted, and dated this 24th day of January, 2008.

**BALASUBRAMANI LAW**

By: _____

Venkat Balasubramani, (SBN 189192)
Attorneys for Defendant, Carolyn Pestano

5

1

## CERTIFICATE OF SERVICE

2

3    I hereby certify that I caused to be delivered to counsel for Plaintiff the foregoing Defendant's Initial Disclosures (via email, with a follow up copy via next day hand delivery):

4

5    Ronald J. Kohut, Esq. (SBN 66463)
     Sarah K. Kohut, Esq. (SBN 197655)
6    KOHUT & KOHUT LLP
7    3554 Round Barn Blvd., Suite 204
     Santa Rosa, California 95403
8    Facsimile: (707) 573-3101

9    I certify that the foregoing is true and correct. Executed on January 24, 2008 at Seattle,
10   Washington.

11                                           By: _____
12                                              Venkat Balasubramani, (SBN 189192)
                                                Attorneys for Defendant, Carolyn Pestano
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C07-05463 WHA – DEFENDANT CAROLYN PESTANO'S INITIAL DISCLOSURES

**Exhibit** _5_
**Page** _33_

1  Venkat Balasubramani (SBN 189192)
   *venkat@balasubramani.com*
2  BALASUBRAMANI LAW
   8426 40TH Ave SW
3  Seattle, WA 98136
   Telephone: (206) 529-4827
4  Facsimile:  (206) 260-3966

5  Attorneys for Defendant
   CAROLYN PESTANO

6

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10
   AT&T MOBILITY II. LLC, a Delaware          Case No. C07-05463 WHA
11
   limited liability company,
12                                            **DEFENDANT CAROLYN PESTANO'S**
                                              **SUPPLEMENTAL INITIAL**
13           Plaintiff,                       **DISCLOSURES**

14      v.

15
   CAROLYN PESTANO. an individual.
16
             Defendant.
17

18

19         Pursuant to Rule 26 of the Federal Rules of Civil Procedure and the Court's February

20  4, 2008 Order. Defendant Carolyn Pestano ("***Pestano***") produced the following documents:

21         1.  Addendum to Agency Agreement (PESTANO-000001-000003).

22         2.  The "Advance Payment Agreement" executed between Viva and AT&T

23             Mobility (dated October 10, 2006) (PESTANO-000004-000012).

24         3.  Emails exchanged between Pestano and AT&T representatives (PESTANO-

25             000013-000025).

26         4.  Letter from AT&T dated April 13, 2007 (PESTANO-000026-000027).

27         5.  AT&T Dealer policies Mobility policies (PESTANO-000026-000098).

28

                                       1

6.  July 19, 2007 letter from AT&T (PESTANO-000099).

7.  The 2005 Dealer Agreement ("Cingular Wireless Exclusive Dealer Agreement") executed between Viva and AT&T Mobility (PESTANO-000100-000118).

8.  AT&T Dealer policies (PESTANO-000119-000167).

9.  Marketing Funds Agreement (PESTANO-000168-000170).

10. The 2001 Dealer Agreement ("AT&T Wireless Exclusive Dealer Agreement") executed between Viva and AT&T Mobility (PESTANO-000171-000191).

11. The "2/1/06 SMF Release" ("Settlement and Release Concerning Dealer's Pre-2/1/06 Total Subscriber Base") executed between Viva and AT&T Mobility (PESTANO-000192-000193).

12. May 10, 2007 letter from AT&T (PESTANO-000192-000193).

13. Email from Marc Miguel to Pestano (PESTANO-000195).

14. Viva compensation statements from AT&T.

Dated this 16th day of February, 2008.


**BALASUBRAMANI LAW**

By: _____

Venkat Balasubramani, (SBN 189192)
Attorneys for Defendant, Carolyn Pestano

2

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that I caused to be delivered to counsel for Plaintiff the foregoing

3

Defendant's Supplemental Initial Disclosures (via Priority US Mail, with a copy via email):

4

Ronald J. Kohut, Esq. (SBN 66463)

5

Sarah K. Kohut, Esq. (SBN 197655)
KOHUT & KOHUT LLP

6

3554 Round Barn Blvd., Suite 204

7

Santa Rosa, California 95403
Facsimile: (707) 573-310i

8

9

I certify that the foregoing is true and correct. Executed on February 16, 2008 at Seattle,
Washington.

10

By: _____

11

Venkat Balasubramani, (SBN 189192)
Attorneys for Defendant, Carolyn Pestano

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT 6

AO 88 (Rev.11/94)  Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AT&T Mobility II, LLC, Plaintiff,

v.

Carolyn Pestano, Defendant.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] **No. C07-05463 WHA**

N.D. Cal.

TO: Infinitel Communications, Inc.
   637 Howard St.
   San Francisco, CA 94105

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached hereto

| PLACE | DATE AND TIME |
|---|---|
| Infinitel Communications, Inc., 637 Howard St. San Francisco, CA 94105 | 04/25/08 10am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | 04/08/08 |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER
Venkat Balasubramani (WSBA 189192/for Defendant) (venkat@balasubramani.com)
8426 40th Ave SW, Seattle, WA 98136 / Tel:  206 529-4827 / Fax:  206 260-3966

(See Rule 45, Federal Rules of Civil P

**Exhibit 6**
**Page 37**

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev.11/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

### (c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance.

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to

attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only under specified conditions.

### (d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

Exhibit 6
Page 35

## EXHIBIT A

### DOCUMENTS AND OBJECTS TO BE PRODUCED BY INFINITEL COMMUNICATIONS, INC.

**THIS SUBPOENA SHALL BE CONSTRUED TO COVER THE FULL RANGE OF INFORMATION AND DOCUMENTS ENCOMPASSED BY THE FEDERAL RULES OF CIVIL PROCEDURE, INCLUDING EMAILS, ELECTRONIC VERSIONS OF DOCUMENTS, AND OTHER DATA WHICH IS STORED IN ELECTRONIC FORM. THE SUBPOENA COVERS INFORMATION FROM JANUARY 1, 2004 TO THE PRESENT.**

IN RESPONDING TO THE SUBPOENA PLEASE USE THE FOLLOWING DEFINITIONS:

1. "AT&T" refers to AT&T Wireless Services, Inc. (or any predecessor entity).

2. "Cingular" refers to Cingular Wireless II, LLC (now known as AT&T Mobility II, LLC).

3. "Communications" refers to any communications, whether in written, email or other electronic form.

4. "Infinitel" refers to Infinitel Communications, Inc.

DOCUMENTS AND ITEMS TO BE PRODUCED:

1. All agreements (e.g., an "SMF Release" or "Settlement and Release") that proposed to restructure, revise, or eliminate compensation payments (including "SMF" or "Blue SMF") that were or would become due to Infinitel under a dealer agreement between Infinitel and Cingular or AT&T.

2. All communications pertaining to or transmitting any agreement or proposal referenced in No. 1, above.

3. All communications between Infinitel and Cingular or AT&T pertaining to unpaid or disputed compensation payments (including "SMF" or "Blue SMF") that were or would become due to Infinitel from Cingular or AT&T.

4. All communications between Infinitel and Cingular or AT&T pertaining to the opening of additional Infinitel locations or the closing of any existing Infinitel locations.

5. All customer complaints (with any customer information redacted) from any Cingular or AT&T subscriber which were transmitted to Infinitel.

Exhibit 6
Page 39

# EXHIBIT 7



1  Venkat Balasubramani (SBN 189192)
   *venkat@balasubramani.com*
2  BALASUBRAMANI LAW
   8426 40th Ave SW
3  Seattle. WA 98136
   Telephone: (206) 529-4827
4  Facsimile:  (206) 260-3966

5  Attorneys for Defendant
   CAROLYN PESTANO

6

7

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11  AT&T MOBILITY II, LLC, a Delaware          Case No. C07-05463 WHA

12  limited liability company,

13           Plaintiff,                        DEFENDANT CAROLYN PESTANO'S
                                               FIRST SET OF DISCOVERY TO AT&T
14  v.                                         MOBILITY II, LLC

15  CAROLYN PESTANO, an individual,

16           Defendant.

17

18  ─────────────────────────────────────

19  TO:    AT&T Mobility II, LLC; and

20  TO:    Ron Kohut and Sarah Kohut, counsel for AT&T Mobility II, LLC.

21  Defendant Carolyn Pestano ("Pestano") hereby propounds the following Interrogatories and

22

23  Requests for Production.

24                          **I. Introduction**

25  A.    Overview.  Pestano requests you pursuant to Rule 33 & 34 of the Federal Rules of

26  Civil Procedure ("FRCP") and the Local Rules of the United States District Court of the

27

28  Northern District of California to answer the following Interrogatories ("Interrogatories") and

                                    1

**Exhibit  7**
**Page  40**

Requests for Production ("RFP"s), separately, fully, in writing and under oath, within thirty (30) days after service hereof. The instructions and definitions set forth below apply with respect to these Interrogatories and Requests for Production.

B.    Knowledge. The answer to each Interrogatory and Request for Production shall include such information as is within your custody, possession, or control, including, but not limited to, documents and tangible things in your custody, possession, or control, or that of your agents or representatives. If these Interrogatories and Requests for Production cannot be answered in full, answer to the extent possible, specify the reasons for your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portion. In answering these Interrogatories and Requests for Production, furnish such information as is available to you regardless of whether this information is obtained directly by you, through your agents or other representatives, or by your attorneys.

C.    Relevant Time. Unless where expressly stated or where the context requires otherwise, your responses to these Interrogatories and Requests for Production shall include the time period from January 1, 2001 to present.

D.    Interrogatories. These Interrogatories are continuing and, in the event that additional information becomes known to you after you provide responses, you are required by the FRCP 26(e) to supplement its responses by producing such newly discovered information as and when it comes into your possession, custody or control. Furthermore, the full text of the Interrogatory to which any answer is intended to respond is to be restated immediately preceding such answer.

E.    Requests for Production. In accordance with FRCP 34, produce at the offices of Balasubramani Law, 8426 40th Ave SW, Seattle, WA 98136, and within thirty (30) days after service of these requests, all of the requested documents and items in your possession, custody or control. These requests for production are continuing within the meaning of FRCP 26.

2

## II. Definitions

1.  **"AT&T"** refers to AT&T Mobility II, LLC, Cingular Wireless II, LLC, AT&T Wireless Services, Inc., and any intermediate entity or joint venture which was assigned an interest in the Dealer Agreement, the APA, or the SMF Release.

2.  **"APA"** refers to the "Advance Payment Agreement" executed between Viva and Cingular Wireless II, LLC (dated October 10, 2006).

3.  **"Dealer Agreement"** refers to the "Cingular Wireless Exclusive Dealer Agreement" executed between Viva and Cingular Wireless II, LLC (effective January 1, 2006).

4.  **"MSW"** refers to Mobile Systems Wireless, Inc.

5.  **"Northern California Region"** has the meaning set forth in the Dealer Agreement.

6.  **"Original Dealer Agreement"** refers to the "AT&T Wireless Exclusive Dealer Agreement" between Viva and AT&T Wireless Services, Inc. (effective September 1, 2001).

7.  **"Personal Guaranty"** refers to the personal guaranty executed between Pestano and Cingular Wireless II, LLC as part of the APA.

8.  **"SMF Release"** refers to the "Settlement and Release Concerning Dealer's Pre-2/1/06 Total Subscriber Base" executed between Viva and Cingular Wireless II, LLC.

9.  **"Viva"** refers to Viva Wireless, Inc.

## III. Interrogatories

INTERROGATORY NO. 1: Identify any past or present AT&T employees or agents (including by title/position) involved in negotiating or finalizing the SMF Release.
ANSWER:

3

INTERROGATORY NO. 2: Identify any past or present AT&T employees or agents (including by title/position) involved in negotiating or finalizing the APA or Personal Guaranty.
ANSWER:

INTERROGATORY NO. 3: Identify any past or present AT&T employees or agents (including by title/position) involved in negotiating or finalizing the Dealer Agreement.
ANSWER:

INTERROGATORY NO. 4: Identify any entity (including joint venture) that had an interest in the APA or Personal Guaranty – i.e., any entity to whom Cingular Wireless II, LLC assigned any rights or claims under the APA or Personal Guaranty (including AT&T Mobility II, LLC).
ANSWER:

INTERROGATORY NO. 5: Identify any documents pursuant to which interests in the APA or Personal Guaranty were assigned by Cingular Wireless II, LLC to AT&T Mobility II, LLC or pursuant to which AT&T Mobility II, LLC claims the right to enforce the Personal Guaranty.
ANSWER:

INTERROGATORY NO. 6: Identify any part of the Personal Guaranty which AT&T claims constitutes a waiver of Pestano's right to assert offset or underlying defenses under the APA.
ANSWER:

4

Exhibit 7
Page 43

INTERROGATORY NO. 7: Identify any other AT&T dealers with whom AT&T entered into an agreement similar to the SMF Release (e.g., any agreement pursuant to which Cingular Wireless II, LLC restructured its compensation with a dealer – from "continuing service awards" into "Subscriber Management Fees").
ANSWER:

INTERROGATORY NO. 8: Identify the AT&T employee(s) responsible for making the decision to implement the compensation restructuring program referred to in Interrogatory No. 7.
ANSWER:

INTERROGATORY NO. 9: Identify any amounts withheld as a "reserve" under section 10.5 of the Dealer Agreement.
ANSWER:

INTERROGATORY NO. 10: Identify all Chargebacks (as defined in the Dealer Agreement) applied against the "reserve".
ANSWER:

**IV. Requests for Production**

REQUEST FOR PRODUCTION NO. 1:  Produce all drafts of the APA.
RESPONSE:

5

1    REQUEST FOR PRODUCTION NO. 2:  Produce all drafts of the Personal Guaranty.

2    RESPONSE:

3

4

5    REQUEST FOR PRODUCTION NO. 3:  Produce all drafts of the SMF Release.

6    RESPONSE:

7

8

9    REQUEST FOR PRODUCTION NO. 4:  Produce all documents reflecting any assignment

10   by Cingular Wireless II, LLC of rights or interests in the Personal Guaranty or the APA.

11   RESPONSE:

12

13

14   REQUEST FOR PRODUCTION NO. 5:  Produce any market feasibility study or other

15   evaluation conducted by AT&T with respect to additional locations or dealers for AT&T

     products or services in the Northern California Region.

16   RESPONSE:

17

18

19

20   REQUEST FOR PRODUCTION NO. 6:  Produce any communications from Viva

     containing concerns regarding MSW or any other AT&T dealers.

21   RESPONSE:

22

23

24   REQUEST FOR PRODUCTION NO. 7:  Produce any communications (internal

25   communications or communications with MSW or other third parties) regarding Viva's

26   concerns about MSW or any other AT&T dealer.

     RESPONSE:

27

28

6

REQUEST FOR PRODUCTION NO. 8:  Produce any communications with MSW or any third parties regarding opening additional locations in the Northern California Region.
RESPONSE:

REQUEST FOR PRODUCTION NO. 9:  Produce any documents containing a calculation of the amounts owed to Viva at the time the parties entered into the SMF Release (i.e., calculations regarding the "Pre-9/1/05 Blue SMF," and "all SMF for which Dealer would be eligible under the Dealer Agreement based on subscribers Dealer activated through and including January 31, 2006," as referenced in the SMF Release).
RESPONSE:

REQUEST FOR PRODUCTION NO. 10:  Produce any documents containing, reflecting, or constituting any endeavor by AT&T to estimate the loss that may be sustained by AT&T as a result of termination of the "Dealer Agreement," as referenced in the third sentence of Section 1 of the SMF Release.
RESPONSE:

REQUEST FOR PRODUCTION NO. 11:  Produce any documents containing, reflecting, or constituting any estimate by AT&T of how the damages resulting from termination of the "Dealer Agreement" as referenced above would vary depending on the circumstances of termination.
RESPONSE:

7

Exhibit 7
Page 46

1    REQUEST FOR PRODUCTION NO. 12:  Produce all communications with Pestano or Viva
2    reflecting discussions regarding the calculations referenced in your response to RFP Nos. 10
3    and 11, above.
     RESPONSE:

4

5

6    REQUEST FOR PRODUCTION NO. 13:  Produce all documents reflecting amounts
7    payable to Viva under Section 1 of the SMF Release.
8    RESPONSE:

9

10

11   REQUEST FOR PRODUCTION NO. 14:  Produce all communication referencing the SMF
12   Release (including any drafts).
13   RESPONSE:

14

15

16   REQUEST FOR PRODUCTION NO. 15:  Produce all communication referencing the APA
17   or Personal Guaranty (including any drafts).
18   RESPONSE:

19

20

21

22   REQUEST FOR PRODUCTION NO. 16:  Produce all communications with MSW which
23   reference Viva or Pestano.
     RESPONSE:

24

25

26   REQUEST FOR PRODUCTION NO. 17:  Produce a copy of all policies or documents
27   which govern the calculation of compensation owed to Viva under the Original Dealer
28   Agreement.

8

Case No. C07-05463 WHA  CAROLYN PESTANO'S FIRST SET OF DISCOVERY TO AT&T MOBILITY

Exhibit 7
Page 47

1   RESPONSE:

2

3

4
    REQUEST FOR PRODUCTION NO. 18:  Produce a copy of all policies or documents
5   which govern the calculation of compensation owed to Viva under the Dealer Agreement.
6   RESPONSE:

7

8

9   REQUEST FOR PRODUCTION NO. 19:  Produce any documentation reflecting any
10  amounts actually paid to Viva under the SMF Release.
    RESPONSE:
11

12

13

14  REQUEST FOR PRODUCTION NO. 20:  Produce any documentation reflecting any
15  amounts repaid by Viva (or credited by AT&T) under the APA.
    RESPONSE:
16

17

18

19  REQUEST FOR PRODUCTION NO. 21:  Produce any communication referencing Viva or
20  Pestano.
    RESPONSE:
21

22

23

24  REQUEST FOR PRODUCTION NO. 22:  Produce any customer complaints regarding
    MSW or any dealers in the Northern California (received after January 1, 2005).
25  RESPONSE:

26

27

28

9

Exhibit 7
Page 48

1   REQUEST FOR PRODUCTION NO. 23:  Produce all drafts of the Dealer Agreement.

2   RESPONSE:

5       DATED this 12th day of February, 2008.

                                    Respectfully Submitted,

                                    **BALASUBRAMANI LAW**
                            By:     _____
                                    Venkat Balasubramani,
                                    Cal. State Bar No. 189192
                                    Attorney for Carolyn Pestano

                                    10

Exhibit  7
Page  A9

1

## CERTIFICATE OF SERVICE

2

3     The undersigned hereby certifies that on this 12th day of February, 2008, I caused the
foregoing **CAROLYN PESTANO'S FIRST SET OF INTERROGATORIES &**
4     **REQUESTS FOR PRODUCTION TO AT&T MOBILITY II, LLC** to be hand delivered
to counsel for Plaintiff:
5

6     Ronald J. Kohut, Esq. (SBN 66463)
      KOHUT & KOHUT LLP
7     3554 Round Barn Blvd., Suite 204
      Santa Rosa, California 95403
8     Facsimile: (707) 573-3101

9

10    I declare under penalty of perjury under the laws of the United States and the State of
      Washington that the foregoing is true and correct and that this declaration was executed on
11    February 12, 2008, at Seattle, Washington.

12

13                                                    Venkat Balasubramani

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11

**Exhibit** 7
**Page** 50

**VERIFICATION**

I, _____, have read the foregoing Responses to CAROLYN PESTANO'S FIRST SET OF INTERROGATORIES & REQUESTS FOR PRODUCTION TO AT&T know the contents thereof, and believe the same to be true.

Dated this _____ day of _____, 2008.

_____

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2008.

Printed Name:
NOTARY PUBLIC in and for the State of
_____, residing at
My Commission Expires:

12

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION

The undersigned attorney for AT&T Mobility II, LLC has reviewed the foregoing Responses to **CAROLYN PESTANO'S FIRST SET OF INTERROGATORIES & REQUESTS FOR PRODUCTION TO AT&T MOBILITY II, LLC**, and certifies that they are in compliance with Civil Rules 26 and 34.

DATED: _____, 2008.

By: _____

Attorneys for AT&T Mobility II, LLC

13

Exhibit 7
Page 52

Ronald J. Kohut, Esq. (SBN 66463)
*ron@kohutlaw.com*
Sarah K. Kohut, Esq. (SBN 197655)
*sarah@kohutlaw.com*
KOHUT & KOHUT LLP
3554 Round Barn Blvd., Suite 204
Santa Rosa, California  95403
Telephone: (707) 573-3100
Facsimile:   (707) 573-3101

Attorneys for Plaintiff and Cross-Defendant
AT&T MOBILITY II LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY II, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br> v.<br><br>CAROLYN PESTANO, an individual,<br><br>        Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. **CV 07-05463** WHA<br><br>**AT&T MOBILITY II LLC'S RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTY:**       **DEFENDANT, CAROLYN PESTANO**

**RESPONDING PARTY:**       **PLAINTIFF, AT&T MOBILITY II LLC**

**SET NO.:**       **ONE [NOS. 1-23]**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Civil Procedure 34, and Local Rule 34-1 *et. seq.* Plaintiff AT&T MOBILITY II LLC ("AT&T Mobility") responds to Defendant Carolyn Pestano's First Set Of Requests for Production of Documents, Set One as follows:

1

Exhibit 7
Page 53

**REQUEST FOR PRODUCTION NO. 1:**

Produce all drafts of the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

AT&T Mobility objects to this request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. No documents subject to such protection will be produced. If responsive documents exist, however, such documents will be listed on a privilege log that will be produced concurrently with the production of any non-privileged responsive documents.

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: AT&T Mobility will produce the non-privileged responsive documents in its possession, custody and control. AT&T Mobility will not reproduce those responsive documents already produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 2:**

Produce all drafts of the Personal Guaranty.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

AT&T Mobility objects to this request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. No documents subject to such protection will be produced. If responsive documents exist, however, such documents will be listed on a privilege log that will be produced concurrently with the production of any non-privileged responsive documents.

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

2

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: AT&T Mobility will produce the non-privileged responsive documents in its possession, custody and control. AT&T Mobility will not reproduce those responsive documents already produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 3:**

Produce all drafts of the SMF Release.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

AT&T Mobility objects to this request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. No documents subject to such protection will be produced. If responsive documents exist, however, such documents will be listed on a privilege log that will be produced concurrently with the production of any non-privileged responsive documents.

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: AT&T Mobility will produce the non-privileged responsive documents in its possession, custody and control. AT&T Mobility will not reproduce those responsive documents already produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 4**:

Produce all documents reflecting any assignment by Cingular Wireless II, LLC of rights or interests in the Personal Guaranty or the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

AT&T Mobility objects to this request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. No documents subject to such protection will be produced. If responsive documents exist, however, such documents

3

will be listed on a privilege log that will be produced concurrently with the production of any non-privileged responsive documents.

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: AT&T Mobility will produce all non-privileged responsive documents in its possession, custody and control, sufficient to show any such assignment.

**REQUEST FOR PRODUCTION NO. 5:**

Produce any market feasibility study or other evaluation conducted by AT&T with respect to additional locations or dealers for AT&T products or services in the Northern California Region.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

AT&T Mobility objects to this request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. No documents subject to such protection will be produced. If responsive documents exist, however, such documents will be listed on a privilege log that will be produced concurrently with the production of any non-privileged responsive documents.

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

AT&T Mobility objects to the scope of time of this request on the basis that it seeks documents well outside the time period at issue and the applicable statute of limitations. AT&T Mobility will not produce documents in response to this request that pre-date January 1, 2005 or that post-date April 5, 2007, the date Viva terminated its relationship with AT&T Mobility.

4

1    AT&T Mobility objects to this request on the basis that it is ambiguous and overbroad

2    due to its use of the undefined term "other evaluations."

3        Subject to and without waiver of the foregoing objections, AT&T Mobility responds:

4    AT&T Mobility has made a reasonable search of all sources reasonably likely to contain

5    documents responsive to this request and has been unable to locate any responsive

6    documents.

7    **REQUEST FOR PRODUCTION NO. 6:**

8        Produce any communications from Viva containing concerns regarding MSW or any

9    other AT&T dealers.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

11       AT&T Mobility objects to this request on the basis that it seeks the private

12   information of third parties, which AT&T Mobility is prohibited from disclosing by those

13   third parties' rights to privacy, California Public Utilities Code Section 2891.  Specifically,

14   this request seeks documents that contain identifying information of subscribers.

15       AT&T Mobility objects to the scope of time of this request on the basis that it seeks

16   documents well outside the time period at issue and the applicable statute of limitations.

17   AT&T Mobility will not produce documents in response to this request that pre-date January

18   1, 2005 or that post-date April 5, 2007, the date Viva terminated its relationship with AT&T

19   Mobility.

20       AT&T Mobility objects to this request on the basis that it is ambiguous due to its use

21   of the terms "containing" and "concerns."  In responding to this request, AT&T Mobility

22   responds according to its understanding of the terms "containing" and "concerns" and

23   reserves its right to change or supplement its response in the event its understanding of such

24   term differs from Defendant's intended meaning.

25       Subject to and without waiver of the foregoing objection, AT&T Mobility responds:

26   AT&T Mobility will produce all responsive documents in its possession, custody and control

27

28

5

**AT&T MOBILITY II LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF
DOCUMENT REQUEST SET NO. 1**

Exhibit 7
Page 57

1     and pursuant to California Public Utilities Code Section 2891 will redact any identifying

2     information of subscribers.

3     **REQUEST FOR PRODUCTION NO. 7:**

4           Produce any communications (internal communications or communications with

5     MSW or other third parties) regarding Viva's concerns about MSW or any other AT&T

6     dealer.

7     **RESPONSE TO REQUEST FOR PRODUCTION NO. 7**:

8           AT&T Mobility objects to this request to the extent it seeks information protected by

9     the attorney-client privilege and/or attorney work product doctrine. No documents subject to

10    such protection will be produced. If responsive documents exist, however, such documents

11    will be listed on a privilege log that will be produced concurrently with the production of any

12    non-privileged responsive documents.

13          AT&T Mobility objects to the scope of time of this request on the basis that it seeks

14    documents well outside the time period at issue and the applicable statute of limitations.

15    AT&T Mobility will not produce documents in response to this request that pre-date January

16    1, 2005 or that post-date April 5, 2007, the date Viva terminated its relationship with AT&T

17    Mobility.

18          AT&T Mobility objects to this request to the extent it seeks information that is

19    proprietary and/or confidential. All documents containing such information will be produced

20    subject to the terms of the protective order entered in this action.

21          AT&T Mobility objects to this request on the basis that it seeks to invade the rights of

22    third parties and violate such parties' constitutional, statutory and common law rights to

23    privacy.

24          AT&T Mobility objects to this request on the basis that it is ambiguous due to its use

25    of the term "concerns." In responding to this request, AT&T Mobility responds according to

26

27

28

**AT&T MOBILITY II LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF
DOCUMENT REQUEST SET NO. 1**

Exhibit 7
Page 58

1  its understanding of the term "concerns" and reserves its right to change or supplement its

2  response in the event it's understanding of such term differs from Defendant's meaning.

3      Subject to and without waiver of the foregoing objections, AT&T Mobility responds:

4  AT&T Mobility will produce all non-privileged responsive documents in its possession,

5  custody and control.  AT&T Mobility will not reproduce those responsive documents already

6  produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

7  **REQUEST FOR PRODUCTION NO. 8**:

8      Produce any communications with MSW or any third parties regarding opening

9  additional locations in the Northern California Region.

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 8**:

11      AT&T Mobility objects to this request to the extent it seeks information protected by

12  the attorney-client privilege and/or attorney work product doctrine.  No documents subject to

13  such protection will be produced.  If responsive documents exist, however, such documents

14  will be listed on a privilege log that will be produced concurrently with the production of any

15  non-privileged responsive documents.

16      AT&T Mobility objects to this request to the extent it seeks information that is

17  proprietary and/or confidential.  All documents containing such information will be produced

18  subject to the terms of the protective order entered in this action.

19      AT&T Mobility objects to the scope of time of this request on the basis that it seeks

20  documents well outside the time period at issue and the applicable statute of limitations.

21  AT&T Mobility will not produce documents in response to this request that pre-date January

22  1, 2005 or that post-date April 5, 2007, the date Viva terminated its relationship with AT&T

23  Mobility.

24

25      AT&T Mobility objects to this request on the basis that it is not reasonably calculated

26  to lead to the discovery of admissible evidence.

27

28                          7

AT&T Mobility objects to this request on the basis that it seeks to invade the rights of third parties and violate such parties' constitutional, statutory and common law rights to privacy.

Subject to and without waiving the foregoing objections AT&T Mobility responds: AT&T Mobility will not produce documents in response to this request as framed.

**REQUEST FOR PRODUCTION NO. 9**:

Produce any documents containing a calculation of the amounts owed to Viva at the time the parties entered into the SMF Release (i.e., calculations regarding the "Pre-9/1/05 Blue SMF," and "all SMF for which Dealer would be eligible under the Dealer Agreement based on subscribers Dealer activated through and including January 31, 2006," as referenced in the SMF Release).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

AT&T Mobility objects to this request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. No documents subject to such protection will be produced. If responsive documents exist, however, such documents will be listed on a privilege log that will be produced concurrently with the production of any non-privileged responsive documents.

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: The non-privileged documents sought by this request were produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

**AT&T MOBILITY II LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF DOCUMENT REQUEST SET NO. 1**

Exhibit __7__
Page __60__

**REQUEST FOR PRODUCTION NO. 10**:

Produce any documents containing, reflecting, or constituting any endeavor by AT&T to estimate the loss that may be sustained by AT&T as a result of termination of the "Dealer Agreement," as referenced in the third sentence of Section 1 of the SMF Release.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

AT&T Mobility objects to this request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. No documents subject to such protection will be produced. If responsive documents exist, however, such documents will be listed on a privilege log that will be produced concurrently with the production of any non-privileged responsive documents.

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

AT&T Mobility objects to the scope of time of this request on the basis that it seeks documents well outside the time period at issue and the applicable statute of limitations. AT&T Mobility will not produce documents in response to this request that pre-date January 1, 2005 or that post-date April 5, 2007, the date Viva terminated its relationship with AT&T Mobility.

AT&T Mobility objects to this request on the basis that there is no liquidated damages provision in Section 1 of the SMF Release.

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: AT&T Mobility is unable to respond to this request as phrased because it mischaracterizes Section 1 of the SMF Release.

9

**REQUEST FOR PRODUCTION NO. 11**:

Produce any documents containing, reflecting, or constituting any estimate by AT&T of how the damages resulting from termination of the "Dealer Agreement" as referenced above would vary depending on the circumstances of the termination.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**:

AT&T Mobility objects to this request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. No documents subject to such protection will be produced. If responsive documents exist, however, such documents will be listed on a privilege log that will be produced concurrently with the production of any non-privileged responsive documents.

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

AT&T Mobility objects to the scope of time of this request on the basis that it seeks documents well outside the time period at issue and the applicable statute of limitations. AT&T Mobility will not produce documents in response to this request that pre-date January 1, 2005 or that post-date April 5, 2007, the date Viva terminated its relationship with AT&T Mobility.

AT&T Mobility objects to this request on the basis that there is no liquidated damages provision in Section 1 of the SMF Release.

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: AT&T Mobility is unable to respond to this request as phrased because it mischaracterizes Section 1 of the SMF Release.

**REQUEST FOR PRODUCTION NO. 12**:

Produce all communications with Pestano or Viva reflecting discussions regarding the calculations referenced in your response to RFP Nos. 10 and 11, above.

**AT&T MOBILITY II LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF DOCUMENT REQUEST SET NO. 1**

Exhibit 7
Page 62

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**:

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

AT&T Mobility objects to the scope of time of this request on the basis that it seeks documents well outside the time period at issue and the applicable statute of limitations. AT&T Mobility will not produce documents in response to this request that pre-date January 1, 2005 or that post-date April 5, 2007, the date Viva terminated its relationship with AT&T Mobility.

AT&T Mobility objects to this request on the basis that there is no liquidated damages provision in Section 1 of the SMF Release.

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: AT&T Mobility is unable to respond to this request as phrased because it mischaracterizes Section 1 of the SMF Release.

**REQUEST FOR PRODUCTION NO. 13**:

Produce all documents reflecting amounts payable to Viva under Section 1 of the SMF Release.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**:

AT&T Mobility objects to this request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. No documents subject to such protection will be produced. If responsive documents exist, however, such documents will be listed on a privilege log that will be produced concurrently with the production of any non-privileged responsive documents.

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

11

1      AT&T Mobility objects to the scope of time of this request on the basis that it seeks

2  documents well outside the time period at issue and the applicable statute of limitations.

3  AT&T Mobility will not produce documents in response to this request that pre-date January

4  1, 2005 or that post-date September 28, 2007, the date this action was filed.

5      Subject to and without waiver of the foregoing objections, AT&T Mobility responds:

6  AT&T Mobility will produce all non-privileged responsive documents in its possession,

7  custody and control.  AT&T Mobility will not reproduce those responsive documents already

8  produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

9  **REQUEST FOR PRODUCTION NO. 14**:

10      Produce all communication referencing the SMF Release (including any drafts).

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

12      AT&T Mobility objects to this request to the extent it seeks information protected by

13  the attorney-client privilege and/or attorney work product doctrine.  No documents subject to

14  such protection will be produced.  If responsive documents exist, however, such documents

15  will be listed on a privilege log that will be produced concurrently with the production of any

16  non-privileged responsive documents.

17      AT&T Mobility objects to this request to the extent it seeks information that is

18  proprietary and/or confidential.  All documents containing such information will be produced

19  subject to the terms of the protective order entered in this action.

20      AT&T Mobility objects to the scope of time of this request on the basis that it seeks

21  documents well outside the time period at issue and the applicable statute of limitations.

22  AT&T Mobility will not produce documents in response to this request that pre-date January

23  1, 2005 or that post-date September 28, 2007, the date this action was filed.

24      Subject to and without waiver of the foregoing objections, AT&T Mobility responds:

25  AT&T Mobility will produce the non-privileged responsive documents in its possession,

26

27

28

12

---

**AT&T MOBILITY II LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF
DOCUMENT REQUEST SET NO. 1**

Exhibit  7
Page  69

1   custody and control.  AT&T Mobility will not reproduce responsive documents already

2   produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

3   **REQUEST FOR PRODUCTION NO. 15:**

4          Produce all communication referencing the APA or Personal Guaranty (including any

5   drafts).

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

7          AT&T Mobility objects to this request to the extent it seeks information protected by

8   the attorney-client privilege and/or attorney work product doctrine.  No documents subject to

9   such protection will be produced.  If responsive documents exist, however, such documents

10  will be listed on a privilege log that will be produced concurrently with the production of any

11  non-privileged responsive documents.

12         AT&T Mobility objects to this request to the extent it seeks information that is

13  proprietary and/or confidential.  All documents containing such information will be produced

14  subject to the terms of the protective order entered in this action.

15         AT&T Mobility objects to the scope of time of this request on the basis that it seeks

16  documents well outside the time period at issue and the applicable statute of limitations.

17  AT&T Mobility will not produce documents in response to this request that pre-date January

18  1, 2005 or that post-date September 28, 2007, the date this action was filed.

19         Subject to and without waiver of the foregoing objections, AT&T Mobility responds:

20  AT&T Mobility will produce the non-privileged responsive documents in its possession,

21  custody and control.  AT&T Mobility will not reproduce those responsive documents already

22  produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

23  **REQUEST FOR PRODUCTION NO. 16:**

24         Produce all communications with MSW which reference Viva or Pestano.

25

26

27

28                                          13

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

AT&T Mobility objects to the scope of time of this request on the basis that it seeks documents well outside the time period at issue and the applicable statute of limitations. AT&T Mobility will not produce documents in response to this request that pre-date January 1, 2005 or that post-date April 5, 2007, the date Viva terminated its relationship with AT&T Mobility.

AT&T Mobility objects to this request on the basis that it seeks to invade the rights of third parties and violate such parties' constitutional, statutory and common law rights to privacy.

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: AT&T Mobility will produce the non-privileged responsive documents in its possession, custody and control. AT&T Mobility will not reproduce responsive documents already produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 17:**

Produce a copy of all policies or documents which govern the calculation of compensation owed to Viva under the Original Dealer Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

AT&T Mobility objects to this request on the grounds it is not reasonably calculated to lead to the discovery of admissible evidence: other than SMF, Viva's compensation under the Original Dealer Agreement is not at issue.

14

---

AT&T Mobility objects to the scope of time of this request on the basis that it seeks documents well outside the time period at issue and the applicable statute of limitations. AT&T Mobility will not produce documents in response to this request that pre-date January 1, 2005 or that post-date January 1, 2006, the date Viva entered into the Dealer Agreement.

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: The responsive non-privileged documents in AT&T Mobility's possession, custody or control were produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 18:**

Produce a copy of all policies or documents which govern the calculation of compensation owed to Viva under the Dealer Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: The responsive non-privileged documents in AT&T Mobility's possession, custody or control were produced in connection with AT&T Mobility's Supplemental Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 19:**

Produce any documentation reflecting any amounts actually paid to Viva under the SMF Release.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

15

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: The documentation sought by this request was produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 20:**

Produce any documentation reflecting any amounts repaid by Viva (or credited by AT&T) under the APA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

AT&T Mobility objects to this request to the extent it seeks information that is proprietary and/or confidential. All documents containing such information will be produced subject to the terms of the protective order entered in this action.

Subject to and without waiver of the foregoing objections, AT&T Mobility responds: The documentation sought by this request was produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 21:**

Produce any communication referencing Viva or Pestano.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

AT&T Mobility objects to this request to the extent it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. No documents subject to such protection will be produced. If responsive documents exist outside the files of AT&T Mobility's legal department and AT&T Mobility's counsel in this action, such documents will be listed on a privilege log that will be produced concurrently with the production of any non-privileged responsive documents. AT&T Mobility will not undertake to list on a privilege log every "communication referencing Viva or Pestano" in the files of in-house legal personnel or AT&T Mobility's counsel in this action.

16

**AT&T MOBILITY II LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF DOCUMENT REQUEST SET NO. 1**

Exhibit  7
Page  68

1    AT&T Mobility objects to this request to the extent it seeks information that is

2    proprietary and/or confidential. All documents containing such information will be produced

3    subject to the terms of the protective order entered in this action.

4    AT&T Mobility objects to this request on the basis that it seeks to invade the rights of

5    third parties and violate such parties' constitutional, statutory and common law rights to

6    privacy.

7    AT&T Mobility objects to the scope of time of this request on the basis that it seeks

8    documents well outside the time period at issue and the applicable statute of limitations.

9    AT&T Mobility will not produce documents in response to this request that pre-date January

10   1, 2005 or that post-date September 28, 2007, the date this action was filed.

11   Subject to and without waiver of the foregoing objections, AT&T Mobility responds:

12   AT&T Mobility will produce the non-privileged responsive documents in its possession,

13   custody and control that relate to the issues raised in this action. AT&T Mobility will not

14   reproduce those responsive documents already produced in connection with AT&T

15   Mobility's Initial and Supplemental Initial Disclosures.

16   **REQUEST FOR PRODUCTION NO. 22:**

17   Produce any customer complaints regarding the MSW or any dealers in the Northern

18   California [sic] (received after January 1, 2005).

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

20   AT&T Mobility objects to this request to the extent it seeks information that is

21   proprietary and/or confidential. All documents containing such information will be produced

22   subject to the terms of the protective order entered in this action.

23

24   AT&T Mobility objects to this request on the basis that it seeks the private

25   information of third parties, which AT&T Mobility is prohibited from disclosing by those

26   third parties' rights to privacy, California Public Utilities Code Section 2891. Specifically,

27

28                                          17

**AT&T MOBILITY II LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF
DOCUMENT REQUEST SET NO. 1**                        Exhibit  7
                                                        Page  69

1  this request seeks subscriber account notes and identifying information, which AT&T

2  Mobility is prohibited by law from producing.

3    AT&T Mobility objects to this request on the basis that to the extent it seeks

4  information regarding "any dealers in the Northern California [sic]" it is not reasonably

5  calculated to lead to the discovery of admissible evidence.

6    Subject to and without waiver of the foregoing objections, AT&T Mobility responds:

7  AT&T Mobility will produce all responsive documents in its possession, custody and control

8  regarding MSW.  Pursuant to California Public Utilities Code Section 2891, AT&T Mobility

9  will redact any identifying information of subscribers contained in such documents.

10  **REQUEST FOR PRODUCTION NO. 23:**

11    Produce all drafts of the Dealer Agreement.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

13    AT&T Mobility objects to this request to the extent it seeks information protected by

14  the attorney-client privilege and/or attorney work product doctrine.  No documents subject to

15  such protection will be produced, however, if responsive documents exist, such documents

16  will be listed on a privilege log that will be produced concurrently with the production of any

17  non-privileged responsive documents.

18    AT&T Mobility objects to this request to the extent it seeks information that is

19  proprietary and/or confidential.  All documents containing such information will be produced

20  subject to the terms of the protective order entered in this action.

21    Subject to and without waiver of the foregoing objections, AT&T Mobility responds:

22  AT&T Mobility will produce the non-privileged responsive documents in its possession,

23  custody and control.  AT&T Mobility will not reproduce those responsive documents already

24  produced in connection with AT&T Mobility's Initial and Supplemental Initial Disclosures.

25

26

27

28

**AT&T MOBILITY II LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF
DOCUMENT REQUEST SET NO. 1**

Exhibit  7
Page  70

1   DATED: March 13, 2008

KOHUT & KOHUT, LLP

By: _____
Sarah K. Kohut
Attorneys for Plaintiff

19

**AT&T MOBILITY II LLC'S RESPONSE TO DEFENDANTS' FIRST SET OF**
**DOCUMENT REQUEST SET NO. 1**

Exhibit  7
Page  71