Venkat Balasubramani
(State Bar No. 189192)
BALASUBRAMANI LAW
8426 40th Ave. SW
Seattle, Washington 98136
(206) 529-4827 phone
(206) 260-3966 fax
venkat@balasubramani.com
Attorney for CAROLYN PESTANO

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY II, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> CAROLYN PESTANO, an individual; and VIVA WIRELESS, INC., a California corporation, <br><br> Defendants. | **No. C07-05463 WHA** <br><br> **CAROLYN PESTANO'S ANSWER TO THE FIRST AMENDMENT COMPLAINT OF AT&T MOBILITY II, LLC** <br><br> **JURY TRIAL DEMANDED** |

Carolyn Pestano ("**Pestano**") Answers the First Amended Complaint (the "**Complaint**") of AT&T Mobility II, LLC as follows:

## ANSWER

**A.    The Parties; Jurisdiction; Venue**

1.    Pestano ADMITS the allegations of Paragraph 1 of the Complaint.

2.    Pestano ADMITS the allegations of Paragraph 2 of the Complaint.

3.    Pestano ADMITS the allegations of Paragraph 3 of the Complaint.

4.    Pestano DENIES that she was the sole shareholder of Viva but ADMITS the remaining allegations of Paragraph 4 of the Complaint.

5.    Pestano DENIES the allegations of Paragraph 5 of the Complaint, and DENIES that
Pestano acted in her own individual capacity with respect to any of the actions alleged in
the Complaint or that Viva was an agent for Pestano (except for entering into the Dealer
Principal Personal Guaranty).  All of the actions taken by Pestano underlying the
Complaint were taken on behalf of Viva (except for entering into the Dealer Principal
Personal Guaranty).

6.    Pestano ADMITS the allegations of Paragraph 6 of the Complaint.

7.    Pestano ADMITS the allegations of Paragraph 7 of the Complaint.

**B.     The Dealer Agreement**

8.    Pestano ADMITS the allegations of Paragraph 8 of the Complaint.

9.    Pestano ADMITS the allegations of Paragraph 9 of the Complaint.

10.   The Allegations of Paragraph 10 of the Complaint amount to legal conclusions (or a
characterization of the language of the Dealer Agreement) to which no answer is required.

11.   The Allegations of Paragraph 11 of the Complaint amount to legal conclusions (or a
characterization of the language of the Dealer Agreement) to which no answer is required.

12.   Pestano ADMITS that the Dealer Agreement contained the language quoted in
Paragraph 12 of the Complaint and required advance written notice in the event Viva
wanted to "terminate, transfer, sell, or otherwise dispose of its leasehold interest in an
Approved Retail Location," but DENIES the remaining allegations to the extent they
amount to legal conclusions (or a characterization of the language of the Dealer
Agreement).

13.   Pestano ADMITS that the Dealer Agreement contained the language quoted in
Paragraph 13 of the Complaint, but DENIES the remaining allegations to the extent they
amount to legal conclusions (or a characterization of the language of the Dealer
Agreement).

14.   Pestano ADMITS that the Dealer Agreement contained the language quoted in
Paragraph 14 of the Complaint, but DENIES the remaining allegations to the extent they

amount to legal conclusions (or a characterization of the language of the Dealer Agreement).

**C.    Advance Payment Agreement ("APA" or "Advance Payment Agreement")**

15.    Pestano ADMITS the allegations of Paragraph 15 of the Complaint.

16.    Pestano DENIES that the Advance Payment Agreement memorialized the terms solely proposed by Pestano, but ADMITS the remaining allegations of Paragraph 16 of the Complaint.

**D.    The Dealer Principal Personal Guaranty ("Guaranty")**

17.    Pestano ADMITS that she signed the Guaranty, a true and correct copy of which is attached to the Complaint as Exhibit D, but DENIES that she signed the document "in order to induce [AT&T] to make the Advance to Viva under the APA".

18.    Pestano ADMITS that the Guaranty contained the language quoted in Paragraph 18 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions (or a characterization of the language of the Guaranty).

19.    Pestano ADMITS that the Guaranty contained the language quoted in Paragraph 19 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions (or a characterization of the language of the Guaranty).

20.    Pestano ADMITS that the Guaranty contained the language quoted in Paragraph 20 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions (or a characterization of the language of the Guaranty).

21.    Pestano ADMITS that the Guaranty contained the language quoted in Paragraph 21 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions (or a characterization of the language of the Guaranty).

22.    Pestano ADMITS that the Guaranty contained the language quoted in Paragraph 22 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions (or a characterization of the language of the Guaranty).

23.    Pestano ADMITS that the Guaranty contained the language quoted in Paragraph 23 of the

Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions (or a characterization of the language of the Guaranty).

24.    Pestano admits that AT&T has engaged Kohut & Kohut LLP to prosecute this action, but DENIES the remaining allegations in Paragraph 24 of the Complaint.

**E.    Viva's Alleged Breach of the Dealer Agreement**

25.    Pestano DENIES the legal conclusion that the letter attached as Exhibit E terminated the Dealer Agreement, but ADMITS the allegations of Paragraph 25 of the Complaint and admits that Viva sent the notice attached as Exhibit E to AT&T.

26.    Pestano ADMITS that Viva failed to provide AT&T 90 days advance written notice of closure of Viva's retail locations but DENIES the remaining allegations of Paragraph 26 of the Complaint, which amount to legal conclusions.

27.    Pestano is without knowledge and information sufficient to admit or deny the allegations of Paragraph 27 of the Complaint, and on this basis DENIES those allegations

28.    Pestano admits that Viva disposed of certain AT&T equipment in its possession upon ceasing operations, but DENIES the remaining allegations of Paragraph 28 of the Complaint, which state a legal conclusion and additionally, on the basis that Pestano lacks knowledge regarding the geographic area into which the equipment was sold.

29.    Pestano DENIES the allegations of Paragraph 29 which amount to legal conclusions, and is without knowledge and information sufficient to admit or deny the remaining allegations of Paragraph 29 of the Complaint (e.g., the amount of "chargebacks"), and on this basis DENIES those allegations.

30.    Pestano ADMITS that the Dealer Agreement contained the language quoted in Paragraph 30, and that Viva did not return to AT&T documents provided by AT&T throughout the course of the relationship, including those which contained Confidential Information, but DENIES the remaining allegations of Paragraph 30 of the Complaint, which state a legal conclusion.

//

**F.    Viva's Alleged Breach of the APA and Pestano's Alleged Breach of the Guaranty**

31.    On information and belief Pestano DENIES that there remains $130,000.00 outstanding under the APA, and on this basis DENIES the allegations of Paragraph 31 of the Complaint.

32.    Pestano ADMITS the allegations of Paragraph 32 of the Complaint.

33.    Pestano ADMITS the allegations of Paragraph 33 of the Complaint.

34.    Pestano ADMITS the allegations of Paragraph 34 of the Complaint.

35.    Pestano DENIES the allegations of Paragraph 35 of the Complaint.

### FIRST CAUSE OF ACTION

36.    Pestano repeats and realleges her responses to Paragraphs 1 through 35, inclusive.

37.    Pestano ADMITS that she signed the Guaranty, but DENIES the remaining allegations of Paragraph 37 of the Complaint.

38.    Pestano ADMITS that the Guaranty contained the language quoted in Paragraph 38 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions (or characterizations of the language contained in the Guaranty).

39.    Pestano ADMITS that AT&T "advanced the sum specified in the APA to Viva," but DENIES the remaining allegations of Paragraph 39 of the Complaint.

40.    Pestano ADMITS that AT&T complied with its obligation to extend funds under the APA, but DENIES that AT&T "has fully and faithfully performed all terms, conditions, covenants and promises on its part to be performed in accordance with the APA and Guaranty," to the extent this statement constitutes a legal conclusion.

41.    Pestano DENIES the allegations of Paragraph 41 of the Complaint to the extent they constitute legal conclusions.  Pestano lacks knowledge and information sufficient to form a belief regarding the amount of monetary damages which AT&T may have suffered as a result of Pestano's alleged breaches of the Guaranty.

### SECOND CAUSE OF ACTION

42.    Pestano repeats and realleges her responses to Paragraphs 1 through 35, inclusive.

43.    Pestano ADMITS that she signed the Guaranty, but DENIES the remaining allegations of Paragraph 43 of the Complaint.

44.    Pestano ADMITS that AT&T "advanced the sum specified in the APA to Viva," but DENIES the remaining allegations of Paragraph 44 of the Complaint.

45.    Pestano ADMITS that AT&T complied with its obligation to extend funds under the APA, but DENIES that AT&T "fully and faithfully performed all conditions precedent on its part to be performed in accordance with the Guaranty and APA," to the extent this statement constitutes a legal conclusion.

46.    Pestano DENIES the allegations of Paragraph 46 of the Complaint to the extent they constitute legal conclusions. Pestano lacks knowledge and information sufficient to form a belief regarding the amount of monetary damages which AT&T may have suffered as a result of Pestano's and Viva's alleged breaches of the Guaranty and the APA, respectively.

47.    Pestano DENIES the allegations of Paragraph 47 of the Complaint to the extent they constitute legal conclusions. Pestano lacks knowledge and information sufficient to form a belief regarding the amount of monetary damages which AT&T may have suffered as a result of Pestano's alleged breaches of the Guaranty.

**THIRD CAUSE OF ACTION**

48.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

49.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

50.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

51.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

52.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a

response by Pestano.

53.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

54.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

55.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

### FOURTH CAUSE OF ACTION

56.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

57.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

58.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

59.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

60.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

61.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

62.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

63.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

64.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

65.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a

response by Pestano.

66.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

67.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

68.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

69.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

70.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

71.    This Cause of Action is directed to Viva and not Pestano and therefore does not call for a response by Pestano.

## FIFTH CAUSE OF ACTION

72.    Pestano repeats and realleges her responses to Paragraphs 1 through 35, inclusive.

73.    Pestano is without knowledge and information sufficient to form a belief regarding the allegations of Paragraph 73 of the Complaint, and on this basis DENIES these allegations.

74.    Pestano ADMITS the allegations of Paragraph 74 of the Complaint.

75.    Pestano ADMITS that Viva has not tendered any payment of funds to AT&T following receipt of the July 19, 2007 letter, but DENIES the remaining allegations of Paragraph 75 of the Complaint.

## AT&T'S PRAYER FOR RELIEF

Pestano DENIES that AT&T is entitled to any of the relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

1.    AT&T's claims are barred by offset of amounts due to Viva, including under the SMF Release and the Dealer Agreement.

2.  AT&T failed to take reasonable measures to mitigate its damages.

3.  The Fifth Cause of Action fails to state a claim against Pestano in her individual capacity.

4.  AT&T is barred by reason of its inequitable conduct and lack of good faith from enforcing the APA and the Guaranty.

5.  The Complaint fails to state a claim upon which relief may be granted.

## RELIEF REQUESTED BY PESTANO

WHEREAS, Pestano requests the following relief:

1.  Judgment against AT&T on all of AT&T's claims;

2.  Attorney's fees, to the extent available under the Dealer Agreement, the APA and the personal guaranty, under California's Civil Code 1717, and any other statute or law which provides for such fees;

3.  A jury trial on all claims with respect to which a jury trial is available; and

4.  Such other relief as may be appropriate based on the evidence put forth by Pestano.

DATED this 25th day of April, 2008.

Venkat Balasubramani, Bar No. 189192
Balasubramani Law
8426 40th Ave SW
Seattle, WA 98136
(206) 529-4827 / (206) 260-3966 Fax
venkat@balasubramani.com
for CAROLYN PESTANO

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 25th day of April, 2008 the undersigned caused the foregoing **AMENDED ANSWER OF CAROLYN PESTANO** to be filed via the Court's electronic filing (cm/ecf) system, which will provide notice to counsel for Plaintiff (a copy was sent via email):

> Ronald J. Kohut
> Sarah Kohut
> Kohut & Kohut LLP
> 3554 Round Barn Blvd., Suite 204
> Santa Rosa, CA 95403

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on April 25, 2008, at Seattle, Washington.

_____
Venkat Balasubramani, Cal. Bar No. 189192

No. C07-05463 WHA – ANSWER OF CAROLYN PESTANO TO FIRST AMENDED COMPLAINT - 10