Venkat Balasubramani
(State Bar No. 189192)
BALASUBRAMANI LAW
8426 40th Ave. SW
Seattle, Washington 98136
(206) 529-4827 phone
(206) 260-3966 fax
venkat@balasubramani.com
Attorney for Viva Wireless, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AT&T MOBILITY II, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLYN PESTANO, an individual; and VIVA WIRELESS, INC., a California corporation,<br><br>Defendants. | No. C07-05463 WHA<br><br>**ANSWER OF VIVA WIRELESS, INC.**<br><br>**JURY TRIAL DEMANDED** |

Viva Wireless, Inc. ("**Viva**") Answers the First Amended Complaint (the "**Complaint**") of AT&T Mobility II, LLC as follows:

### ANSWER

**A.     The Parties; Jurisdiction; Venue**

1.     Viva ADMITS the allegations of Paragraph 1 of the Complaint.

2.     Viva ADMITS the allegations of Paragraph 2 of the Complaint.

3.     Viva ADMITS the allegations of Paragraph 3 of the Complaint.

4.     Viva DENIES that Carolyn Pestano was the sole shareholder of Viva but ADMITS the remaining allegations of Paragraph 4 of the Complaint.

No. C07-05463 WHA – ANSWER OF VIVA WIRELESS, INC. - 1

5.  Viva DENIES the allegations of Paragraph 5 of the Complaint, and DENIES that Pestano acted in her own individual capacity with respect to any of the actions alleged in the Complaint (except for entering into the Dealer Principal Personal Guaranty) or that Viva was an agent for Pestano.

6.  Viva ADMITS the allegations of Paragraph 6 of the Complaint.

7.  Viva ADMITS the allegations of Paragraph 7 of the Complaint.

**B.   The Dealer Agreement**

8.  Viva ADMITS the allegations of Paragraph 8 of the Complaint.

9.  Viva ADMITS the allegations of Paragraph 9 of the Complaint.

10. The Allegations of Paragraph 10 of the Complaint amount to legal conclusions (or a characterization of the language of the Dealer Agreement) to which no answer is required.

11. The Allegations of Paragraph 11 of the Complaint amount to legal conclusions (or a characterization of the language of the Dealer Agreement) to which no answer is required.

12. Viva ADMITS that the Dealer Agreement contained the language quoted in Paragraph 12 of the Complaint and required advance written notice in the event Viva wanted to "terminate, transfer, sell, or otherwise dispose of its leasehold interest in an Approved Retail Location," but DENIES the remaining allegations to the extent they amount to legal conclusions (or a characterization of the language of the Dealer Agreement).

13. Viva ADMITS that the Dealer Agreement contained the language quoted in Paragraph 13 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions.

14. Viva ADMITS that the Dealer Agreement contained the language quoted in Paragraph 14 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions (or a characterization of the language of the Dealer Agreement).

**C.   Advance Payment Agreement ("APA" or "Advance Payment Agreement")**

15. Viva ADMITS the allegations of Paragraph 15 of the Complaint.

16. Viva DENIES that the Advance Payment Agreement memorialized the terms solely

proposed by Pestano, but ADMITS the remaining allegations of Paragraph 16 of the Complaint.

**D.    The Dealer Principal Personal Guaranty**

17.    Viva ADMITS that Pestano signed the Dealer Principal Personal Guaranty, a true and correct copy of which is attached to the Complaint as Exhibit D, but DENIES that she signed the document "in order to induce [AT&T] to make the Advance to Viva under the APA".

18.    Viva ADMITS that the Guaranty contained the language quoted in Paragraph 18 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions.

19.    Viva ADMITS that the Guaranty contained the language quoted in Paragraph 19 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions.

20.    Viva ADMITS that the Guaranty contained the language quoted in Paragraph 20 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions.

21.    Viva ADMITS that the Guaranty contained the language quoted in Paragraph 21 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions.

22.    Viva ADMITS that the Guaranty contained the language quoted in Paragraph 22 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions.

23.    Viva ADMITS that the Guaranty contained the language quoted in Paragraph 23 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions.

24.    Viva admits that AT&T has engaged Kohut & Kohut LLP to prosecute this action, but DENIES the remaining allegations in Paragraph 24 of the Complaint.

E.  **Viva's Alleged Breach of the Dealer Agreement**

25. Viva DENIES the legal conclusion that the letter attached as Exhibit E terminated the Dealer Agreement, but ADMITS the allegations of Paragraph 25 of the Complaint and admits that Viva sent the notice attached as Exhibit E to AT&T.

26. Viva ADMITS that it failed to provide AT&T 90 days advance written notice of closure of Viva's retail locations but DENIES the remaining allegations of Paragraph 26 of the Complaint which amount to legal conclusions.

27. Viva is without knowledge and information sufficient to admit or deny the allegations of Paragraph 27 of the Complaint, and on this basis DENIES those allegations.

28. Viva admits that it disposed of the equipment in its possession upon ceasing operations but DENIES the remaining allegations of Paragraph 28, which states a legal conclusion, and on the basis that Viva lacks knowledge regarding the geographic location into which the equipment was sold.

29. The allegations of Paragraph 29 which characterize Viva's obligations under the Dealer Agreement (i.e., that Viva is responsible for the amount of Chargebacks that occur within 180 days of termination of the Dealer Agreement) amount to legal conclusions to which no answer is required. With respect to the remaining allegations, Viva is without knowledge and information sufficient to admit or deny the allegations of Paragraph 29 of the Complaint, and on this basis DENIES those allegations

30. Viva admits that it did not return to AT&T documents provided by AT&T throughout the course of the relationship, including those which contained Confidential Information, but DENIES the remaining allegations of Paragraph 30 of the Complaint, which state a legal conclusion.

F.  **Viva's Alleged Breach of the APA and Pestano's Alleged Breach of the Guaranty**

31. On information and belief Viva DENIES that there remains $130,000.00 outstanding under the APA, and on this basis DENIES the allegations of Paragraph 31 of the Complaint.

31. Viva ADMITS the allegations of Paragraph 31 of the Complaint.
32. Viva ADMITS the allegations of Paragraph 32 of the Complaint.
33. Viva ADMITS the allegations of Paragraph 33 of the Complaint.
34. Viva ADMITS the allegations of Paragraph 34 of the Complaint.
35. Viva DENIES the allegations of Paragraph 35 of the Complaint.

## FIRST CAUSE OF ACTION

36. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.
37. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.
38. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.
39. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.
40. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.
41. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.

## SECOND CAUSE OF ACTION

42. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.
43. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.
44. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.
45. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.

46. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.

47. This Cause of Action is directed to Pestano and not Viva and therefore does not call for a response by Viva.

### THIRD CAUSE OF ACTION

48. Viva repeats and realleges its responses to Paragraphs 1 through 35, inclusive.

49. Viva DENIES the allegations of Paragraph 49 of the Complaint which state a legal conclusion (or characterizes the language of the APA).

50. Viva ADMITS that it promised to use the monies advanced by AT&T to build out 4 new locations and renovate 2 existing locations but DENIES the remaining allegations of Paragraph 50 of the Complaint.

51. Viva ADMITS that AT&T advanced $250,000.00 to Viva pursuant to the APA but DENIES the remaining allegations of Paragraph 51 of the Complaint.

52. Viva ADMITS that AT&T complied with its obligation to extend funds under the APA, but DENIES that AT&T "fully and faithfully performed all conditions precedent on its part to be performed in accordance with the APA," to the extent this statement constitutes a legal conclusion.

53. Viva DENIES the allegations of Paragraph 53 of the Complaint.  Viva admits that it did not complete all of the expansion contemplated in the APA, but DENIES that it used the funds advanced by AT&T for any other purpose.

54. Paragraph 54 of the Complaint constitutes a legal conclusion to which no answer is required.

55. Viva is without information and knowledge sufficient to form a belief regarding the extent of damages suffered by AT&T as a result of Viva's alleged breaches of the APA.  Viva additionally DENIES the allegations of Paragraph 55 of the Complaint to the extent they constitute legal conclusions.

//

## FOURTH CAUSE OF ACTION

56. Viva repeats and realleges its responses to Paragraphs 1 through 35, inclusive.

57. Viva ADMITS the allegations of Paragraph 57 of the Complaint.

58. Viva ADMITS the allegations of Paragraph 58 of the Complaint.

59. Viva ADMITS the allegations of Paragraph 59 of the Complaint.

60. The Allegations of Paragraph 60 amount to legal conclusions (or characterizations of language in the Dealer Agreement) for which no answer is required.

61. The Allegations of Paragraph 61 amount to legal conclusions (or characterizations of language in the Dealer Agreement) for which no answer is required.

62. Viva ADMITS that the Dealer Agreement contained the language quoted in Paragraph 62 of the Complaint and required advance written notice in the event Viva wanted to "terminate, transfer, sell, or otherwise dispose of its leasehold interest in an Approved Retail Location," but DENIES the remaining allegations to the extent they amount to legal conclusions (or a characterization of the language of the Dealer Agreement).

63. Viva ADMITS that the Dealer Agreement contained the language quoted in Paragraph 63 of the Complaint, but DENIES the remaining allegations to the extent they amount to legal conclusions (or characterizations of the language in the Dealer Agreement).

64. Viva ADMITS that AT&T made equipment available to Viva on credit and advanced to Viva commission payments but DENIES the allegations of Paragraph 64 of the Complaint.

65. On information and belief, Viva DENIES the allegations of Paragraph 65 of the Complaint to the extent they constitute legal conclusions that AT&T has "fully and faithfully performed all conditions precedent on its part to be performed in accordance with the Dealer Agreement."

66. Viva DENIES the allegations of Paragraph 66 of the Complaint to the extent they amount to legal conclusions.

67. Viva DENIES the allegations of Paragraph 67 of the Complaint to the extent they amount

to legal conclusions.

68. Viva ADMITS that it disposed of AT&T equipment in its possession upon cessation of its business, but DENIES the remaining allegations of Paragraph 55 of the Complaint to the extent they amount to legal conclusions and additionally, on the basis that Viva lacks knowledge regarding the geographic area into which the equipment was sold.

69. Viva ADMITS that it did not provide 90 days advance written notice to AT&T prior to closing its retail locations, but DENIES the remaining allegations of Paragraph 69 of the Complaint to the extent they amount to legal conclusions.

70. Viva admits that it has not returned documents or records to Viva following termination of the relationship, but DENIES the remaining allegations of Paragraph 70 of the Complaint to the extent they amount to legal conclusions.

71. Viva lacks information and knowledge sufficient to form a belief regarding the extent to which AT&T has been damaged as a result of Viva's alleged breaches of the Dealer Agreement and on this basis DENIES the allegations of Paragraph 71 of the Complaint. Viva also DENIES the allegations of Paragraph 71 of the Complaint to the extent they constitute legal conclusions.

**FIFTH CAUSE OF ACTION**

72. Viva repeats and realleges its responses to Paragraphs 1 through 35, inclusive.

73. Viva admits that it obtained equipment from AT&T on credit but with respect to the remaining allegations (i.e., the extent to which Viva is indebted to AT&T for unpaid equipment) Viva is without knowledge and information sufficient to form a belief regarding the allegations of Paragraph 73 of the Complaint, and on this basis DENIES the allegations of Paragraph 73 of the Complaint.

74. Viva ADMITS the allegations of Paragraph 74 of the Complaint.

75. Viva admits that it has not tendered any payment of funds to AT&T following receipt of the July 19, 2007 letter but DENIES the allegations of Paragraph 75 of the Complaint.

//

**PRAYER FOR RELIEF**

Viva DENIES that AT&T is entitled to any of the relief sought in the Complaint.

**AFFIRMATIVE DEFENSES**

1. AT&T's claims are barred by offset of amounts due to Viva, including under the SMF Release and the dealer agreements in place between AT&T and Viva.
2. AT&T failed to take reasonable measures to mitigate its damages.
3. AT&T is barred by reason of its inequitable conduct and lack of good faith from enforcing the APA and the Guaranty.
4. Viva's failure to return documents containing AT&T's Confidential Information was a result of and excused by AT&T's conduct in not providing Viva full and accurate records, including those regarding the amounts owed by AT&T to Viva and amounts owed by Viva to AT&T.
5. Viva's actions are excused by the force majeure clause in the Dealer Agreement (section 12.3).
6. Section 3.2 of the Dealer Agreement contains an unenforceable penalty clause.

**RELIEF REQUESTED BY VIVA**

WHEREAS, Viva requests the Court award it the following relief:

1. Judgment against AT&T on all of AT&T's claims;
2. Attorney's fees under the Dealer Agreement, the APA and the personal guaranty, under California's Civil Code 1717, and any other statute or law which provides for such fees;
3. A jury trial on all claims with respect to which a jury trial is available; and
4. Such other relief as may be appropriate based on the evidence put forth by Viva.

DATED this 26th day of April, 2008.

_____
Venkat Balasubramani, Bar No. 189192
Balasubramani Law / venkat@balasubramani.com
8426 40th Ave SW
Seattle, WA 98136
(206) 529-4827 / (206) 260-3966 Fax
for VIVA WIRELESS, INC.

No. C07-05463 WHA – ANSWER OF VIVA WIRELESS, INC. - 9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 26th day of April, 2008 the undersigned caused the foregoing **ANSWER OF VIVA WIRELESS, INC.** to be filed via the Court's electronic filing (cm/ecf) system, which will provide notice to counsel for Plaintiff (a copy was sent via email):

Ronald J. Kohut
Sarah Kohut
Kohut & Kohut LLP
3554 Round Barn Blvd., Suite 204
Santa Rosa, CA 95403

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration was executed on April 25, 2008, at Seattle, Washington.

_____
Venkat Balasubramani, Cal. Bar No. 189192